UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

| Appeal Number | 23-1286 |
|---|---|
| Case Name | Werfel, et al. v. Palestine Liberation Organization, et al. |
| Party or Parties Filing Notice of Appeal Or Petition | All plaintiffs below - see **Appendix 1** for list of names. |
| Appellee(s) or Respondent(s) | THE PALESTINE LIBERATION ORGANIZATION; THE PALESTINIAN AUTHORITY; and RIYAD MANSOUR, as the representative of The Palestine Liberation Organization and The Palestinian Authority |
| List all prior or related appeals in this court with appropriate citation(s). | N/A |

**I.     JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

**A.     APPEAL FROM DISTRICT COURT**

**1.**  Date final judgment or order to be reviewed was **entered** on the district court docket: August 23, 2023.

**2.**  Date notice of appeal was **filed**: September 13, 2023.

**3.**  State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority): 60 days Rule 4(a)(1)(B)(i).

   **a.**  Was the United States or an officer or an agency of the United States a party below? Yes

   **b.**  Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing

the notice of appeal: No

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

   N/A

   b. Has an order been entered by the district court disposing of any such motion, and, if so, when?

   N/A

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. Yes

   **(If your answer to Question 5 is no, please answer the following questions in this section.)**

   a. If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. ' 1292(a)?

   c. If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable?

6. Cross Appeals.

   a. If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

   N/A

   b. If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals).

B. **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

    1.    Date of the order to be reviewed: _____

    2.    Date petition for review was filed: _____

    3.    Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: _____

    4.    Specify the time limit for filing the petition (cite specific statutory section or other authority): _____

C. **APPEAL OF TAX COURT DECISION**

    1.    Date of entry of decision appealed: _____

    2.    Date notice of appeal was filed: _____
         (If notice was filed by mail, attach proof of postmark.)

    3.    State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

    4.    Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) _____

II. **ADDITIONAL INFORMATION IN CRIMINAL APPEALS**.

    A.    Does this appeal involve review under 18 U.S.C. ' 3742(a) or (b) of the sentence imposed? _____

    B.    If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

    C.    Describe the sentence imposed. _____
_____

    D.    Was the sentence imposed after a plea of guilty? _____

    E.    If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges?_____

    F.    Is the defendant on probation or at liberty pending appeal? _____

    G.    If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed?_____

    **NOTE**:    In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

### III. GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.

This is a civil action under the Antiterrorism Act ("ATA"), 18 U.S.C. § 2331, *et seq.*, and supplemental causes of action, arising from a terrorist attack carried out on November 18, 2014, during morning prayers in a synagogue in Jerusalem, Israel ("Attack"). The plaintiffs are the personal representatives of the estates of three U.S citizens and two non-citizens who were murdered in the Attack; other U.S. citizens who were present at the scene of the Attack and suffered serious physical, emotional, and/or other injuries as a result of the Attack; and family members of the murdered and injured victims, each of whom has suffered serious emotional or other injuries as a result of the Attack.

The Attack was executed by a constituent faction of defendant The Palestine Liberation Organization ("PLO") known as the Popular Front for the Liberation of Palestine ("PFLP"). Defendant PLO and defendant Palestinian Authority ("PA") aided and abetted and conspired with the PFLP to carry out the Attack, and took other actions that facilitated, enabled, and caused the Attack.

The plaintiffs asserted several bases for the district court's exercise of personal jurisdiction over the defendants. First, the plaintiffs asserted that, as a foreign political entity (the PLO) and a foreign government (the "PA"), neither defendant is a "person" within the meaning of the Due Process clause, and, therefore, cannot assert a Due Process challenge to the exercise of personal jurisdiction over them.

Alternatively, the plaintiffs asserted that even if the defendants are entitled to Due Process protections, the court could properly exercise jurisdiction over them because (a) the claims relate to the defendants' contacts with the United States; (b) separately, the defendants consented to jurisdiction in accordance with the Promoting Security and Justice for Victims of Terrorism Act of 2019 ("PSJVTA"), Pub. L. No. 116-94, div. J, tit. IX, § 903, 133 Stat. 3082 (codified at 18 U.S.C. § 2334(e)) by engaging in activities described in § 2334(e)(1) after the PSJVTA's trigger dates; and (c) separately, both the PLO and the PA are unincorporated associations , and each is therefore subject to personal jurisdiction pursuant to Fed. R. Civ. P. 23.2 because a senior member of both associations, Riyad Mansour, was named as a representative defendant and was properly served in the United States, where he has resided and been domiciled in the United States for many years.

The defendants moved to dismiss the plaintiffs' First Amended Complaint ("FAC") pursuant to Fed. R. Civ. P. 12(b)(2) and (b)(6) for lack of personal jurisdiction and for failure to state a claim. The district court granted the defendants' motion to dismiss the FAC finding that it lacked personal jurisdiction over the defendants. The district court also dismissed the supplemental causes of action, after

declining to exercise supplemental jurisdiction over those claims given the dismissal of the federal ATA claims for lack of personal jurisdiction.

IV. **IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

A. Whether reversal is required as to either or both defendants because as a foreign political entity (the PLO) and a foreign government (the "PA"), the defendants are not "persons" within the meaning of the Due Process clause, and therefore cannot assert a Due Process challenge to the exercise of personal jurisdiction over them.

B. Whether reversal is required because the district court erred in its personal jurisdiction-due process analysis by considering only the defendants' contacts and those of their Fed. R. Civ. P. 23.2 representative, Riyad Mansour, with the State of Colorado when the proper "forum" for this analysis is the entire United States.

C. Whether reversal is required because the district court erred in failing to uphold personal jurisdiction notwithstanding that the plaintiffs' claims relate to the defendants' contacts with the United States.

