# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| CHAYA WERFEL, as personal representative of the Estate of Joseph Werfel, et al., <br><br>Plaintiffs-Appellants, <br><br>v. <br><br>THE PALESTINE LIBERATION ORGANIZATION, et al., <br><br>Defendants-Appellees <br><br>------------------------- <br><br>UNITED STATES OF AMERICA, <br><br>Intervenor. | Case No. 23-1286 |
| CHAYA WERFEL, et al., <br><br>Plaintiffs, <br><br>v. <br><br>THE PALESTINE LIBERATION ORGANIZATION, et al. <br><br>Defendants-Appellees. <br><br>------------------------- <br><br>UNITED STATES OF AMERICA, <br><br>Intervenor-Appellant. | Case No. 23-1335 |

| | |
|---|---|
| CHAYA WERFEL, as personal representative of the Estate of Joseph Werfel, et al.,<br><br>Appellants<br><br>v.<br><br>PALESTINE LIBERATION ORGANIZATION, et al.,<br><br>Appellees | Case Nos. 23-1286, 23-1335 |

**CONSENT MOTION FOR ADDITIONAL TIME FOR ORAL ARGUMENT**

In accordance with Fed. R. App. P. 27 and 34 and Tenth Circuit Rules 27 and 34.1, the appellants in Case No. 23-1286 ("Appellants") move, with the consent of the United States (the appellant in Case No. 23-1335) and the appellees, for an order allowing at least 25 minutes of argument time for each side, in the oral argument scheduled for November 19, 2024.

In support hereof, the Appellants state as follows:

1.  The appeals in case numbers 23-1286 and 23-1335 are both from a judgment of dismissal entered by the United States District Court for the District of Colorado in *Levine, et al. v. Palestine Liberation Organization, et al.*, 1:21-cv-03043-GPG-STV (D. Colo.). *Levine* is a civil action under the Antiterrorism Act ("ATA"), 18 U.S.C. § 2331, *et seq.*, and supplemental causes of action, arising from a terrorist attack ("Attack") carried out on November 18, 2014.

2

2. Appellants, who include U.S. citizens who were injured, and the family members and personal representatives of the estates of U.S. citizens who were killed in the Attack, were the plaintiffs in *Levine*.

3. The Palestine Liberation Organization ("PLO") and the Palestinian Authority ("PA") ("Appellees") were the defendants in the case below and are appellees in both appeals.

4. Appellees moved to dismiss Appellants' First Amended Complaint ("FAC") pursuant to Fed. R. Civ. P. 12(b)(2) and (b)(6) for lack of personal jurisdiction and for failure to state a claim.

5. The Appellants asserted four separate bases for personal jurisdiction, one of which was the Promoting Security and Justice for Victims of Terrorism Act of 2019 ("PSJVTA"), Pub. L. No. 116-94, div. J, tit. IX, § 903, 133 Stat. 3082 (codified at 18 U.S.C. § 2334(e)). The PSJVTA provides that the Appellees herein "shall be deemed to have consented to personal jurisdiction" if they engage in the activities described in § 2334(e)(1) after the PSJVTA's trigger dates.

6. The Appellees argued that exercising jurisdiction over them would violate due process and that the PSJVTA is unconstitutional and does not establish valid personal jurisdiction under the Due Process Clause of the Fifth Amendment.

7. The Appellants argued in response that (a) the Appellees herein are not "persons" under the Due Process Clause, (b) the PSJVTA is constitutional and

provides for personal jurisdiction over the Appellees, (c) regardless of the PSJVTA, the district court could properly assert specific personal jurisdiction over the Appellees, and (d) personal jurisdiction is proper under Fed. R. Civ. P. 23.2.

8. The Government intervened to argue in support of the constitutionality of the PSJVTA. The Government took no position on the other asserted bases for personal jurisdiction or on the merits of the Appellants' claims.

9. Limiting its decision to the question of personal jurisdiction, the district court granted the Appellees' motion to dismiss. The district court held that the PSJVTA is unconstitutional and rejected the additional grounds offered by the Appellants in support of personal jurisdiction.

10. The Appellants and Government both appealed, and were assigned two different case numbers: Case No. 23-1286 and Case No. 23-1335.

11. The Appellants are challenging the district court's rulings on each of the four proffered grounds supporting personal jurisdiction.

12. The Government is challenging the district court's holding that the PSJVTA is unconstitutional.

13. On November 8, 2023, the Court entered an order consolidating the two appeals for procedural purposes of an appendix, submission to the Court, and oral argument.

4

14. The appeals are both fully briefed and the Court has scheduled oral argument for November 19, 2024 at 9:00 am.

15. Based upon the Court's published argument calendar, it appears that the two appeals are to be argued during the same argument time slot.

16. The Court's oral argument guidelines state, "[a]rgument time is limited to 15 minutes for the appellant and 15 minutes for the appellee." Circuit Rule 34.1 states, "[c]ases that have been consolidated for briefing purposes will be treated as one case for oral argument." These cases were consolidated for procedural purposes and not for briefing. However, they are scheduled together for oral argument.

17. It is unclear how much time is allowed between the separate appellants for their respective appeals.

18. It is also unclear how much total argument time is being allowed for each appeal.

19. Government counsel has informed the undersigned that it would like a significant amount of the time allotted to all the appellants, in order to address the constitutionality of the PSJVTA.

20. However, the Government does not intend to address the three other grounds for personal jurisdiction asserted by the Appellants, and Appellants' counsel will therefore need adequate argument time to address those additional grounds for exercise of personal jurisdiction.

21. In light of the above, the parties want to ensure sufficient time for oral argument to enable both the Government and the Appellants to adequately address the numerous and complex issues before the Court, and to allow the Appellees to respond thereto.

22. Appellants therefore respectfully request that the Court grant all the appellants a total of at least 25 minutes of argument time (to be divided between the Appellants and the Government), and grant the same amount of time to Appellees.

23. Counsel has conferred with the Government and counsel for the Appellees, all of whom consent to this motion.

Respectfully submitted,

By: *s/ Chip G. Schoneberger*
Chip G. Schoneberger
Daniel K. Calisher
Michael A. Rollin
FOSTER GRAHAM MILSTEIN & CALISHER, LLP
360 South Garfield Street, 6th Floor
Denver, CO 80209
Telephone: (303) 333-9810
cschoneberger@fostergraham.com
calisher@fostergraham.com
mrollin@fostergraham.com
*Counsel for Plaintiffs-Appellants*

By: s/ Asher Perlin
Asher Perlin, Esq.
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021

Telephone: (786) 687-0404
asher@asherperlin.com
*Counsel for Plaintiffs-Appellants*

## **CERTIFICATE OF DIGITAL SUBMISSION**

      Counsel certifies the ECF submission was scanned for viruses with Microsoft Defender Antivirus on October 28, 2024, and, according to the program, the motion is free of viruses.

      Dated: October 28, 2024.

                                        LAW OFFICE OF ASHER PERLIN

                                        By: s/ Asher Perlin
                                        Asher Perlin, Esq.
                                        4600 Sheridan Street, Suite 303
                                        Hollywood, Florida 33021
                                        Telephone: (786) 687-0404
                                        asher@asherperlin.com
                                        *Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 28 2024, I electronically filed the foregoing **CONSENT MOTION FOR ADDITIONAL TIME FOR ORAL ARGUMENT** with the Clerk of the Court using the *ECF* system which will serve a true and correct copy upon all counsel of record via *ECF*.

       s/ Asher Perlin
Asher Perlin, Esq.
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
Telephone: (786) 687-0404
asher@asherperlin.com
*Counsel for Plaintiffs-Appellants*