Nos. 23-1286, 23-1335

**IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**

CHAYA WERFEL, et al.,
Plaintiffs/Appellants

v.

THE PALESTINE LIBERATION ORGANIZATION, et al.,
Defendants/Appellees

---------------------

UNITED STATES OF AMERICA,
Intervenor.

---

CHAYA WERFEL, et al.,
Plaintiffs,

v.

THE PALESTINE LIBERATION ORGANIZATION, et al.,
Defendants/Appellees

---------------------

UNITED STATES OF AMERICA,
Intervenor/Appellant.

---

On Appeal from the United States District Court
for the District of Colorado
The Honorable Gordon P. Gallagher
D.C No. 21-cv-03043-GPG-STV

---

**APPELLANTS' RESPONSE TO
THE COURT'S ORDER TO SHOW CAUSE**

---

Daniel K. Calisher
Michael A. Rollin
Chip G. Schoneberger
FOSTER GRAHAM MILSTEIN
& CALISHER LLP
360 S. Garfield Street, 6th Floor
Denver, CO 80209
Telephone: (303) 333-9810
Emails: calisher@fostergraham.com
mrollin@fostergraham.com
cschoneberger@fostergraham.com

Asher Perlin
LAW OFFICE OF ASHER PERLIN
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
Telephone: (786) 687-0404
Email: asher@asherperlin.com

## Introduction

On December 11, 2024, this Court *sua sponte* entered an Order directing that "[n]o later than December 18, 2024, any party may show cause in writing why these appeals should not be abated pending the Supreme Court's issuance of a decision in *United States v. Palestine Liberation Organization, et al.*, No. 24-151; and *Miriam Fuld, et al. v. Palestine Liberation Organization, et al.*, No. 24-20." Order, Dec. 11, 2024.

The question before the Supreme Court in *United States v. Palestine Liberation Organization, et al.*, No. 24-151 and *Miriam Fuld, et al. v. Palestine Liberation Organization, et al.*, No. 24-20 (together referred to as "*Fuld*") is whether the Promoting Security and Justice for Victims of Terrorism Act ("PSJVTA") violates the Due Process Clause of the Fifth Amendment for purposes of exercising personal jurisdiction over the Defendants-Appellees ("Defendants") here.

In these appeals, Plaintiffs-Appellants ("Plaintiffs") assert that personal jurisdiction may be exercised over the Defendants under the PSJVTA, and also on the basis of three additional, separate and distinct arguments demonstrating that the dismissal for lack of personal jurisdiction must be reversed. A ruling in Plaintiffs' favor on any one of the four issues will require reversal of the decision below.

Accordingly, Plaintiffs respectfully request that the Court not abate these appeals unless it finds that personal jurisdiction over the Defendants does not lie under any of the alternative jurisdictional theories asserted by Plaintiffs.

### a. The Decision in *Fuld* May Not Resolve The PSJVTA Issue Here.

It is true that a decision in *Fuld* finding the PSJVTA constitutional would

necessarily dispose of these appeals in Plaintiffs' favor.

However, a decision in *Fuld* in favor of Defendants would not resolve the question of whether the PSJVTA is constitutional as applied in this case. That is because Plaintiffs have argued that the Due Process analysis tips even further in favor of the exercise of jurisdiction under the PSJVTA where, as in this case, the Defendants made "Pay-For-Slay" payments to the families of the specific terrorists who carried out the particular attack from which the action arose. *See* Appellants' Reply Brief at 15-16. This distinction from the facts of *Fuld* is significant because, as the 4 judges in *Fuld v. Palestine Liberation Organization*, 101 F.4th 190, 212-213 (2d Cir. 2024) that dissented from the denial of rehearing *en banc* reasoned, a consent statute conforms with due process if the defendant's actions were knowing and voluntary, and had a nexus with the forum. The dissent found the nexus requirement satisfied under the *Fuld* facts. As discussed above, the nexus to the forum alleged in this case is greater than that of *Fuld*.

This "enhanced nexus" argument was not raised by the plaintiffs in *Fuld* or by the Government, and so will not be addressed by the Supreme Court. Therefore, the decision in *Fuld* may not resolve these appeals <u>even in respect to the PSJVTA issue</u>.