D. Whether reversal is required because the district court erred in declaring unconstitutional the Promoting Security and Justice for Victims of Terrorism Act of 2019 ("PSJVTA"), Pub. L. No. 116-94, div. J, tit. IX, § 903, 133 Stat. 3082 (codified at 18 U.S.C. § 2334(e)).

E. Whether reversal is required because the defendants consented to jurisdiction in accordance with the PSJVTA by engaging in activities described in § 2334(e)(1) (including making "Pay-for-Slay" payments to family members of the perpetrators of the Attack in this case, maintaining offices in the United States that were not used exclusively for United Nations business, and engaging in other activities within the United States) after the PSJVTA's trigger dates.

F. Whether reversal is required because the district court erred in holding that, as a non-sovereign government and foreign agent, respectively, the PA and PLO are, as a matter of law, not subject to suit under Fed. R. Civ. P. 23.2.

G. Whether reversal is required because the district court failed to analyze whether either or both defendants are subject to personal jurisdiction under Fed. R. Civ. P. 23.2 because a senior member of both associations, Riyad

      Mansour, was named as a representative defendant, was properly served in the United States, and is otherwise subject to personal jurisdiction herein.

H. Whether reversal is required as to the district court's dismissal of the non-federal claims that were brought under 28 U.S.C. § 1367(c).

**V.**    **ATTORNEY FILING DOCKETING STATEMENT:**

Name: <u>Daniel K. Calisher</u>                      Telephone: <u>303-333-9810</u>

Firm: <u>Foster Graham Milstein & Calisher LLP</u>

Email Address: <u>calisher@fostergraham.com</u>

Address: <u>360 S. Garfield Street, 6th Floor, Denver, CO 80209</u>

<u>/s/ *Daniel K. Calisher*</u>                      <u>September 28, 2023</u>

Signature                                                       Date

# APPENDIX 1 TO DOCKETING STATEMENT

**Party or Parties Filing Notice of Appeal**

Chaya Werfel, as personal representative of the Estate of Joseph Werfel,
Estate of Joesph Werfel,
Saul Goldstein, individually and as parent and natural guardian of EG, ADG, NG, and BG, minors,
Miriam Goldstein. individually and as parent and natural guardian of EG, ADG, NG, and BG, minors,
Malka Goldstein,
Moshe Gedaliah Goldstein,
Sarah Rivkah Goldstein,
Mordechai Goldstein,
Basya Yehudis Goldstein,
EG,
ADG,
NG,
BG,
Norman Isaac Heching,
Yakova Kupinsky, individually and as personal representative of the Estate of Aryeh Kupinsky, and as parent and natural guardian of MK and YK, minors,
Estate of Rabbi Aryeh Kupinsky,
Eliyahu Kupinsky,
Yitzchak Kupinsky,
Devorah Kupinsky,
MK,
YK,
Haya Malca Levine, individually and as personal representative of the Estate of Kalman (Cary) Levine, and as parent and natural guardian of YYL,
Estate of Kalman (Cary) Levine,
Michal Leah Levine, individually and as parent and natural guardian of minor HYA
HYA
Bassheva Miriam Pelcovits, individually and as parent and natural guardian of minors LYP, YMP, NBP, and YCP
LYP,
YMP,
NBP,
YCP,

Yitzchok Meir Levine,
Yerachmiel Levine,
Moshe Levine,
Avraham Levine,
Aharon Levine,
Chana Levine,
YYL,
Stefanie Levine Breslauer,
Shelley Levine,
Avraham Nefoussi,
Akiva Pollack,
David Samuel Salis, individually and as parent and natural guardian of EYS,
Dana Lee Salis, individually and as parent and natural guardian of EYS,
EYS,
Bashy Miriam Twersky, individually and as personal representative of Estate of Rabbi Moshe Twersky,
Meshulem Twersky, individually and as personal representative of Estate of Rabbi Moshe Twersky, and as parent and natural guardian of minors R.T.(1), C.T., E.T.(1), Y.T., M.T., E.T.(2), and S.T
Estate of Rabbi Moshe Twersky,
R.T.(1),
C.T.,
E.T.(1),
Y.T.,
M.T.,
E.T.(2),
S.T,
Refael Twersky, individually and as parent and natural guardian of minors A.T., I.T., and R.T.(2),
A.T.,
I.T.,
R.T.(2)
Nechama Charlap,
Rivka Walder, individually and as parent and natural guardian of minors Y.A.W., I.W. and Y.W.,
Y.A.W.,
I.W.,
Y.W.,
Avraham Twersky,

Rinal Saif, individually and as personal representative of Estate of Zidan Saif and as parent and natural guardian of L.S., minor,
Estate of Zidan Saif,
Julia Saif,
Nuhad Saif,
L.S.,
Briana Hazel Goldberg, individually and as personal representative of the Estate of Rabbi Avraham Samuel Goldberg,
Estate of Rabbi Avraham Samuel Goldberg,
Deborah (Goldberg) Hammond,
Rivka Goldberg Sireling,
Hadassa Treuhaft,
Libby Goldberg,
Adrian Goldberg,
Elisheva Goldberg

## CERTIFICATE OF SERVICE

I, <u>Daniel K. Calisher</u>, hereby certify that on <u>September 28, 2023</u>, I served a copy of the foregoing **Docketing Statement**, via electronic mail to the following:

Gassan A. Baloul
Gassan.baloul@squirepb.com

Mitchell R. Berger
Mitchell.berger@squirepb.com

Zachary A. Avallone
Zachary.a.avallone@usdoj.gov

*s/ Daniel K. Calisher*
Signature

September 28, 2023
Date


Daniel K. Calisher
316 S. Garfield St., 6th Floor
Denver, CO 80209
calisher@fostergraham.com
(303)333-9810
Attorney for Appellants