### b. The Other Jurisdictional Arguments Are Viable and Ripe for Determination

Plaintiffs asserted in extensive detail that the court has specific personal jurisdiction over Defendants, because Defendants' District of Columbia office and U.S.-based staff carried out extensive political propaganda activities within the United States in the years leading up to the 2014 terrorist attack from which this case arises, which were "related to"

Defendants' policy and practice of using terrorism to achieve their political goals. Plaintiffs argued that because Defendants' U.S. propaganda activities <u>warning of further terrorism</u> if their demands were not met, and their <u>actual use of terrorism</u>, were mutually necessary, complementary and interdependent elements of their overall campaign of using and threatening terrorist violence to achieve their political goals, Plaintiffs' claim "relates to" Defendants' U.S. activities within the meaning of *Hood v. Am. Auto Care, LLC*, 21 F.4th 1216 (10th Cir. 2021) and *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351 (2021). *See* Appellants' Opening Brief at 29-38; Appellants' Reply Brief at 16-19.

If this Court finds that Plaintiffs' specific jurisdiction argument is valid, it can resolve this appeal now on common, garden-variety jurisdictional grounds, without ever needing to reach the issues presented by the PSJVTA. Such a decision will be unaffected by any ruling by the Supreme Court in *Fuld*.

Further, even if the Court rejects Plaintiffs' specific personal jurisdiction theory, the Court can resolve this appeal now on either or both of the other bases asserted by Plaintiffs.

Plaintiffs assert as a threshold matter that Defendants, one a governmental entity and the other a foreign political entity, are not "persons" within the meaning of the Due Process clause. *See* Appellants' Opening Brief at 11-21; Appellants' Reply Brief at 1-3. Plaintiffs cited extensive authorities and precedents holding that such entities are not "persons" under the Due Process clause. *Id*. In fact, *Shatsky v. Palestine Liberation Organization, et al.* 18-cv-12355, 2022 WL 826409 (S.D.N.Y. Mar. 18, 2022) opined that these Defendants due not qualify as "persons" for Due Process purposes. *Id*. at *5-6. The Court can dispose of this appeal now, if it agrees with *Shatsky*.

3

Finally, personal jurisdiction is proper under the class action mechanism of Fed. R. Civ. P. 23.2 because both Defendants are unincorporated associations, and the Plaintiffs properly served the Defendants' representative, Riyad Mansour, who is subject to the Court's general jurisdiction. As discussed in the briefs, under Rule 23.2, as in other class actions, a court obtains jurisdiction over a defendant class where it has personal jurisdiction over the class representative. *Calagaz v. Calhoon*, 309 F.2d 248, 253 (5th Cir. 1962); *Battle Fowler v. Brignoli*, 765 F. Supp. 1202, (S.D.N.Y. 1991). The overwhelming weight of authority supports the Plaintiffs' jurisdictional argument under Rule 23.2. See e.g. Reply Br. at 21-24.

## Conclusion

These appeals should not be abated unless the Court finds it cannot exercise personal jurisdiction over Defendants under any of the three additional jurisdictional bases asserted by Plaintiffs in addition to the PSJVTA.

By: *s/ Chip G. Schoneberger*
Chip G. Schoneberger
Daniel K. Calisher
Michael A. Rollin
FOSTER GRAHAM MILSTEIN & CALISHER, LLP
360 South Garfield Street, 6th Floor
Denver, CO 80209
Telephone: (303) 333-9810
cschoneberger@fostergraham.com
calisher@fostergraham.com
mrollin@fostergraham.com
*Counsel for Plaintiffs-Appellants*

By: *s/ Asher Perlin*
Asher Perlin, Esq.
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
Telephone: (786) 687-0404
asher@asherperlin.com
*Counsel for Plaintiffs-Appellants*

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

**Certificate of Compliance With Type-Volume Limit,
Typeface Requirements, and Type Style Requirements**

1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 974 words.
2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[X] this document has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 MSO version 2304 in 13 pt. Times New Roman, or
[ ] this document has been prepared in a monospaced typeface using <state name and version of word processing program> with <state number of characters per inch and name of type style>.

Date: December 18, 2024

*s/ Chip G. Schoneberger*
Chip G. Schoneberger
360 S. Garfield Street, 6th Floor
Denver, Colorado 80209
303-333-9810
cschoneberger@fostergraham.com

*Attorney for Appellants Chaya Werfel, et al.*

# CERTIFICATE OF SERVICE

I, Chip G. Schoneberger, attorney for appellants, hereby certify that on December 18, 2024, I served a copy of the foregoing **APPELLANTS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**, to counsel for appellees and counsel for Intervenor United States of America, via the court's electronic-filing CM/ECF system.

Date: December 18, 2024

      *s/ Chip G. Schoneberger*
Chip G. Schoneberger
360 S. Garfield Street, 6th Floor
Denver, Colorado 80209
303-333-9810
cschoneberger@fostergraham.com

*Attorney for Appellants Chaya Werfel, et al.*