

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
OFFICE OF THE CLERK**

Alfred A. Arraj
United States Courthouse
901 19th Street
Denver, Colorado 80294
www.cod.uscourts.gov

Jeffrey P. Colwell                                    Phone: (303) 844-3433
*Clerk*

Date: 9/14/2023

☐ Pro Se          ☒ Retained          ☐ CJA          ☐ FPD          USA or other
☐ Federal Agency
(Appeal Fee Exempt)

Case No: <u>21-cv-03043-GPG-STV</u>                ☐ Amended Notice of Appeal
☐ Other pending appeals
Date Filed: <u>September 13, 2023</u>               ☐ Transferred Successive
§2254 or §2255
Appellant: <u>Shelley Levine et al.</u>            ☐ Supplemental Record

Pro Se Appellant:
☐ IFP forms mailed/given       ☐ Motion IFP pending       ☐ Appeal fee paid
☐ IFP denied                   ☐ Appeal fee not paid

Retained Counsel:
☒ Appeal fee paid         ☐ Appeal fee not paid         ☐ Motion IFP filed

The Preliminary Record on Appeal is hereby transmitted to the Tenth Circuit Court of Appeals.  Please refer to the forms, procedures, and requirements for ordering transcripts, preparing docketing statements and briefs, and designations of the record that are found on the Tenth Circuit's website, www.ca10.uscourts.gov.

If not already completed, either an appeal fee payment for filing this case or filing of a motion to proceed *in forma pauperis* will be made to this District Court.

The transcript order form must be filed in the District Court as well as the Court of Appeals within 14 days after the notice of appeal was filed with the District Court.

If you have questions, please contact this office.

Sincerely,

JEFFREY P. COLWELL, CLERK

by:  s/<u>T. Vo</u>
Deputy Clerk

cc:     Clerk of the Court, Tenth Circuit Court of Appeals

Rev. 8/17/2017

ALLMTN,APPEAL,JD1,STAYED,TERMED

## U.S. District Court – District of Colorado
### District of Colorado (Denver)
### CIVIL DOCKET FOR CASE #: 1:21–cv–03043–GPG–STV

| | |
|---|---|
| Levine et al v. Palestine Liberation Organization, The, et al | Date Filed: 11/11/2021 |
| Assigned to: District Judge Gordon P Gallagher | Date Terminated: 08/23/2023 |
| Referred to: Magistrate Judge Scott T. Varholak | Jury Demand: Plaintiff |
| Cause: 18:2331 – Anti–Terrorism Act (Definitions) | Nature of Suit: 890 Other Statutory Actions |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Chaya Werfel**                    represented by    **Asher Perlin**
Asher Perlin, Attorney at Law
4600 Sheridan Street
Suite 303
Hollywood, FL 33021
786–687–0404
Email: asher@asherperlin.com
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
Foster Graham Milstein & Calisher, LLP
360 South Garfield Street
Suite 600
Denver, CO 80209
303–333–9810
Fax: 303–333–9786
Email: calisher@fostergraham.com
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
Foster Graham Milstein & Calisher, LLP
360 South Garfield Street
Suite 600
Denver, CO 80209
303–333–9810
Fax: 303–333–9786
Email: mrollin@fostergraham.com
*ATTORNEY TO BE NOTICED*

**Jordan D. Factor**
Allen Vellone Wolf Helfrich & Factor P.C.
1600 Stout Street
Suite 1900
Denver, CO 80202
303–534–4499
Fax: 303–893–8332
Email: jfactor@allen–vellone.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Basya Yehudis Goldstein**          represented by    **Asher Perlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Jordan D. Factor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor**

**United States of America**                 represented by   **Zach A. Avallone**
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
202–514–2705
Email: zachary.a.avallone@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Shelley Levine**                           represented by   **Asher Perlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan D. Factor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Stefanie Levine**                          represented by   **Asher Perlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan D. Factor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Haya Levine**                              represented by   **Asher Perlin**
*as parent and natural guardian of minor*                    (See above for address)
*Y.Y.L.*                                                     *ATTORNEY TO BE NOTICED*
*next friend*
Y.Y.L.                                                       **Jordan D. Factor**
*Estate of*                                                  (See above for address)
Estate of Rabbi Kalman (Cary) Levine                         *ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Estate of Rabbi Kalman (Cary) Levine   represented by   **Asher Perlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan D. Factor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Aharon Levine   represented by   **Asher Perlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan D. Factor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Chana Levine   represented by   **Asher Perlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan D. Factor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Michal Levine   represented by   **Asher Perlin**
*as parent and natural guardian of minor*   (See above for address)
*H.Y.A*   *ATTORNEY TO BE NOTICED*
*next friend*
H.Y.A.   **Jordan D. Factor**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

### Plaintiff

**Bassheva Miriam Pelcovics**                                  represented by   **Asher Perlin**
*as parent and natural guardian of minors*                                     (See above for address)
*L.Y.P., Y.M.P., N.B.P., and Y.C.P*                                            *ATTORNEY TO BE NOTICED*
*next friend*
L.Y.P.                                                                         **Jordan D. Factor**
*born*                                                                         (See above for address)
Y.M.P.                                                                         *ATTORNEY TO BE NOTICED*
*next friend*
N.B.P.                                                                         **Michael Andrew Rollin**
*next friend*                                                                  (See above for address)
Y.C.P.                                                                         *ATTORNEY TO BE NOTICED*

                                                                              **Daniel Kennedy Calisher**
                                                                              (See above for address)
                                                                              *ATTORNEY TO BE NOTICED*

### Plaintiff

**Yitzchok Meir Levine**                                        represented by   **Asher Perlin**
                                                                              (See above for address)
                                                                              *ATTORNEY TO BE NOTICED*

                                                                              **Jordan D. Factor**
                                                                              (See above for address)
                                                                              *ATTORNEY TO BE NOTICED*

                                                                              **Michael Andrew Rollin**
                                                                              (See above for address)
                                                                              *ATTORNEY TO BE NOTICED*

                                                                              **Daniel Kennedy Calisher**
                                                                              (See above for address)
                                                                              *ATTORNEY TO BE NOTICED*

### Plaintiff

**Yerachmiel Levine**                                           represented by   **Asher Perlin**
                                                                              (See above for address)
                                                                              *ATTORNEY TO BE NOTICED*

                                                                              **Jordan D. Factor**
                                                                              (See above for address)
                                                                              *ATTORNEY TO BE NOTICED*

                                                                              **Michael Andrew Rollin**
                                                                              (See above for address)
                                                                              *ATTORNEY TO BE NOTICED*

                                                                              **Daniel Kennedy Calisher**
                                                                              (See above for address)
                                                                              *ATTORNEY TO BE NOTICED*

### Plaintiff

**Moshe Levine**                      represented by   **Asher Perlin**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Jordan D. Factor**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Michael Andrew Rollin**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Daniel Kennedy Calisher**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Avraham Levine**                    represented by   **Asher Perlin**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Jordan D. Factor**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Michael Andrew Rollin**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Daniel Kennedy Calisher**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dr. Norman Heching**                represented by   **Asher Perlin**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Jordan D. Factor**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Michael Andrew Rollin**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Daniel Kennedy Calisher**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joseph Werfel**                     represented by   **Asher Perlin**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Jordan D. Factor**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Michael Andrew Rollin**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Avraham Nefoussi                          represented by **Asher Perlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan D. Factor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**David Samuel Salis**                     represented by **Asher Perlin**
*individually and as parent and natural*              (See above for address)
*guardian of minor E.Y.S.*                           *ATTORNEY TO BE NOTICED*
*next friend*
E.Y.S.                                     **Jordan D. Factor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dana–Lee Salis**                         represented by **Asher Perlin**
*individually and as parent and natural*              (See above for address)
*guardian of minor E.Y.S.*                           *ATTORNEY TO BE NOTICED*
*next friend*
E.Y.S.                                     **Jordan D. Factor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Akiva Pollack                             represented by **Asher Perlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan D. Factor**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rabbi Saul Goldstein**                            represented by    **Asher Perlin**
*individually and as parent and natural*                            (See above for address)
*guardian of minors B.Y.G., E.G., A.D.G.,*                          *ATTORNEY TO BE NOTICED*
*N.G. and B.G.*
*next friend*                                                        **Jordan D. Factor**
B.Y.G.                                                               (See above for address)
*next friend*                                                        *ATTORNEY TO BE NOTICED*
E.G.
*next friend*                                                        **Michael Andrew Rollin**
A.D.G.                                                               (See above for address)
*next friend*                                                        *ATTORNEY TO BE NOTICED*
N.G.
                                                                     **Daniel Kennedy Calisher**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Miriam Goldstein**                               represented by    **Asher Perlin**
*individually and as parent and natural*                            (See above for address)
*guardian of minors B.Y.G., E.G., A.D.G.,*                          *ATTORNEY TO BE NOTICED*
*N.G. and B.G.;*
*next friend*                                                        **Jordan D. Factor**
B.Y.G.                                                               (See above for address)
*next friend*                                                        *ATTORNEY TO BE NOTICED*
E.G.
*next friend*                                                        **Michael Andrew Rollin**
A.D.G.                                                               (See above for address)
*next friend*                                                        *ATTORNEY TO BE NOTICED*
N.G.
                                                                     **Daniel Kennedy Calisher**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sarah Rivka Goldstein**                          represented by    **Asher Perlin**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Jordan D. Factor**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Michael Andrew Rollin**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Daniel Kennedy Calisher**
                                                                     (See above for address)
                                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mordechai Goldstein**

represented by **Asher Perlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan D. Factor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Malka Goldstein**

represented by **Asher Perlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan D. Factor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Moshe Gedaliah Goldstein**

represented by **Asher Perlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan D. Factor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Yakova Kupinsky**
*individually, as parent and natural guardian of minors M.K., and Y.K., personal representative of the estate of Rabbi Aryeh Kupinsky*
*next friend*
M.K.
*Estate of*
Estate of Rabbi Aryeh Kupinsky

represented by **Asher Perlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan D. Factor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Estate of Rabbi Aryeh Kupinsky                 represented by **Asher Perlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan D. Factor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Yitzchak Kupinsky                 represented by **Asher Perlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan D. Factor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Devorah Kupinsky                 represented by **Asher Perlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan D. Factor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Eliyahu Kupinsky                 represented by **Asher Perlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan D. Factor**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Bashy Miriam Twersky**                           represented by   **Asher Perlin**
*personal representative of the Estate of*                          (See above for address)
*Rabbi Moshe Twersky*                                              *ATTORNEY TO BE NOTICED*
*Estate of*
Estate of Rabbi Moshe Twersky                                      **Jordan D. Factor**
                                                                   (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Michael Andrew Rollin**
                                                                   (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Daniel Kennedy Calisher**
                                                                   (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Meshulem Twersky**                               represented by   **Asher Perlin**
*individually, as parent and natural*                              (See above for address)
*guardian of minors R.T.(1), C.T., E.T.(1),*                       *ATTORNEY TO BE NOTICED*
*Y.T., M.T., E.T.(2), and S.T*
*Estate of*                                                        **Jordan D. Factor**
Estate of Rabbi Moshe Twersky                                      (See above for address)
*next friend*                                                      *ATTORNEY TO BE NOTICED*
R.T.(1)
*next friend*                                                      **Michael Andrew Rollin**
E.T.(1)                                                            (See above for address)
*next friend*                                                      *ATTORNEY TO BE NOTICED*
Y.T.
*next friend*                                                      **Daniel Kennedy Calisher**
M.T.                                                               (See above for address)
*next friend*                                                      *ATTORNEY TO BE NOTICED*
E.T.(2)
*next friend*
S.T.

**Plaintiff**

**Estate of Rabbi Moshe Twersky**                  represented by   **Asher Perlin**
*by its personal representatives Bashy*                            (See above for address)
*Miriam Twersky and Meshulem Twersky*                              *ATTORNEY TO BE NOTICED*

                                                                   **Jordan D. Factor**
                                                                   (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Michael Andrew Rollin**
                                                                   (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

                                                                   **Daniel Kennedy Calisher**
                                                                   (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Refael Twersky**
*individually and as parent and natural guardian of minors A.T., I.T., and R.T.(2)*
*next friend*
A.T.
*next friend*
L.T.
*next friend*
R.T.(2)

represented by **Asher Perlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan D. Factor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rivka Walder**
*individually and as parent and natural guardian of minors Y.A.W., I.W. and Y.W.*
*next friend*
Y.A.W.
*next friend*
I.W.
*next friend*
Y.W.

represented by **Asher Perlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan D. Factor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Nechama Charlap**
*individually and as parent and natural guardian of minors I.C. and E.C.*
*next friend*
I.C.
*next friend*
E.C.

represented by **Asher Perlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan D. Factor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Avraham Twersky**

represented by **Asher Perlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan D. Factor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rinal Saif**                                    represented by   **Asher Perlin**
*individually, as parent and natural*                             (See above for address)
*guardian of minor, L.S., personal*                               *ATTORNEY TO BE NOTICED*
*rep–resentative of the Estate of Zidan*
*Saif*                                                            **Jordan D. Factor**
*next friend*                                                     (See above for address)
L.S.                                                              *ATTORNEY TO BE NOTICED*
*Estate of*
Estate of Zidan Saif                                              **Michael Andrew Rollin**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Daniel Kennedy Calisher**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Estate of Zidan Saif**                          represented by   **Asher Perlin**
*personal representative, Rinal Saif*                             (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Jordan D. Factor**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Michael Andrew Rollin**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Daniel Kennedy Calisher**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Nuhad Saif**                                    represented by   **Asher Perlin**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Jordan D. Factor**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Michael Andrew Rollin**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Daniel Kennedy Calisher**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Julia Saif**                                    represented by   **Asher Perlin**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

**Jordan D. Factor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Briana Hazel Goldberg**<br>*individually and as personal*<br>*representative of the Estate of Rabbi*<br>*Abraham Samuel (Avraham) Goldberg*<br>*Estate of*<br>Estate of Rabbi Abraham Samuel<br>(Avraham) Goldberg | represented by | **Asher Perlin**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Jordan D. Factor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Estate of Rabbi Abraham Samuel (Avraham) Goldberg** | represented by | **Asher Perlin**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Jordan D. Factor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Deborah (Goldberg) Hammond** | represented by | **Asher Perlin**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Jordan D. Factor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Libby Goldberg**                                    represented by **Asher Perlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan D. Factor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rivka (Goldberg) Sireling**                         represented by **Asher Perlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan D. Factor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Hadassa (Goldberg) Treuhaft**                       represented by **Asher Perlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan D. Factor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Adrian Goldberg**                                   represented by **Asher Perlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan D. Factor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Elisheva Goldberg**                    represented by    **Asher Perlin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan D. Factor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Andrew Rollin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Kennedy Calisher**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Palestine Liberation Organization, The**    represented by    **Amy Brown Doolittle**
Squire Patton Boggs (US) LLP
2550 M Street NW
Washington, DC 20037–1301
202–457–6000
Fax: 202–457–6315
Email: amy.doolittle@squirepb.com
*ATTORNEY TO BE NOTICED*

**Brent Rollow Owen**
Squire Patton Boggs (US) LLP
1801 California Street
Suite 4900
Denver, CO 80202
720–278–6481
Email: brent.owen@squirepb.com
*ATTORNEY TO BE NOTICED*

**David J. Lizmi**
Mayer Brown LLP
1221 Sixth Avenue
New York, NY 10020
212–506–2243
Email: dlizmi@mayerbrown.com
*TERMINATED: 03/07/2023*
*ATTORNEY TO BE NOTICED*

**Gassan A. Baloul**
Squire Patton Boggs (US) LLP
2550 M Street, NorthWest
Washington, DC 20037
202–457–6155
Fax: 202–457–6315
Email: gassan.baloul@squirepb.com
*ATTORNEY TO BE NOTICED*

**Joseph S. Alonzo**

Squire Patton Boggs LLP
1211 Avenue of the Americas
26th Floor
New York, NY 10036
212–872–9831
Email: joseph.alonzo@squirepb.com
*ATTORNEY TO BE NOTICED*

**Mitchell R. Berger**
Squire Patton Boggs (US) LLP
2550 M Street, NorhtWest
Washington, DC 20037
202–457–5601
Fax: 202–457–6315
Email: mitchell.berger@squirepb.com
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Palestinian Authority, The** *also known as* The Palestinian Interim Self–Government Authority *also known as* The Palestinian National Authority | represented by | **Amy Brown Doolittle** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Brent Rollow Owen** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **David J. Lizmi** (See above for address) *TERMINATED: 03/07/2023* |
| | | **Gassan A. Baloul** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Joseph S. Alonzo** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Mitchell R. Berger** (See above for address) *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Riyad Mansour** *as the representative of The Palestine Liberation Organization and The Palestinian Authority* | represented by | **Gassan A. Baloul** (See above for address) *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 09/13/2023 | 113 | NOTICE OF APPEAL as to 111 Order on Motion to Dismiss, 112 Judgment,,,,, by Plaintiffs Nechama Charlap, Estate of Rabbi Abraham Samuel (Avraham) Goldberg, Estate of Rabbi Aryeh Kupinsky, Estate of Rabbi Kalman (Cary) Levine, Estate of Rabbi Moshe Twersky, Estate of Zidan Saif, Adrian Goldberg, Briana Hazel Goldberg, Elisheva Goldberg, Libby Goldberg, Basya Yehudis Goldstein, Malka Goldstein, Miriam Goldstein, Mordechai Goldstein, Moshe Gedaliah Goldstein, Sarah Rivka Goldstein, Saul Goldstein, Deborah (Goldberg) Hammond, Norman Heching, Devorah Kupinsky, Eliyahu Kupinsky, Yakova Kupinsky, Yitzchak Kupinsky, Aharon Levine, Avraham Levine, Chana Levine, Haya Levine, Michal Levine, Moshe Levine, Shelley Levine, Stefanie Levine, Yerachmiel Levine, Yitzchok Meir Levine, Avraham Nefoussi, Bassheva Miriam Pelcovics, Akiva Pollack, Julia Saif, Nuhad Saif, Rinal Saif, Dana–Lee Salis, David Samuel Salis, Rivka (Goldberg) Sireling, Hadassa (Goldberg) Treuhaft, Avraham Twersky, Bashy Miriam Twersky, Meshulem Twersky, Refael Twersky, Rivka Walder, Chaya Werfel, Joseph Werfel (Filing fee $ 505, Receipt Number ACODC–9292218) (Attachments: # 1 Order, # 2 Final |

| | | Judgment)(Perlin, Asher) (Entered: 09/13/2023) |
|---|---|---|
| 08/23/2023 | 112 | FINAL JUDGMENT in favor of The Palestine Liberation Organization, The Palestinian Authority, and Riyad Mansour against the Estate of Rabbi Abraham Samuel (Avraham) Goldberg, Estate of Rabbi Aryeh Kupinsky, Estate of Rabbi Kalman (Cary) Levine, Estate of Rabbi Moshe Twersky, Estate of Zidan Saif, United States of America, Adrian Goldberg, Aharon Levine, Akiva Pollack, Avraham Levine, Avraham Nefoussi, Avraham Twersky, Bashy Miriam Twersky, Bassheva Miriam Pelcovics, Basya Yehudis Goldstein, Briana Hazel Goldberg, Chana Levine, Chaya Werfel, Dana–Lee Salis, David Samuel Salis, Deborah (Goldberg) Hammond, Devorah Kupinsky, Elisheva Goldberg, Eliyahu Kupinsky, Hadassa (Goldberg) Treuhaft, Haya Levine, Joseph Werfel, Julia Saif, Libby Goldberg, Malka Goldstein, Meshulem Twersky, Michal Levine, Miriam Goldstein, Mordechai Goldstein, Moshe Levine, Moshe Gedaliah Goldstein, Nechama Charlap, Norman Heching, Nuhad Saif, Refael Twersky, Rinal Saif, Rivka Walder, Rivka (Goldberg) Sireling, Sarah Rivka Goldstein, Saul Goldstein, Shelley Levine, Stefanie Levine, Yakova Kupinsky, Yerachmiel Levine, Yitzchak Kupinsky, and Yitzchok Meir Levine. Court grants Defendants Motion to Dismiss [D. 58], dismisses the remaining claims without prejudice, and case is closed. Entered by the Clerk on 08/23/2023. (dclem) (Entered: 08/23/2023) |
| 08/23/2023 | 111 | ORDER granting 58 Motion to Dismiss and dismissing the remaining claims without prejudice. by District Judge Gordon P Gallagher on 08/23/2023.(dclem) (Entered: 08/23/2023) |
| 08/03/2023 | 110 | BRIEF re 105 Order,,, *Supplemental Brief Concerning Mallory* by Defendants Palestine Liberation Organization, The, Palestinian Authority, The. (Baloul, Gassan) (Entered: 08/03/2023) |
| 08/02/2023 | 109 | NOTICE of Entry of Appearance by Michael Andrew Rollin on behalf of All Plaintiffs Attorney Michael Andrew Rollin added to party Nechama Charlap(pty:pla), Attorney Michael Andrew Rollin added to party Estate of Rabbi Abraham Samuel (Avraham) Goldberg(pty:pla), Attorney Michael Andrew Rollin added to party Estate of Rabbi Aryeh Kupinsky(pty:pla), Attorney Michael Andrew Rollin added to party Estate of Rabbi Kalman (Cary) Levine(pty:pla), Attorney Michael Andrew Rollin added to party Estate of Rabbi Moshe Twersky(pty:pla), Attorney Michael Andrew Rollin added to party Estate of Zidan Saif(pty:pla), Attorney Michael Andrew Rollin added to party Adrian Goldberg(pty:pla), Attorney Michael Andrew Rollin added to party Briana Hazel Goldberg(pty:pla), Attorney Michael Andrew Rollin added to party Elisheva Goldberg(pty:pla), Attorney Michael Andrew Rollin added to party Libby Goldberg(pty:pla), Attorney Michael Andrew Rollin added to party Basya Yehudis Goldstein(pty:pla), Attorney Michael Andrew Rollin added to party Malka Goldstein(pty:pla), Attorney Michael Andrew Rollin added to party Miriam Goldstein(pty:pla), Attorney Michael Andrew Rollin added to party Mordechai Goldstein(pty:pla), Attorney Michael Andrew Rollin added to party Moshe Gedaliah Goldstein(pty:pla), Attorney Michael Andrew Rollin added to party Sarah Rivka Goldstein(pty:pla), Attorney Michael Andrew Rollin added to party Saul Goldstein(pty:pla), Attorney Michael Andrew Rollin added to party Deborah (Goldberg) Hammond(pty:pla), Attorney Michael Andrew Rollin added to party Norman Heching(pty:pla), Attorney Michael Andrew Rollin added to party Devorah Kupinsky(pty:pla), Attorney Michael Andrew Rollin added to party Eliyahu Kupinsky(pty:pla), Attorney Michael Andrew Rollin added to party Yakova Kupinsky(pty:pla), Attorney Michael Andrew Rollin added to party Yitzchak Kupinsky(pty:pla), Attorney Michael Andrew Rollin added to party Aharon Levine(pty:pla), Attorney Michael Andrew Rollin added to party Avraham Levine(pty:pla), Attorney Michael Andrew Rollin added to party Chana Levine(pty:pla), Attorney Michael Andrew Rollin added to party Haya Levine(pty:pla), Attorney Michael Andrew Rollin added to party Michal Levine(pty:pla), Attorney Michael Andrew Rollin added to party Moshe Levine(pty:pla), Attorney Michael Andrew Rollin added to party Shelley Levine(pty:pla), Attorney Michael Andrew Rollin added to party Stefanie Levine(pty:pla), Attorney Michael Andrew Rollin added to party Yerachmiel Levine(pty:pla), Attorney Michael Andrew Rollin added to party Yitzchok Meir Levine(pty:pla), Attorney Michael Andrew Rollin added to party Avraham Nefoussi(pty:pla), Attorney Michael Andrew Rollin added to party Bassheva Miriam Pelcovics(pty:pla), Attorney Michael Andrew Rollin added to party Akiva Pollack(pty:pla), Attorney Michael Andrew Rollin added to party Julia Saif(pty:pla), Attorney Michael Andrew Rollin added to party Nuhad Saif(pty:pla), Attorney Michael Andrew Rollin added to party Rinal Saif(pty:pla), Attorney Michael Andrew Rollin added to party Dana–Lee Salis(pty:pla), Attorney Michael Andrew Rollin added to party David Samuel Salis(pty:pla), Attorney Michael Andrew Rollin added to party Rivka (Goldberg) Sireling(pty:pla), Attorney Michael Andrew Rollin added to party Hadassa (Goldberg) Treuhaft(pty:pla), Attorney Michael Andrew Rollin added to party Avraham Twersky(pty:pla), Attorney Michael Andrew Rollin added to party Bashy Miriam Twersky(pty:pla), Attorney Michael Andrew Rollin added to party Meshulem Twersky(pty:pla), Attorney Michael Andrew Rollin added to party Refael Twersky(pty:pla), Attorney Michael |

| | | |
|---|---|---|
| | | Andrew Rollin added to party Rivka Walder(pty:pla), Attorney Michael Andrew Rollin added to party Chaya Werfel(pty:pla), Attorney Michael Andrew Rollin added to party Joseph Werfel(pty:pla) (Rollin, Michael) (Entered: 08/02/2023) |
| 08/01/2023 | 108 | MINUTE ORDER Pursuant to conversation between Chambers and the parties, the Discovery Hearing set for 8/22/2023 is VACATED and RESET for 9/13/2023 10:45 AM in Courtroom A 402 before Magistrate Judge Scott T. Varholak. On or before 9/8/2023, the parties shall submit via email to Varholak_Chambers@cod.uscourts.gov a brief joint statement setting forth the issues in dispute. SO ORDERED, by Magistrate Judge Scott T. Varholak on 8/1/2023. Text Only Entry (stvlc4, ) (Entered: 08/01/2023) |
| 07/24/2023 | 107 | BRIEF in Opposition to 58 MOTION to Dismiss *Plaintiffs' First Amended Complaint Under Rule 12(b)(2) and Rule 12(b)(6) Supplemental Brief re Mallory v. Norfolk Southern Railway Company, 143 S. Ct. 2028 (2023),* filed by Intervenor United States of America. (Avallone, Zach) (Entered: 07/24/2023) |
| 07/24/2023 | 106 | SUPPLEMENT/AMENDMENT to 103 Notice of Supplemental Authorities,,,, by Plaintiffs Nechama Charlap, Estate of Rabbi Abraham Samuel (Avraham) Goldberg, Estate of Rabbi Aryeh Kupinsky, Estate of Rabbi Kalman (Cary) Levine, Estate of Rabbi Moshe Twersky, Estate of Zidan Saif, Adrian Goldberg, Briana Hazel Goldberg, Elisheva Goldberg, Libby Goldberg, Basya Yehudis Goldstein, Malka Goldstein, Miriam Goldstein, Mordechai Goldstein, Moshe Gedaliah Goldstein, Sarah Rivka Goldstein, Saul Goldstein, Deborah (Goldberg) Hammond, Norman Heching, Devorah Kupinsky, Eliyahu Kupinsky, Yakova Kupinsky, Yitzchak Kupinsky, Aharon Levine, Avraham Levine, Chana Levine, Haya Levine, Michal Levine, Moshe Levine, Shelley Levine, Stefanie Levine, Yerachmiel Levine, Yitzchok Meir Levine, Avraham Nefoussi, Bassheva Miriam Pelcovics, Akiva Pollack, Julia Saif, Nuhad Saif, Rinal Saif, Dana–Lee Salis, David Samuel Salis, Rivka (Goldberg) Sireling, Hadassa (Goldberg) Treuhaft, Avraham Twersky, Bashy Miriam Twersky, Meshulem Twersky, Refael Twersky, Rivka Walder, Chaya Werfel, Joseph Werfel. (Calisher, Daniel) (Entered: 07/24/2023) |
| 07/13/2023 | 105 | ORDER. The Court has determined that supplemental briefing concerning *Mallory v. Norfolk Southern Ry.*, No. 21–1168, 2023 WL 4187749 (U.S. June 27, 2023) is necessary and would be helpful to resolve outstanding issues in this action. It is therefore ORDERED that the individual Plaintiffs (collectively) and the Government SHALL file briefs of no more than three (3) pages per brief (exclusive of signature and title pages) **within 10 days** of this ORDER and that Defendants SHALL file a single responsive brief of no more than six (6) pages (exclusive of signature and title pages), **within 10 days** after Plaintiffs' and the Government's briefs are filed. By District Judge Gordon P Gallagher on 7/13/2023. Text Only Entry (sdunb, ) (Entered: 07/13/2023) |
| 07/13/2023 | 104 | RESPONSE to 103 Notice of Supplemental Authorities,,,, by Defendants Palestine Liberation Organization, The, Palestinian Authority, The. (Baloul, Gassan) (Entered: 07/13/2023) |
| 07/12/2023 | 103 | NOTICE of Supplemental Authorities re: 58 MOTION to Dismiss *Plaintiffs' First Amended Complaint Under Rule 12(b)(2) and Rule 12(b)(6)* by Plaintiffs Nechama Charlap, Estate of Rabbi Abraham Samuel (Avraham) Goldberg, Estate of Rabbi Aryeh Kupinsky, Estate of Rabbi Kalman (Cary) Levine, Estate of Rabbi Moshe Twersky, Estate of Zidan Saif, Adrian Goldberg, Briana Hazel Goldberg, Elisheva Goldberg, Libby Goldberg, Basya Yehudis Goldstein, Malka Goldstein, Miriam Goldstein, Mordechai Goldstein, Moshe Gedaliah Goldstein, Sarah Rivka Goldstein, Saul Goldstein, Deborah (Goldberg) Hammond, Norman Heching, Devorah Kupinsky, Eliyahu Kupinsky, Yakova Kupinsky, Yitzchak Kupinsky, Aharon Levine, Avraham Levine, Chana Levine, Haya Levine, Michal Levine, Moshe Levine, Shelley Levine, Stefanie Levine, Yerachmiel Levine, Yitzchok Meir Levine, Avraham Nefoussi, Bassheva Miriam Pelcovics, Akiva Pollack, Julia Saif, Nuhad Saif, Rinal Saif, Dana–Lee Salis, David Samuel Salis, Rivka (Goldberg) Sireling, Hadassa (Goldberg) Treuhaft, Avraham Twersky, Bashy Miriam Twersky, Meshulem Twersky, Refael Twersky, Rivka Walder, Chaya Werfel, Joseph Werfel (Attachments: # 1 Exhibit)(Perlin, Asher) (Entered: 07/12/2023) |
| 07/07/2023 | 102 | MINUTE ORDER: Per the request of the parties, this matter is set for a Discovery Hearing on 8/22/2023 at 2:30 PM in Courtroom A 402 before Magistrate Judge Scott T. Varholak. On or before 8/17/2023, the parties shall submit via email to Varholak_Chambers@cod.uscourts.gov a brief joint statement setting forth the issues in dispute. SO ORDERED, by Magistrate Judge Scott T. Varholak on 7/7/23. Text Only Entry (stvlc3, Andrew) (Entered: 07/07/2023) |
| 05/22/2023 | 101 | NOTICE of Supplemental Authorities re: 58 MOTION to Dismiss *Plaintiffs' First Amended Complaint Under Rule 12(b)(2) and Rule 12(b)(6)* by Defendants Palestine Liberation Organization, The, Palestinian Authority, The (Attachments: # 1 Exhibit A)(Baloul, Gassan) |

| | | (Entered: 05/22/2023) |
|---|---|---|
| 04/05/2023 | 100 | REASSIGNMENT OF JUDGE. This action is reassigned to Judge Gordon P. Gallagherupon his appointment as United States District Judge. Unless otherwise ordered, the dates and times for all previously scheduled matters will be maintained. Judge Gallagher is located in Courtroom 323 in the Wayne Aspinall Courthouse. His telephone number is (970) 241–8932. All future pleadings should be designated as 21–cv–03043–GPG. (Text only entry) (msmot) (Entered: 04/05/2023) |
| 03/07/2023 | 99 | ORDER granting 98 Motion to Withdraw as Attorney. Attorney David J. Lizmi terminated. SO ORDERED by Judge Raymond P. Moore on 3/7/2023. (Text Only Entry)(rmsec) (Entered: 03/07/2023) |
| 03/06/2023 | 98 | MOTION to Withdraw as Attorney *re David J. Lizmi* by Defendants Palestine Liberation Organization, The, Palestinian Authority, The. (Baloul, Gassan) (Entered: 03/06/2023) |
| 03/04/2023 | 97 | ADVISORY NOTICE TO ATTORNEY AND COURT: David J. Lizmi failed to pay the 2022 Biennial Fee. Under D.C.COLO.LAttyR 3(a) and District Court General Order 2022–7, counsel was administratively removed from the court's attorney roll. Counsel must submit another bar application though PACER, pay the application fee, and, upon reinstatement, file a Notice of Entry of Appearance to continue as counsel of record in this case. Please visit and fully review the 2022 Biennial Renewal Fee page before contacting the court for assistance: Biennial / Renewal Fee Information | US District Court of Colorado (uscourts.gov). (Text Only Entry) (mfred) (Entered: 03/04/2023) |
| 02/23/2023 | 96 | NOTICE of Entry of Appearance by Amy Brown Doolittle on behalf of Palestine Liberation Organization, The, Palestinian Authority, The (Doolittle, Amy) (Entered: 02/23/2023) |
| 02/20/2023 | 95 | ADVISORY NOTICE TO ATTORNEY AND COURT: Amy Brown Doolittle failed to pay the 2022 Biennial Fee. Under D.C.COLO.LAttyR 3(a) and District Court General Order 2022–7, counsel was administratively removed from the court's attorney roll. Counsel must submit another bar application though PACER, pay the application fee, and, upon reinstatement, file a Notice of Entry of Appearance to continue as counsel of record in this case. Please visit and fully review the 2022 Biennial Renewal Fee page before contacting the court for assistance: Biennial / Renewal Fee Information | US District Court of Colorado (uscourts.gov). (Text Only Entry) (mfred) (Entered: 02/20/2023) |
| 01/27/2023 | 94 | TRANSCRIPT of Motion Hearing held on January 10, 2023 before Magistrate Judge Varholak. Pages: 1–28. **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (Patterson Transcription Company, ) (Entered: 01/27/2023) |
| 01/23/2023 | 93 | RESPONSE to 92 Notice of Supplemental Authorities,,,, by Defendants Palestine Liberation Organization, The, Palestinian Authority, The. (Baloul, Gassan) (Entered: 01/23/2023) |
| 01/19/2023 | 92 | NOTICE of Supplemental Authorities re: 76 Reply to Response to Motion by Plaintiffs Nechama Charlap, Estate of Rabbi Abraham Samuel (Avraham) Goldberg, Estate of Rabbi Aryeh Kupinsky, Estate of Rabbi Kalman (Cary) Levine, Estate of Rabbi Moshe Twersky, Estate of Zidan Saif, Adrian Goldberg, Briana Hazel Goldberg, Elisheva Goldberg, Libby Goldberg, Basya Yehudis Goldstein, Malka Goldstein, Miriam Goldstein, Mordechai Goldstein, Moshe Gedaliah Goldstein, Sarah Rivka Goldstein, Saul Goldstein, Deborah (Goldberg) Hammond, Norman Heching, Devorah Kupinsky, Eliyahu Kupinsky, Yakova Kupinsky, Yitzchak Kupinsky, Aharon Levine, Avraham Levine, Chana Levine, Haya Levine, Michal Levine, Moshe Levine, Shelley Levine, Stefanie Levine, Yerachmiel Levine, Yitzchok Meir Levine, Avraham Nefoussi, Bassheva Miriam Pelcovics, Akiva Pollack, Julia Saif, Nuhad Saif, Rinal Saif, Dana–Lee Salis, David Samuel Salis, Rivka (Goldberg) Sireling, Hadassa (Goldberg) Treuhaft, Avraham Twersky, Bashy Miriam Twersky, Meshulem Twersky, Refael Twersky, Rivka Walder, Chaya Werfel, Joseph Werfel (Calisher, Daniel) (Entered: 01/19/2023) |
| 01/10/2023 | 91 | MINUTE ENTRY for Motion Hearing held before Magistrate Judge Scott T. Varholak on 1/10/2023. ORDERED: Defendants' Motion to Stay Discovery and Related Proceedings Pending |

| | | |
|---|---|---|
| | | Resolution of Defendants' Motion to Dismiss 82 is GRANTED with the limited exception of the three Requests for Production, three Requests for Admission and three Interrogatories, limited to the preservation of evidence with respect to Mr. Khoury and Mr. Al–Einein. FTR: A402. (morti,) (Entered: 01/10/2023) |
| 01/04/2023 | 90 | REPLY to 82 MOTION to Stay re 81 Minute Order,,, *Defendants' Motion to Stay Discovery and Related Proceedings Pending Resolution of Defendants' Motion to Dismiss* by Defendants Palestine Liberation Organization, The, Palestinian Authority, The. (Attachments: # 1 Exhibit A)(Baloul, Gassan) (Entered: 01/04/2023) |
| 01/03/2023 | 89 | ORDER This matter is before the Court on 87 Motion to Permit Expert Witness to Appear by Video. Plaintiffs' declarant Dr. Shaked shall be permitted to appear by video conference for any examination by Defendants at the 1/10 Motion Hearing. Any declarants on behalf of Defendants shall also be permitted to appear by video conference for any examination by Plaintiffs at the hearing. The parties shall confer before the Hearing to determine whether any such examination of declarants is anticipated, and jointly contact Magistrate Judge Varholak's Chambers via email on or before 1/6/2023 to receive the video appearance information if necessary. SO ORDERED, by Magistrate Judge Scott T. Varholak on 1/3/2023. Text Only Entry(stvlc4, ) (Entered: 01/03/2023) |
| 01/02/2023 | 88 | MEMORANDUM regarding 87 MOTION for Order to *Permit Expert Witness to Appear by Video* filed by Bashy Miriam Twersky, Haya Levine, Avraham Twersky, Avraham Nefoussi, Rivka Walder, Moshe Levine, Basya Yehudis Goldstein, Estate of Zidan Saif, Adrian Goldberg, David Samuel Salis, Yakova Kupinsky, Elisheva Goldberg, Avraham Levine, Estate of Rabbi Moshe Twersky, Hadassa (Goldberg) Treuhaft, Yitzchok Meir Levine, Rivka (Goldberg) Sireling, Aharon Levine, Estate of Rabbi Kalman (Cary) Levine, Julia Saif, Bassheva Miriam Pelcovics, Yerachmiel Levine, Libby Goldberg, Miriam Goldstein, Yitzchak Kupinsky, Nuhad Saif, Mordechai Goldstein, Deborah (Goldberg) Hammond, Dana–Lee Salis, Chaya Werfel, Chana Levine, Sarah Rivka Goldstein, Norman Heching, Briana Hazel Goldberg, Refael Twersky, Stefanie Levine, Shelley Levine, Meshulem Twersky, Moshe Gedaliah Goldstein, Estate of Rabbi Aryeh Kupinsky, Rinal Saif, Malka Goldstein, Akiva Pollack, Eliyahu Kupinsky, Nechama Charlap, Joseph Werfel, Saul Goldstein, Devorah Kupinsky, Michal Levine, Estate of Rabbi Abraham Samuel (Avraham) Goldberg. Motion referred to Magistrate Judge Scott T. Varholak. By Judge Raymond P. Moore on 1/2/2023. (Text Only Entry) (rmsec) (Entered: 01/02/2023) |
| 01/01/2023 | 87 | MOTION for Order to *Permit Expert Witness to Appear by Video* by Plaintiffs Nechama Charlap, Estate of Rabbi Abraham Samuel (Avraham) Goldberg, Estate of Rabbi Aryeh Kupinsky, Estate of Rabbi Kalman (Cary) Levine, Estate of Rabbi Moshe Twersky, Estate of Zidan Saif, Adrian Goldberg, Briana Hazel Goldberg, Elisheva Goldberg, Libby Goldberg, Basya Yehudis Goldstein, Malka Goldstein, Miriam Goldstein, Mordechai Goldstein, Moshe Gedaliah Goldstein, Sarah Rivka Goldstein, Saul Goldstein, Deborah (Goldberg) Hammond, Norman Heching, Devorah Kupinsky, Eliyahu Kupinsky, Yakova Kupinsky, Yitzchak Kupinsky, Aharon Levine, Avraham Levine, Chana Levine, Haya Levine, Michal Levine, Moshe Levine, Shelley Levine, Stefanie Levine, Yerachmiel Levine, Yitzchok Meir Levine, Avraham Nefoussi, Bassheva Miriam Pelcovics, Akiva Pollack, Julia Saif, Nuhad Saif, Rinal Saif, Dana–Lee Salis, David Samuel Salis, Rivka (Goldberg) Sireling, Hadassa (Goldberg) Treuhaft, Avraham Twersky, Bashy Miriam Twersky, Meshulem Twersky, Refael Twersky, Rivka Walder, Chaya Werfel, Joseph Werfel. (Perlin, Asher) (Entered: 01/01/2023) |
| 12/29/2022 | 86 | NOTICE re 85 Response to Motion,,,,, *Notice of Amended Exhibits C, D and E* by Plaintiffs Nechama Charlap, Estate of Rabbi Abraham Samuel (Avraham) Goldberg, Estate of Rabbi Aryeh Kupinsky, Estate of Rabbi Kalman (Cary) Levine, Estate of Rabbi Moshe Twersky, Estate of Zidan Saif, Adrian Goldberg, Briana Hazel Goldberg, Elisheva Goldberg, Libby Goldberg, Basya Yehudis Goldstein, Malka Goldstein, Miriam Goldstein, Mordechai Goldstein, Moshe Gedaliah Goldstein, Sarah Rivka Goldstein, Saul Goldstein, Deborah (Goldberg) Hammond, Norman Heching, Devorah Kupinsky, Eliyahu Kupinsky, Yakova Kupinsky, Yitzchak Kupinsky, Aharon Levine, Avraham Levine, Chana Levine, Haya Levine, Michal Levine, Moshe Levine, Shelley Levine, Stefanie Levine, Yerachmiel Levine, Yitzchok Meir Levine, Avraham Nefoussi, Bassheva Miriam Pelcovics, Akiva Pollack, Julia Saif, Nuhad Saif, Rinal Saif, Dana–Lee Salis, David Samuel Salis, Rivka (Goldberg) Sireling, Hadassa (Goldberg) Treuhaft, Avraham Twersky, Bashy Miriam Twersky, Meshulem Twersky, Refael Twersky, Rivka Walder, Chaya Werfel, Joseph Werfel (Attachments: # 1 Exhibit C, # 2 Exhibit D, # 3 Exhibit E)(Calisher, Daniel) (Entered: 12/29/2022) |
| 12/28/2022 | 85 | RESPONSE to 82 MOTION to Stay re 81 Minute Order,,, *Defendants' Motion to Stay Discovery and Related Proceedings Pending Resolution of Defendants' Motion to Dismiss* filed by Plaintiffs Nechama Charlap, Estate of Rabbi Abraham Samuel (Avraham) Goldberg, Estate of Rabbi Aryeh |

| | | |
|---|---|---|
| | | Kupinsky, Estate of Rabbi Kalman (Cary) Levine, Estate of Rabbi Moshe Twersky, Estate of Zidan Saif, Adrian Goldberg, Briana Hazel Goldberg, Elisheva Goldberg, Libby Goldberg, Basya Yehudis Goldstein, Malka Goldstein, Miriam Goldstein, Mordechai Goldstein, Moshe Gedaliah Goldstein, Sarah Rivka Goldstein, Saul Goldstein, Deborah (Goldberg) Hammond, Norman Heching, Devorah Kupinsky, Eliyahu Kupinsky, Yakova Kupinsky, Yitzchak Kupinsky, Aharon Levine, Avraham Levine, Chana Levine, Haya Levine, Michal Levine, Moshe Levine, Shelley Levine, Stefanie Levine, Yerachmiel Levine, Yitzchok Meir Levine, Avraham Nefoussi, Bassheva Miriam Pelcovics, Akiva Pollack, Julia Saif, Nuhad Saif, Rinal Saif, Dana–Lee Salis, David Samuel Salis, Rivka (Goldberg) Sireling, Hadassa (Goldberg) Treuhaft, Avraham Twersky, Bashy Miriam Twersky, Meshulem Twersky, Refael Twersky, Rivka Walder, Chaya Werfel, Joseph Werfel. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Declaration of Dr. Ronni Shaked, # 10 Declaration of Yaniv Berman)(Calisher, Daniel) (Entered: 12/28/2022) |
| 12/14/2022 | 84 | MINUTE ORDER This Matter is before the Court on 82 Motion to Stay. The Court sets the following expedited briefing schedule: Plaintiffs shall file a response on or before 12/28/2022. Defendants may then file a reply on or before 1/4/2023. A Motion Hearing is set for 1/10/2023 11:15 AM in Courtroom A 402 before Magistrate Judge Scott T. Varholak. SO ORDERED, by Magistrate Judge Scott T. Varholak on 12/14/2022. Text Only Entry (stvlc4, ) (Entered: 12/14/2022) |
| 12/14/2022 | 83 | MEMORANDUM regarding 82 MOTION to Stay re 81 Minute Order,,, *Defendants' Motion to Stay and Related Proceedings Pending Resolution of Defendants' Motion to Dismiss* filed by Palestine Liberation Organization, The, Palestinian Authority, The. Motion referred to Magistrate Judge Scott T. Varholak. SO ORDERED by Judge Raymond P. Moore on 12/14/2022. (Text Only Entry) (rmsec) (Entered: 12/14/2022) |
| 12/14/2022 | 82 | MOTION to Stay re 81 Minute Order,,, *Defendants' Motion to Stay Discovery and Related Proceedings Pending Resolution of Defendants' Motion to Dismiss* by Defendants Palestine Liberation Organization, The, Palestinian Authority, The. (Baloul, Gassan) (Entered: 12/14/2022) |
| 12/07/2022 | 81 | MINUTE ORDER This Matter is before the Court on 80 Joint Status Report regarding the timing of a scheduling conference. The parties dispute whether a scheduling conference should be set in this matter before Defendants' pending Motion to Dismiss is ruled on. The Court determines that the proper avenue to take up this dispute is through a Motion to Stay followed by briefing and a hearing, if necessary. Accordingly, the Court declines to set a Scheduling Conference in this matter at this time. The Court will set this matter for a Scheduling Conference should a Motion to Stay be denied, or should no Motion to Stay be filed on or before 12/16/2022. SO ORDERED, by Magistrate Judge Scott T. Varholak on 12/7/2022. Text Only Entry (stvlc4, ) (Entered: 12/07/2022) |
| 12/07/2022 | 80 | Joint STATUS REPORT by Defendants Palestine Liberation Organization, The, Palestinian Authority, The. (Baloul, Gassan) (Entered: 12/07/2022) |
| 11/28/2022 | | ***Set Deadlines per ECF 79 : Status Report due by 12/7/2022. (cmadr, ) (Entered: 11/29/2022) |
| 11/28/2022 | 79 | ORDER granting 77 Motion for Extension of Time to File Status Report. The parties shall file a status report regarding the setting of the scheduling conference on or before 12/7/2022. SO ORDERED, by Magistrate Judge Scott T. Varholak on 11/28/2022. Text Only Entry(stvlc4, ) (Entered: 11/28/2022) |
| 11/28/2022 | 78 | MEMORANDUM regarding 77 Joint MOTION for Extension of Time to *File Status Report Nunc Pro Tunc* filed by Bashy Miriam Twersky, Haya Levine, Avraham Twersky, Avraham Nefoussi, Rivka Walder, Moshe Levine, Basya Yehudis Goldstein, Estate of Zidan Saif, Adrian Goldberg, David Samuel Salis, Yakova Kupinsky, Elisheva Goldberg, Avraham Levine, Estate of Rabbi Moshe Twersky, Hadassa (Goldberg) Treuhaft, Yitzchok Meir Levine, Rivka (Goldberg) Sireling, Aharon Levine, Estate of Rabbi Kalman (Cary) Levine, Julia Saif, Bassheva Miriam Pelcovics, Yerachmiel Levine, Libby Goldberg, Miriam Goldstein, Yitzchak Kupinsky, Nuhad Saif, Mordechai Goldstein, Deborah (Goldberg) Hammond, Dana–Lee Salis, Chaya Werfel, Chana Levine, Sarah Rivka Goldstein, Norman Heching, Briana Hazel Goldberg, Refael Twersky, Stefanie Levine, Shelley Levine, Meshulem Twersky, Moshe Gedaliah Goldstein, Estate of Rabbi Aryeh Kupinsky, Rinal Saif, Malka Goldstein, Akiva Pollack, Eliyahu Kupinsky, Nechama Charlap, Joseph Werfel, Saul Goldstein, Devorah Kupinsky, Michal Levine, Estate of Rabbi Abraham Samuel (Avraham) Goldberg. Motion referred to Magistrate Judge Scott T. Varholak. By Judge Raymond P. Moore on 11/28/2022. (Text Only Entry) (rmsec) (Entered: 11/28/2022) |

| 11/25/2022 | 77 | Joint MOTION for Extension of Time to *File Status Report Nunc Pro Tunc* by Plaintiffs Nechama Charlap, Estate of Rabbi Abraham Samuel (Avraham) Goldberg, Estate of Rabbi Aryeh Kupinsky, Estate of Rabbi Kalman (Cary) Levine, Estate of Rabbi Moshe Twersky, Estate of Zidan Saif, Adrian Goldberg, Briana Hazel Goldberg, Elisheva Goldberg, Libby Goldberg, Basya Yehudis Goldstein, Malka Goldstein, Miriam Goldstein, Mordechai Goldstein, Moshe Gedaliah Goldstein, Sarah Rivka Goldstein, Saul Goldstein, Deborah (Goldberg) Hammond, Norman Heching, Devorah Kupinsky, Eliyahu Kupinsky, Yakova Kupinsky, Yitzchak Kupinsky, Aharon Levine, Avraham Levine, Chana Levine, Haya Levine, Michal Levine, Moshe Levine, Shelley Levine, Stefanie Levine, Yerachmiel Levine, Yitzchok Meir Levine, Avraham Nefoussi, Bassheva Miriam Pelcovics, Akiva Pollack, Julia Saif, Nuhad Saif, Rinal Saif, Dana–Lee Salis, David Samuel Salis, Rivka (Goldberg) Sireling, Hadassa (Goldberg) Treuhaft, Avraham Twersky, Bashy Miriam Twersky, Meshulem Twersky, Refael Twersky, Rivka Walder, Chaya Werfel, Joseph Werfel. (Attachments: # 1 Proposed Order (PDF Only))(Calisher, Daniel) (Entered: 11/25/2022) |
|------------|----|----|
| 11/14/2022 | 76 | REPLY to Response to 58 MOTION to Dismiss *Plaintiffs' First Amended Complaint Under Rule 12(b)(2) and Rule 12(b)(6)* filed by Defendants Palestine Liberation Organization, The, Palestinian Authority, The. (Baloul, Gassan) (Entered: 11/14/2022) |
| 10/27/2022 | 75 | ORDER: After reviewing the unopposed Motion 74 , and applicable parts of the court record, and being otherwise fully advised, the Court finds no response is required before ruling. See D.C.COLO.LCivR 7.1(d). And, upon such review, the Court also finds sufficient grounds for granting Defendants leave to submit a Reply in support of their Motion to Dismiss that is no longer than thirty–eight (38) pages. Accordingly, the motion 74 is GRANTED. SO ORDERED by Judge Raymond P. Moore on 10/27/2022. (Text Only Entry)(rmsec) (Entered: 10/27/2022) |
| 10/27/2022 | 74 | Unopposed MOTION for Leave to File Excess Pages *FILE OVERSIZE REPLY BRIEF* by Defendants Riyad Mansour, Palestine Liberation Organization, The, Palestinian Authority, The. (Attachments: # 1 Proposed Order (PDF Only))(Baloul, Gassan) (Entered: 10/27/2022) |
| 09/26/2022 | 73 | RESPONSE to 58 MOTION to Dismiss *Plaintiffs' First Amended Complaint Under Rule 12(b)(2) and Rule 12(b)(6) Intervenor United States of America's Brief in support of the Constitutionality of the PSJVTA* filed by Intervenor United States of America. (Avallone, Zach) (Entered: 09/26/2022) |
| 09/20/2022 | 72 | ORDER: This matter is before the Court on Defendants' Unopposed Motion for Extension of Time to File Reply Brief in support of Motion to Dismiss 70 . Being fully advised and finding good cause, the Motion is GRANTED. Defendants shall have through November 14, 2022 in which to file their Reply. SO ORDERED by Judge Raymond P. Moore on 9/20/2022. (Text Only Entry)(rmsec ) (Entered: 09/20/2022) |
| 09/20/2022 | 71 | SUPPLEMENT/AMENDMENT to 69 Response to Motion,,,,, *Table of Authorities* by Plaintiffs Nechama Charlap, Estate of Rabbi Abraham Samuel (Avraham) Goldberg, Estate of Rabbi Aryeh Kupinsky, Estate of Rabbi Kalman (Cary) Levine, Estate of Rabbi Moshe Twersky, Estate of Zidan Saif, Adrian Goldberg, Briana Hazel Goldberg, Elisheva Goldberg, Libby Goldberg, Basya Yehudis Goldstein, Malka Goldstein, Miriam Goldstein, Mordechai Goldstein, Moshe Gedaliah Goldstein, Sarah Rivka Goldstein, Saul Goldstein, Deborah (Goldberg) Hammond, Norman Heching, Devorah Kupinsky, Eliyahu Kupinsky, Yakova Kupinsky, Yitzchak Kupinsky, Aharon Levine, Avraham Levine, Chana Levine, Haya Levine, Michal Levine, Moshe Levine, Shelley Levine, Stefanie Levine, Yerachmiel Levine, Yitzchok Meir Levine, Avraham Nefoussi, Bassheva Miriam Twersky, Akiva Pollack, Julia Saif, Nuhad Saif, Rinal Saif, Dana–Lee Salis, David Samuel Salis, Rivka (Goldberg) Sireling, Hadassa (Goldberg) Treuhaft, Avraham Twersky, Bashy Miriam Twersky, Meshulem Twersky, Refael Twersky, Rivka Walder, Chaya Werfel, Joseph Werfel. (Calisher, Daniel) (Entered: 09/20/2022) |
| 09/20/2022 | 70 | MOTION for Extension of Time to File Response/Reply as to 58 MOTION to Dismiss *Plaintiffs' First Amended Complaint Under Rule 12(b)(2) and Rule 12(b)(6)* by Defendants Palestine Liberation Organization, The, Palestinian Authority, The. (Attachments: # 1 Proposed Order (PDF Only) [Proposed] Order Granting Defendants' Unopposed Motion for Extension of Time to File Reply in Support of Motion to Dismiss)(Baloul, Gassan) (Entered: 09/20/2022) |
| 09/19/2022 | 69 | RESPONSE to 58 MOTION to Dismiss *Plaintiffs' First Amended Complaint Under Rule 12(b)(2) and Rule 12(b)(6)* filed by Plaintiffs Nechama Charlap, Estate of Rabbi Abraham Samuel (Avraham) Goldberg, Estate of Rabbi Aryeh Kupinsky, Estate of Rabbi Kalman (Cary) Levine, Estate of Rabbi Moshe Twersky, Estate of Zidan Saif, Adrian Goldberg, Briana Hazel Goldberg, Elisheva Goldberg, Libby Goldberg, Basya Yehudis Goldstein, Malka Goldstein, Miriam Goldstein, Mordechai Goldstein, Moshe Gedaliah Goldstein, Sarah Rivka Goldstein, Saul Goldstein, Deborah (Goldberg) Hammond, Norman Heching, Devorah Kupinsky, Eliyahu |

| | | |
|---|---|---|
| | | Kupinsky, Yakova Kupinsky, Yitzchak Kupinsky, Aharon Levine, Avraham Levine, Chana Levine, Haya Levine, Michal Levine, Moshe Levine, Shelley Levine, Stefanie Levine, Yerachmiel Levine, Yitzchok Meir Levine, Avraham Nefoussi, Bassheva Miriam Pelcovics, Akiva Pollack, Julia Saif, Nuhad Saif, Rinal Saif, Dana–Lee Salis, David Samuel Salis, Rivka (Goldberg) Sireling, Hadassa (Goldberg) Treuhaft, Avraham Twersky, Bashy Miriam Twersky, Meshulem Twersky, Refael Twersky, Rivka Walder, Chaya Werfel, Joseph Werfel. (Attachments: # 1 Declaration of Asher Perlin, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Declaration of Dr. Boaz Shnoor)(Calisher, Daniel) (Entered: 09/19/2022) |
| 09/09/2022 | 68 | ORDER: In light of the Amended filings 50 and 58 , Defendants' Motion to Dismiss 30 is DENIED as moot. SO ORDERED by Judge Raymond P. Moore on 9/9/2022. (Text Only Entry)(rmsec ) (Entered: 09/09/2022) |
| 09/06/2022 | 67 | Notice of Intervention by Intervenor United States of America. (Avallone, Zach) Modified on 9/9/2022 to correct docket title (sapod, ). (Entered: 09/06/2022) |
| 08/24/2022 | 66 | ORDER: This matter is before the Court on Plaintiffs' Unopposed Motion to Enlarge the Page Limit and for Extension of Time to Respond to Motion to Dismiss First Amended Complaint 65 . Being fully advised and finding good cause, the Motion is GRANTED. Plaintiffs shall have until September 19, 2022 in which to file their Response in Opposition to Defendants' Motion to Dismiss. Plaintiffs shall have leave to file a Response that is no longer than fifty–five (55) pages. SO ORDERED by Judge Raymond P. Moore on 8/24/2022. (Text Only Entry)(rmsec ) (Entered: 08/24/2022) |
| 08/24/2022 | 65 | Unopposed MOTION for Extension of Time to File Response/Reply as to 58 MOTION to Dismiss *Plaintiffs' First Amended Complaint Under Rule 12(b)(2) and Rule 12(b)(6) and to Enlarge the Page Limit* by Plaintiffs Nechama Charlap, Estate of Rabbi Abraham Samuel (Avraham) Goldberg, Estate of Rabbi Aryeh Kupinsky, Estate of Rabbi Kalman (Cary) Levine, Estate of Rabbi Moshe Twersky, Estate of Zidan Saif, Adrian Goldberg, Briana Hazel Goldberg, Elisheva Goldberg, Libby Goldberg, Basya Yehudis Goldstein, Malka Goldstein, Miriam Goldstein, Mordechai Goldstein, Moshe Gedaliah Goldstein, Sarah Rivka Goldstein, Saul Goldstein, Deborah (Goldberg) Hammond, Norman Heching, Devorah Kupinsky, Eliyahu Kupinsky, Yakova Kupinsky, Yitzchak Kupinsky, Aharon Levine, Avraham Levine, Chana Levine, Haya Levine, Michal Levine, Moshe Levine, Shelley Levine, Stefanie Levine, Yerachmiel Levine, Yitzchok Meir Levine, Avraham Nefoussi, Bassheva Miriam Pelcovics, Akiva Pollack, Julia Saif, Nuhad Saif, Rinal Saif, Dana–Lee Salis, David Samuel Salis, Rivka (Goldberg) Sireling, Hadassa (Goldberg) Treuhaft, Avraham Twersky, Bashy Miriam Twersky, Meshulem Twersky, Refael Twersky, Rivka Walder, Chaya Werfel, Joseph Werfel. (Attachments: # 1 Proposed Order (PDF Only))(Calisher, Daniel) (Entered: 08/24/2022) |
| 07/21/2022 | 64 | RETURN Certified Mail Receipt of Service upon the United States Attorney General on 7/18/2022, re: 62 Order. (sdunb, ) (Entered: 07/21/2022) |
| 07/07/2022 | 63 | Certified Mail by Clerk of Court re 62 Order, 58 MOTION to Dismiss *Plaintiffs' First Amended Complaint Under Rule 12(b)(2) and Rule 12(b)(6)*, 49 Restricted Document – Level 1, to United States Attorney General. (sdunb, ) (Entered: 07/07/2022) |
| 07/06/2022 | 62 | ORDER CERTIFYING MATTER TO THE UNITED STATES ATTORNEY GENERAL. It is ORDERED that Defendants' challenge to the constitutionality of the Promoting Security and Justice for Victims of Terrorism Act is certified to the United States Attorney General; and it is FURTHER ORDERED that the Clerk of this Court shall forward a copy of this Order, the 49 Amended Complaint, and the 58 Motion to Dismiss, both certified under seal, to the United States Attorney General. By Judge Raymond P. Moore on 7/6/2022. (sdunb, ) (Entered: 07/06/2022) |
| 07/06/2022 | 61 | ORDER: This matter is before the Court on Plaintiffs' Unopposed Motion for Extension of Time to Respond to the Motion to Dismiss the First Amended Complaint 60 . Being fully advised, the Motion is GRANTED. Plaintiffs shall have until September 6, 2022 in which to respond to the Motion to Dismiss. SO ORDERED by Judge Raymond P. Moore on 7/6/2022. (Text Only Entry)(rmsec) (Entered: 07/06/2022) |
| 07/06/2022 | 60 | Unopposed MOTION for Extension of Time to File Response/Reply as to 58 MOTION to Dismiss *Plaintiffs' First Amended Complaint Under Rule 12(b)(2) and Rule 12(b)(6)* by Plaintiffs Nechama Charlap, Estate of Rabbi Abraham Samuel (Avraham) Goldberg, Estate of Rabbi Aryeh Kupinsky, Estate of Rabbi Kalman (Cary) Levine, Estate of Rabbi Moshe Twersky, Estate of Zidan Saif, Adrian Goldberg, Briana Hazel Goldberg, Elisheva Goldberg, Libby Goldberg, Basya Yehudis Goldstein, Malka Goldstein, Miriam Goldstein, Mordechai Goldstein, Moshe Gedaliah |

| | | |
|---|---|---|
| | | Goldstein, Sarah Rivka Goldstein, Saul Goldstein, Deborah (Goldberg) Hammond, Norman Heching, Devorah Kupinsky, Eliyahu Kupinsky, Yakova Kupinsky, Yitzchak Kupinsky, Aharon Levine, Avraham Levine, Chana Levine, Haya Levine, Michal Levine, Moshe Levine, Shelley Levine, Stefanie Levine, Yerachmiel Levine, Yitzchok Meir Levine, Avraham Nefoussi, Bassheva Miriam Pelcovics, Akiva Pollack, Julia Saif, Nuhad Saif, Rinal Saif, Dana–Lee Salis, David Samuel Salis, Rivka (Goldberg) Sireling, Hadassa (Goldberg) Treuhaft, Avraham Twersky, Bashy Miriam Twersky, Meshulem Twersky, Refael Twersky, Rivka Walder, Chaya Werfel, Joseph Werfel. (Attachments: # 1 Proposed Order (PDF Only))(Calisher, Daniel) (Entered: 07/06/2022) |
| 07/05/2022 | 59 | NOTICE *OF CONSTITUTIONAL CHALLENGE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 5.1 TO 18 U.S.C. § 2334(e)* by Defendants Palestine Liberation Organization, The, Palestinian Authority, The (Baloul, Gassan) (Entered: 07/05/2022) |
| 06/27/2022 | 58 | MOTION to Dismiss *Plaintiffs' First Amended Complaint Under Rule 12(b)(2) and Rule 12(b)(6)* by Defendants Palestine Liberation Organization, The, Palestinian Authority, The. (Baloul, Gassan) (Entered: 06/27/2022) |
| 06/14/2022 | 57 | ORDER: After reviewing the unopposed motion 56 , and applicable parts of the court record, and being otherwise fully advised, the Court finds no response is required before ruling. See D.C.COLO.LCivR 7.1(d). And, upon such review, the Court also finds sufficient grounds for granting Defendants leave to submit a motion to dismiss that is no longer than forty–five (45) pages. Accordingly, the motion 56 is GRANTED. SO ORDERED by Judge Raymond P. Moore on 6/14/2022. (Text Only Entry)(rmsec ) (Entered: 06/14/2022) |
| 06/13/2022 | 56 | Unopposed MOTION for Leave to File Excess Pages *for Defendants' Motion to Dismiss the First Amended Complaint* by Defendants Palestine Liberation Organization, The, Palestinian Authority, The. (Attachments: # 1 Proposed Order (PDF Only))(Baloul, Gassan) (Entered: 06/13/2022) |
| 06/01/2022 | 55 | SUMMONS Returned Executed by All Plaintiffs. Riyad Mansour served on 5/26/2022, answer due 6/27/2022. (Perlin, Asher) (Entered: 06/01/2022) |
| 06/01/2022 | 54 | STIPULATION for Extension of Time to Answer or Respond to the Complaint by Defendant Riyad Mansour. Riyad Mansour answer due 6/27/2022. (Baloul, Gassan) (Entered: 06/01/2022) |
| 05/26/2022 | 53 | SUMMONS issued by Clerk. (sdunb, ) (Entered: 05/26/2022) |
| 05/25/2022 | 52 | SUMMONS REQUEST as to RIYAD MANSOUR by Plaintiffs Nechama Charlap, Estate of Rabbi Abraham Samuel (Avraham) Goldberg, Estate of Rabbi Aryeh Kupinsky, Estate of Rabbi Kalman (Cary) Levine, Estate of Rabbi Moshe Twersky, Estate of Zidan Saif, Adrian Goldberg, Briana Hazel Goldberg, Elisheva Goldberg, Libby Goldberg, Basya Yehudis Goldstein, Malka Goldstein, Miriam Goldstein, Mordechai Goldstein, Moshe Gedaliah Goldstein, Sarah Rivka Goldstein, Saul Goldstein, Deborah (Goldberg) Hammond, Norman Heching, Devorah Kupinsky, Eliyahu Kupinsky, Yakova Kupinsky, Yitzchak Kupinsky, Aharon Levine, Avraham Levine, Chana Levine, Haya Levine, Michal Levine, Moshe Levine, Shelley Levine, Stefanie Levine, Yerachmiel Levine, Yitzchok Meir Levine, Avraham Nefoussi, Bassheva Miriam Pelcovics, Akiva Pollack, Julia Saif, Nuhad Saif, Rinal Saif, Dana–Lee Salis, David Samuel Salis, Rivka (Goldberg) Sireling, Hadassa (Goldberg) Treuhaft, Avraham Twersky, Bashy Miriam Twersky, Meshulem Twersky, Refael Twersky, Rivka Walder, Chaya Werfel, Joseph Werfel, Intervenor United States of America. (Calisher, Daniel) (Entered: 05/25/2022) |
| 05/19/2022 | 51 | NOTICE re 42 Order on Motion for Extension of Time to File, 41 Unopposed MOTION for Extension of Time to *Decide Whether to Intervene*, 32 Order,, by Intervenor United States of America (Avallone, Zach) (Entered: 05/19/2022) |
| 05/17/2022 | 50 | AMENDED COMPLAINT *Unredacted* against Palestine Liberation Organization, The, Palestinian Authority, The, Riyad Mansour Attorney Jordan D. Factor added to party Chaya Werfel(pty:pla), Attorney Jordan D. Factor added to party Basya Yehudis Goldstein(pty:pla), filed by Estate of Zidan Saif, Avraham Nefoussi, Julia Saif, Briana Hazel Goldberg, Saul Goldstein, Stefanie Levine, Moshe Levine, Shelley Levine, Avraham Levine, Estate of Rabbi Abraham Samuel (Avraham) Goldberg, Yerachmiel Levine, Bashy Miriam Twersky, Akiva Pollack, Libby Goldberg, Miriam Goldstein, Sarah Rivka Goldstein, Rivka (Goldberg) Sireling, Devorah Kupinsky, Joseph Werfel, Nuhad Saif, Bassheva Miriam Pelcovics, Malka Goldstein, Estate of Rabbi Moshe Twersky, Elisheva Goldberg, David Samuel Salis, Adrian Goldberg, Dana–Lee Salis, Avraham Twersky, Mordechai Goldstein, Chana Levine, Yitzchak Kupinsky, Moshe Gedaliah Goldstein, Haya Levine, Rivka Walder, Yitzchok Meir Levine, Estate of Rabbi Aryeh Kupinsky, Michal Levine, Estate of Rabbi Kalman (Cary) Levine, Meshulem Twersky, Rinal Saif, Deborah (Goldberg) Hammond, Yakova Kupinsky, Hadassa (Goldberg) Treuhaft, Norman |

| | | Heching, Eliyahu Kupinsky, Nechama Charlap, Refael Twersky, Aharon Levine, Chaya Werfel, Basya Yehudis Goldstein.(Factor, Jordan) (Entered: 05/17/2022) |
|---|---|---|
| 05/13/2022 | 49 | RESTRICTED DOCUMENT – Level 1: First Amended Complaint and Jury Demand by Plaintiffs Nechama Charlap, Estate of Rabbi Abraham Samuel (Avraham) Goldberg, Estate of Rabbi Aryeh Kupinsky, Estate of Rabbi Kalman (Cary) Levine, Estate of Rabbi Moshe Twersky, Estate of Zidan Saif, Adrian Goldberg, Briana Hazel Goldberg, Elisheva Goldberg, Libby Goldberg, Malka Goldstein, Miriam Goldstein, Mordechai Goldstein, Moshe Gedaliah Goldstein, Sarah Rivka Goldstein, Saul Goldstein, Deborah (Goldberg) Hammond, Norman Heching, Devorah Kupinsky, Eliyahu Kupinsky, Yakova Kupinsky, Yitzchak Kupinsky, Aharon Levine, Avraham Levine, Chana Levine, Haya Levine, Michal Levine, Moshe Levine, Shelley Levine, Stefanie Levine, Yerachmiel Levine, Yitzchok Meir Levine, Avraham Nefoussi, Bassheva Miriam Pelcovics, Akiva Pollack, Julia Saif, Nuhad Saif, Rinal Saif, Dana–Lee Salis, David Samuel Salis, Rivka (Goldberg) Sireling, Hadassa (Goldberg) Treuhaft, Avraham Twersky, Bashy Miriam Twersky, Meshulem Twersky, Refael Twersky, Rivka Walder, Joseph Werfel.. (Factor, Jordan) Modified on 5/16/2022 to add title (sdunb, ). (Entered: 05/13/2022) |
| 05/09/2022 | 48 | ORDER granting 46 Motion to Continue. Plaintiffs shall file their Amended Complaint on or before 5/13/2022. Defendants shall respond to the Amended Complaint on or before 6/27/2022. Within seven (7) days after the completion of briefing on Defendants' motion to dismiss, the parties shall file a status report advising the Court of their positions as to the timing of a scheduling conference. SO ORDERED, by Magistrate Judge Scott T. Varholak on 5/9/2022. Text Only Entry(stvlc2, ) (Entered: 05/09/2022) |
| 05/09/2022 | 47 | MEMORANDUM regarding 46 Joint MOTION to Continue *and Status Report* filed by Bashy Miriam Twersky, Haya Levine, Avraham Twersky, Avraham Nefoussi, Rivka Walder, Moshe Levine, Estate of Zidan Saif, Adrian Goldberg, David Samuel Salis, Yakova Kupinsky, Elisheva Goldberg, Avraham Levine, Estate of Rabbi Moshe Twersky, Hadassa (Goldberg) Treuhaft, Yitzchak Meir Levine, Rivka (Goldberg) Sireling, Aharon Levine, Estate of Rabbi Kalman (Cary) Levine, Julia Saif, Bassheva Miriam Pelcovics, Yerachmiel Levine, Libby Goldberg, Miriam Goldstein, Yitzchak Kupinsky, Nuhad Saif, Mordechai Goldstein, Deborah (Goldberg) Hammond, Dana–Lee Salis, Chana Levine, Sarah Rivka Goldstein, Norman Heching, Briana Hazel Goldberg, Refael Twersky, Stefanie Levine, Shelley Levine, Meshulem Twersky, Moshe Gedaliah Goldstein, Estate of Rabbi Aryeh Kupinsky, Rinal Saif, Malka Goldstein, Akiva Pollack, Eliyahu Kupinsky, Nechama Charlap, Joseph Werfel, Saul Goldstein, Devorah Kupinsky, Michal Levine, Estate of Rabbi Abraham Samuel (Avraham) Goldberg. Motion referred to Magistrate Judge Scott T. Varholak. By Judge Raymond P. Moore on 5/9/2022. (Text Only Entry) (rmsec ) (Entered: 05/09/2022) |
| 05/09/2022 | 46 | Joint MOTION to Continue *and Status Report* by Plaintiffs Nechama Charlap, Estate of Rabbi Abraham Samuel (Avraham) Goldberg, Estate of Rabbi Aryeh Kupinsky, Estate of Rabbi Kalman (Cary) Levine, Estate of Rabbi Moshe Twersky, Estate of Zidan Saif, Adrian Goldberg, Briana Hazel Goldberg, Elisheva Goldberg, Libby Goldberg, Malka Goldstein, Miriam Goldstein, Mordechai Goldstein, Moshe Gedaliah Goldstein, Sarah Rivka Goldstein, Saul Goldstein, Deborah (Goldberg) Hammond, Norman Heching, Devorah Kupinsky, Eliyahu Kupinsky, Yakova Kupinsky, Yitzchak Kupinsky, Aharon Levine, Avraham Levine, Chana Levine, Haya Levine, Michal Levine, Moshe Levine, Shelley Levine, Stefanie Levine, Yerachmiel Levine, Yitzchak Meir Levine, Avraham Nefoussi, Bassheva Miriam Pelcovics, Akiva Pollack, Julia Saif, Nuhad Saif, Rinal Saif, Dana–Lee Salis, David Samuel Salis, Rivka (Goldberg) Sireling, Hadassa (Goldberg) Treuhaft, Avraham Twersky, Bashy Miriam Twersky, Meshulem Twersky, Refael Twersky, Rivka Walder, Joseph Werfel. (Attachments: # 1 Proposed Order (PDF Only))(Calisher, Daniel) (Entered: 05/09/2022) |
| 05/06/2022 | 45 | NOTICE of Entry of Appearance by Amy Brown Doolittle on behalf of Palestine Liberation Organization, The, Palestinian Authority, TheAttorney Amy Brown Doolittle added to party Palestine Liberation Organization, The(pty:dft), Attorney Amy Brown Doolittle added to party Palestinian Authority, The(pty:dft) (Doolittle, Amy) (Entered: 05/06/2022) |
| 05/03/2022 | 44 | ADVISORY NOTICE OF NONCOMPLIANCE WITH COURT RULES/PROCEDURES: re 43 Notice of Change of Address/Contact Information filed by attorney Brent R. Owen. **DO NOT REFILE THE DOCUMENT. Action to take –** counsel must submit a change of contact request through the Manage my Account tab at the PACER website at https://www.pacer.gov/, pursuant to D.C.COLO.LAttyR 5(c) and 3.5 of the Electronic Case Filing Procedures (Civil cases).(Text Only Entry) (sdunb, ) (Entered: 05/03/2022) |

| 05/02/2022 | 43 | NOTICE of Change of Address/Contact Information *Squire Patton Boggs (US) LLP* by Brent Rollow Owen (Owen, Brent) (Entered: 05/02/2022) |
| 04/27/2022 | 42 | ORDER: This matter is before the Court on the Motion of the United States of America for an Extension of Time to Decide Whether to Intervene 41 . The Motion is unopposed by the Parties. Being fully advised, the Motion is GRANTED. The United States of America shall have until May 20, 2022 in which to decide whether to intervene in this matter pursuant to Fed. R. Civ. P. 5.1. SO ORDERED by Judge Raymond P. Moore on 4/27/2022. (Text Only Entry)(rmsec ) (Entered: 04/27/2022) |
| 04/27/2022 | 41 | Unopposed MOTION for Extension of Time to *Decide Whether to Intervene* by Intervenor United States of America. (Avallone, Zach) (Entered: 04/27/2022) |
| 04/07/2022 | 40 | CONSENT to Jurisdiction of Magistrate Judge by Defendants Palestine Liberation Organization, The, Palestinian Authority, The All parties do not consent.. (Baloul, Gassan) (Entered: 04/07/2022) |
| 03/11/2022 | 38 | NOTICE of Supplemental Authorities by Defendants Palestine Liberation Organization, The, Palestinian Authority, The (Attachments: # 1 Mar. 10, 2022 Sokolow Decision)(Baloul, Gassan) (Entered: 03/11/2022) |
| 03/10/2022 | 39 | Certified Mail Receipt for Service upon United States Attorney General on 03/7/2022 re 33 Certificate of Service.(sdunb, ) (Entered: 03/11/2022) |
| 03/08/2022 | 36 | ORDER granting 34 Motion for Extension of Time. Plaintiff shall respond to Defendants' Motion to Dismiss on or before 5/13/2022. The Scheduling Conference set for 3/29/2022 is VACATED. The parties shall file a status report regarding resetting the scheduling conference on or before 5/11/2022. SO ORDERED, by Magistrate Judge Scott T. Varholak on 3/8/2022. Text Only Entry(stvlc2, ) (Entered: 03/08/2022) |
| 03/08/2022 | 35 | MEMORANDUM regarding 34 MOTION for Extension of Time to File Response/Reply as to 30 MOTION to Dismiss *Plaintiffs' Complaint and Joint Motion to Adjourn Scheduling Conference* filed by Bashy Miriam Twersky, Haya Levine, Avraham Twersky, Avraham Nefoussi, Rivka Walder, Moshe Levine, Estate of Zidan Saif, Adrian Goldberg, David Samuel Salis, Yakova Kupinsky, Elisheva Goldberg, Avraham Levine, Estate of Rabbi Moshe Twersky, Hadassa (Goldberg) Treuhaft, Yitzchok Meir Levine, Rivka (Goldberg) Sireling, Aharon Levine, Estate of Rabbi Kalman (Cary) Levine, Julia Saif, Bassheva Miriam Pelcovics, Yerachmiel Levine, Libby Goldberg, Miriam Goldstein, Yitzchak Kupinsky, Nuhad Saif, Mordechai Goldstein, Deborah (Goldberg) Hammond, Dana–Lee Salis, Chana Levine, Sarah Rivka Goldstein, Norman Heching, Briana Hazel Goldberg, Refael Twersky, Stefanie Levine, Shelley Levine, Meshulem Twersky, Moshe Gedaliah Goldstein, Estate of Rabbi Aryeh Kupinsky, Rinal Saif, Malka Goldstein, Akiva Pollack, Eliyahu Kupinsky, Nechama Charlap, Joseph Werfel, Saul Goldstein, Devorah Kupinsky, Michal Levine, Estate of Rabbi Abraham Samuel (Avraham) Goldberg. Motion referred to Magistrate Judge Scott T. Varholak. By Judge Raymond P. Moore on 3/8/2022. (Text Only Entry) (rmsec ) (Entered: 03/08/2022) |
| 03/07/2022 | 37 | Certified Mail Receipt for Service upon United States Attorney on 03/4/2022 re 33 Certificate of Service. (sdunb, ) (Entered: 03/10/2022) |
| 03/07/2022 | 34 | MOTION for Extension of Time to File Response/Reply as to 30 MOTION to Dismiss *Plaintiffs' Complaint and Joint Motion to Adjourn Scheduling Conference* by Plaintiffs Nechama Charlap, Estate of Rabbi Abraham Samuel (Avraham) Goldberg, Estate of Rabbi Aryeh Kupinsky, Estate of Rabbi Kalman (Cary) Levine, Estate of Rabbi Moshe Twersky, Estate of Zidan Saif, Adrian Goldberg, Briana Hazel Goldberg, Elisheva Goldberg, Libby Goldberg, Malka Goldstein, Miriam Goldstein, Mordechai Goldstein, Moshe Gedaliah Goldstein, Sarah Rivka Goldstein, Saul Goldstein, Deborah (Goldberg) Hammond, Norman Heching, Devorah Kupinsky, Eliyahu Kupinsky, Yakova Kupinsky, Yitzchak Kupinsky, Aharon Levine, Avraham Levine, Chana Levine, Haya Levine, Michal Levine, Moshe Levine, Shelley Levine, Stefanie Levine, Yerachmiel Levine, Yitzchok Meir Levine, Avraham Nefoussi, Bassheva Miriam Pelcovics, Akiva Pollack, Julia Saif, Nuhad Saif, Rinal Saif, Dana–Lee Salis, David Samuel Salis, Rivka (Goldberg) Sireling, Hadassa (Goldberg) Treuhaft, Avraham Twersky, Bashy Miriam Twersky, Meshulem Twersky, Refael Twersky, Rivka Walder, Joseph Werfel. (Attachments: # 1 Proposed Order (PDF Only))(Factor, Jordan) (Entered: 03/07/2022) |
| 02/28/2022 | 33 | CERTIFICATE re 31 Notice of constitutional challenge to the Promoting Security and Justice for Victims of Terrorism Act of 2019 (PSJVTA). (sdunb, ) (Entered: 02/28/2022) |

| 02/28/2022 | 32 | ORDER CERTIFYING MATTER TO THE UNITED STATES ATTORNEY GENERAL. It is: ORDERED that Defendants' challenge to the constitutionality of the Promoting Security and Justice for Victims of Terrorism Act is certified to the United States Attorney General; and it is FURTHER ORDERED that the Clerk of this Court shall forward a copy of this Order, the Complaint (ECF No. 1), and the Motion to Dismiss (ECF No. 30), both certified under seal, to the United States Attorney General. By Judge Raymond P. Moore on 02/28/2022. (sdunb, ) (Entered: 02/28/2022) |
| --- | --- | --- |
| 02/28/2022 | 31 | NOTICE *of constitutional challenge to the Promoting Security and Justice for Victims of Terrorism Act of 2019 (PSJVTA)* by Defendants Palestine Liberation Organization, The, Palestinian Authority, The (Baloul, Gassan) (Entered: 02/28/2022) |
| 02/21/2022 | 30 | MOTION to Dismiss *Plaintiffs' Complaint* by Defendants Palestine Liberation Organization, The, Palestinian Authority, The. (Baloul, Gassan) (Entered: 02/21/2022) |
| 02/14/2022 | 29 | ORDER: After reviewing the unopposed motion 28, and applicable parts of the court record, and being otherwise fully advised, the Court finds no response is required before ruling. *See* D.C.COLO.LCivR 7.1(d). And, upon such review, the Court also finds sufficient grounds for granting Defendants leave to submit a motion to dismiss that is no longer than thirty–five (35) pages. Accordingly, the motion 28 is GRANTED. SO ORDERED by Judge Raymond P. Moore on 2/14/2022. (Text Only Entry)(rmsec ) (Entered: 02/14/2022) |
| 02/14/2022 | 28 | Unopposed MOTION for Leave to File Excess Pages *(ENLARGE PAGE LIMITS FOR DEFENDANTS MOTION TO DISMISS)* by Defendants Palestine Liberation Organization, The, Palestinian Authority, The. (Attachments: # 1 Proposed Order (PDF Only))(Baloul, Gassan) (Entered: 02/14/2022) |
| 01/03/2022 | 27 | STIPULATED PROTECTIVE ORDER by Magistrate Judge Scott T. Varholak on 3 January 2022. (cmadr, ) (Entered: 01/03/2022) |
| 01/03/2022 | 26 | ORDER granting 23 Motion for Protective Order. The Court will enter the protective order proposed by the parties. SO ORDERED, by Magistrate Judge Scott T. Varholak on 1/3/2022. Text Only Entry(stvlc2, ) (Entered: 01/03/2022) |
| 01/03/2022 | 25 | ORDER granting 21 Motion to Continue. The Scheduling Conference set for 1/19/2022 is VACATED and RESET for 3/29/2022 09:30 AM in Courtroom A 402 before Magistrate Judge Scott T. Varholak. Joint Proposed Scheduling Order due 3/22/2022. SO ORDERED, by Magistrate Judge Scott T. Varholak on 1/3/2022. Text Only Entry(stvlc2, ) (Entered: 01/03/2022) |
| 01/03/2022 | 24 | MEMORANDUM regarding 23 Joint MOTION for Protective Order filed by Palestine Liberation Organization, The, Palestinian Authority, The. Motion referred to Magistrate Judge Scott T. Varholak. By Judge Raymond P. Moore on 1/3/2022. (Text Only Entry) (rmsec ) (Entered: 01/03/2022) |
| 01/03/2022 | 23 | Joint MOTION for Protective Order by Defendants Palestine Liberation Organization, The, Palestinian Authority, The. (Attachments: # 1 Proposed Order (PDF Only) Stipulated Protective Order)(Baloul, Gassan) (Entered: 01/03/2022) |
| 12/30/2021 | 22 | MEMORANDUM regarding 21 Joint MOTION to Continue *Scheduling Conference* filed by Bashy Miriam Twersky, Haya Levine, Avraham Twersky, Avraham Nefoussi, Rivka Walder, Moshe Levine, Estate of Zidan Saif, Adrian Goldberg, David Samuel Salis, Yakova Kupinsky, Elisheva Goldberg, Avraham Levine, Estate of Rabbi Moshe Twersky, Hadassa (Goldberg) Treuhaft, Yitzchok Meir Levine, Rivka (Goldberg) Sireling, Aharon Levine, Estate of Rabbi Kalman (Cary) Levine, Julia Saif, Bassheva Miriam Pelcovics, Yerachmiel Levine, Libby Goldberg, Miriam Goldstein, Yitzchak Kupinsky, Nuhad Saif, Mordechai Goldstein, Deborah (Goldberg) Hammond, Dana–Lee Salis, Chana Levine, Sarah Rivka Goldstein, Norman Heching, Briana Hazel Goldberg, Refael Twersky, Stefanie Levine, Shelley Levine, Meshulem Twersky, Moshe Gedaliah Goldstein, Estate of Rabbi Aryeh Kupinsky, Rinal Saif, Malka Goldstein, Akiva Pollack, Eliyahu Kupinsky, Nechama Charlap, Joseph Werfel, Saul Goldstein, Devorah Kupinsky, Michal Levine, Estate of Rabbi Abraham Samuel (Avraham) Goldberg. Motion referred to Magistrate Judge Scott T. Varholak. Entered by Judge Raymond P. Moore on 12/30/2021. Text Only Entry (cpear) (Entered: 12/30/2021) |
| 12/30/2021 | 21 | Joint MOTION to Continue *Scheduling Conference* by Plaintiffs Nechama Charlap, Estate of Rabbi Abraham Samuel (Avraham) Goldberg, Estate of Rabbi Aryeh Kupinsky, Estate of Rabbi Kalman (Cary) Levine, Estate of Rabbi Moshe Twersky, Estate of Zidan Saif, Adrian Goldberg, Briana Hazel Goldberg, Elisheva Goldberg, Libby Goldberg, Malka Goldstein, Miriam Goldstein, Mordechai Goldstein, Moshe Gedaliah Goldstein, Sarah Rivka Goldstein, Saul Goldstein, |

| | | Deborah (Goldberg) Hammond, Norman Heching, Devorah Kupinsky, Eliyahu Kupinsky, Yakova Kupinsky, Yitzchak Kupinsky, Aharon Levine, Avraham Levine, Chana Levine, Haya Levine, Michal Levine, Moshe Levine, Shelley Levine, Stefanie Levine, Yerachmiel Levine, Yitzchok Meir Levine, Avraham Nefoussi, Bashsheva Miriam Pelcovics, Akiva Pollack, Julia Saif, Nuhad Saif, Rinal Saif, Dana–Lee Salis, David Samuel Salis, Rivka (Goldberg) Sireling, Hadassa (Goldberg) Treuhaft, Avraham Twersky, Bashy Miriam Twersky, Meshulem Twersky, Refael Twersky, Rivka Walder, Joseph Werfel. (Calisher, Daniel) (Entered: 12/30/2021) |
|---|---|---|
| 11/30/2021 | 20 | NOTICE of Entry of Appearance by David J. Lizmi on behalf of The Palestine Liberation Organization, The Palestinian AuthorityAttorney David J. Lizmi added to party The Palestine Liberation Organization(pty:dft), Attorney David J. Lizmi added to party The Palestinian Authority(pty:dft) (Lizmi, David) (Entered: 11/30/2021) |
| 11/30/2021 | 19 | NOTICE of Entry of Appearance by Brent Rollow Owen on behalf of The Palestine Liberation Organization, The Palestinian AuthorityAttorney Brent Rollow Owen added to party The Palestine Liberation Organization(pty:dft), Attorney Brent Rollow Owen added to party The Palestinian Authority(pty:dft) (Owen, Brent) (Entered: 11/30/2021) |
| 11/30/2021 | 18 | NOTICE of Entry of Appearance by Joseph S. Alonzo on behalf of The Palestine Liberation Organization, The Palestinian AuthorityAttorney Joseph S. Alonzo added to party The Palestine Liberation Organization(pty:dft), Attorney Joseph S. Alonzo added to party The Palestinian Authority(pty:dft) (Alonzo, Joseph) (Entered: 11/30/2021) |
| 11/30/2021 | 17 | NOTICE of Entry of Appearance by Mitchell R. Berger on behalf of The Palestine Liberation Organization, The Palestinian AuthorityAttorney Mitchell R. Berger added to party The Palestine Liberation Organization(pty:dft), Attorney Mitchell R. Berger added to party The Palestinian Authority(pty:dft) (Berger, Mitchell) (Entered: 11/30/2021) |
| 11/30/2021 | 16 | NOTICE of Entry of Appearance by Gassan A. Baloul on behalf of The Palestine Liberation Organization, The Palestinian AuthorityAttorney Gassan A. Baloul added to party The Palestine Liberation Organization(pty:dft), Attorney Gassan A. Baloul added to party The Palestinian Authority(pty:dft) (Baloul, Gassan) (Entered: 11/30/2021) |
| 11/22/2021 | 15 | WAIVER OF SERVICE Returned Executed by Estate of Zidan Saif, Avraham Nefoussi, Julia Saif, Briana Hazel Goldberg, Saul Goldstein, Stefanie Levine, Moshe Levine, Shelley Levine, Avraham Levine, Estate of Rabbi Abraham Samuel (Avraham) Goldberg, Yerachmiel Levine, Bashy Miriam Twersky, Akiva Pollack, Libby Goldberg, Miriam Goldstein, Sarah Rivka Goldstein, Rivka (Goldberg) Sireling, Devorah Kupinsky, Joseph Werfel, Nuhad Saif, Bashsheva Miriam Pelcovics, Malka Goldstein, Estate of Rabbi Moshe Twersky, Elisheva Goldberg, David Samuel Salis, Adrian Goldberg, Dana–Lee Salis, Avraham Twersky, Mordechai Goldstein, Chana Levine, Yitzchak Kupinsky, Moshe Gedaliah Goldstein, Haya Levine, Rivka Walder, Yitzchok Meir Levine, Estate of Rabbi Aryeh Kupinsky, Michal Levine, Estate of Rabbi Kalman (Cary) Levine, Meshulem Twersky, Rinal Saif, Deborah (Goldberg) Hammond, Yakova Kupinsky, Hadassa (Goldberg) Treuhaft, Norman Heching, Eliyahu Kupinsky, Nechama Charlap, Refael Twersky, Aharon Levine. All Defendants. (Perlin, Asher) (Entered: 11/22/2021) |
| 11/18/2021 | 14 | SUMMONS issued by Clerk. (Attachments: # 1 Summons, # 2 Magistrate Judge Consent Form) (agarc, ) (Entered: 11/18/2021) |
| 11/18/2021 | 13 | AFFIDAVIT re 1 Complaint,,,,,,,,,,,,,,,,,,,,,,,, *Requesting Foreign Mailing of Complaint and Summonses* by Plaintiffs Nechama Charlap, Estate of Rabbi Abraham Samuel (Avraham) Goldberg, Estate of Rabbi Aryeh Kupinsky, Estate of Rabbi Kalman (Cary) Levine, Estate of Rabbi Moshe Twersky, Estate of Zidan Saif, Adrian Goldberg, Briana Hazel Goldberg, Elisheva Goldberg, Libby Goldberg, Malka Goldstein, Miriam Goldstein, Mordechai Goldstein, Moshe Gedaliah Goldstein, Sarah Rivka Goldstein, Saul Goldstein, Deborah (Goldberg) Hammond, Norman Heching, Devorah Kupinsky, Eliyahu Kupinsky, Yakova Kupinsky, Yitzchak Kupinsky, Aharon Levine, Avraham Levine, Chana Levine, Haya Levine, Michal Levine, Moshe Levine, Shelley Levine, Stefanie Levine, Yerachmiel Levine, Yitzchok Meir Levine, Avraham Nefoussi, Bashsheva Miriam Pelcovics, Akiva Pollack, Julia Saif, Nuhad Saif, Rinal Saif, Dana–Lee Salis, David Samuel Salis, Rivka (Goldberg) Sireling, Hadassa (Goldberg) Treuhaft, Avraham Twersky, Bashy Miriam Twersky, Meshulem Twersky, Refael Twersky, Rivka Walder, Joseph Werfel. (Perlin, Asher) (Entered: 11/18/2021) |
| 11/16/2021 | 12 | SUMMONS REQUEST as to The Palestinian Authority by Plaintiffs Nechama Charlap, Estate of Rabbi Abraham Samuel (Avraham) Goldberg, Estate of Rabbi Aryeh Kupinsky, Estate of Rabbi Kalman (Cary) Levine, Estate of Rabbi Moshe Twersky, Estate of Zidan Saif, Adrian Goldberg, Briana Hazel Goldberg, Elisheva Goldberg, Libby Goldberg, Malka Goldstein, Miriam Goldstein, |

| | | Mordechai Goldstein, Moshe Gedaliah Goldstein, Sarah Rivka Goldstein, Saul Goldstein, Deborah (Goldberg) Hammond, Norman Heching, Devorah Kupinsky, Eliyahu Kupinsky, Yakova Kupinsky, Yitzchak Kupinsky, Aharon Levine, Avraham Levine, Chana Levine, Haya Levine, Michal Levine, Moshe Levine, Shelley Levine, Stefanie Levine, Yerachmiel Levine, Yitzchok Meir Levine, Avraham Nefoussi, Bassheva Miriam Pelcovics, Akiva Pollack, Julia Saif, Nuhad Saif, Rinal Saif, Dana–Lee Salis, David Samuel Salis, Rivka (Goldberg) Sireling, Hadassa (Goldberg) Treuhaft, Avraham Twersky, Bashy Miriam Twersky, Meshulem Twersky, Refael Twersky, Rivka Walder, Joseph Werfel. (Calisher, Daniel) (Entered: 11/16/2021) |
|---|---|---|
| 11/16/2021 | 11 | SUMMONS REQUEST as to The Palestine Liberation Organization by Plaintiffs Nechama Charlap, Estate of Rabbi Abraham Samuel (Avraham) Goldberg, Estate of Rabbi Aryeh Kupinsky, Estate of Rabbi Kalman (Cary) Levine, Estate of Rabbi Moshe Twersky, Estate of Zidan Saif, Adrian Goldberg, Briana Hazel Goldberg, Elisheva Goldberg, Libby Goldberg, Malka Goldstein, Miriam Goldstein, Mordechai Goldstein, Moshe Gedaliah Goldstein, Sarah Rivka Goldstein, Saul Goldstein, Deborah (Goldberg) Hammond, Norman Heching, Devorah Kupinsky, Eliyahu Kupinsky, Yakova Kupinsky, Yitzchak Kupinsky, Aharon Levine, Avraham Levine, Chana Levine, Haya Levine, Michal Levine, Moshe Levine, Shelley Levine, Stefanie Levine, Yerachmiel Levine, Yitzchok Meir Levine, Avraham Nefoussi, Bassheva Miriam Pelcovics, Akiva Pollack, Julia Saif, Nuhad Saif, Rinal Saif, Dana–Lee Salis, David Samuel Salis, Rivka (Goldberg) Sireling, Hadassa (Goldberg) Treuhaft, Avraham Twersky, Bashy Miriam Twersky, Meshulem Twersky, Refael Twersky, Rivka Walder, Joseph Werfel. (Calisher, Daniel) (Entered: 11/16/2021) |
| 11/15/2021 | 10 | ORDER SETTING SCHEDULING CONFERENCE by Magistrate Judge Scott T. Varholak on 15 November 2021. Proposed Scheduling Order due 1/12/2022. Scheduling Conference set for 1/19/2022 11:30 AM in Courtroom A 402 before Magistrate Judge Scott T. Varholak. (cmadr, ) (Entered: 11/15/2021) |
| 11/12/2021 | 9 | MINUTE ORDER: With the assignment of this matter, the parties are advised that throughout this case they are expected to be familiar and comply with not only the Local Rules of this District, but also Judge Raymond P. Moore's Civil Practice Standards, which may be found at: http://www.cod.uscourts.gov/JudicialOfficers/ActiveArticleIIIJudges/HonRaymondPMoore.aspx. SO ORDERED by Judge Raymond P. Moore on 11/12/2021. (Text Only Entry) (rmsec ) (Entered: 11/12/2021) |
| 11/12/2021 | 8 | ORDER REFERRING CASE to Magistrate Judge Scott T. Varholak. Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b), this case is referred to the assigned United States Magistrate Judge to (1) convene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a scheduling order meeting the requirements of D.C.COLO.LCivR 16.2, (2) conduct such status conferences and issue such orders necessary for compliance with the scheduling order, including amendments or modifications of the scheduling order upon a showing of good cause, (3) hear and determine pretrial matters, including discovery and other non–dispositive motions, (4) conduct a pretrial conference and enter a pretrial order, and (5) conduct hearings, including evidentiary hearings, and submit proposed findings of fact and recommendations for rulings on dispositive motions. Court sponsored alternative dispute resolution is governed by D.C.COLO.LCivR 16.6. On the recommendation or informal request of the magistrate judge or on the request of the parties by motion, this court may direct the parties to engage in an early neutral evaluation, a settlement conference, or another alternative dispute resolution proceeding. By Judge Raymond P. Moore on 11/12/2021. (Text Only Entry) (rmsec ) (Entered: 11/12/2021) |
| 11/12/2021 | 5 | NOTICE of Entry of Appearance by Jordan D. Factor on behalf of All Plaintiffs Attorney Jordan D. Factor added to party Nechama Charlap(pty:pla), Attorney Jordan D. Factor added to party Estate of Rabbi Abraham Samuel (Avraham) Goldberg(pty:pla), Attorney Jordan D. Factor added to party Estate of Rabbi Aryeh Kupinsky(pty:pla), Attorney Jordan D. Factor added to party Estate of Rabbi Kalman (Cary) Levine(pty:pla), Attorney Jordan D. Factor added to party Estate of Rabbi Moshe Twersky(pty:pla), Attorney Jordan D. Factor added to party Estate of Zidan Saif(pty:pla), Attorney Jordan D. Factor added to party Adrian Goldberg(pty:pla), Attorney Jordan D. Factor added to party Briana Hazel Goldberg(pty:pla), Attorney Jordan D. Factor added to party Elisheva Goldberg(pty:pla), Attorney Jordan D. Factor added to party Libby Goldberg(pty:pla), Attorney Jordan D. Factor added to party Malka Goldstein(pty:pla), Attorney Jordan D. Factor added to party Miriam Goldstein(pty:pla), Attorney Jordan D. Factor added to party Mordechai Goldstein(pty:pla), Attorney Jordan D. Factor added to party Moshe Gedaliah Goldstein(pty:pla), Attorney Jordan D. Factor added to party Sarah Rivka Goldstein(pty:pla), Attorney Jordan D. Factor added to party Saul Goldstein(pty:pla), Attorney Jordan D. Factor added to party Deborah (Goldberg) Hammond(pty:pla), Attorney Jordan D. Factor added to party Norman Heching(pty:pla), Attorney Jordan D. Factor added to party Devorah Kupinsky(pty:pla), |

| | | |
|---|---|---|
| | | Attorney Jordan D. Factor added to party Eliyahu Kupinsky(pty:pla), Attorney Jordan D. Factor added to party Yakova Kupinsky(pty:pla), Attorney Jordan D. Factor added to party Yitzchak Kupinsky(pty:pla), Attorney Jordan D. Factor added to party Aharon Levine(pty:pla), Attorney Jordan D. Factor added to party Avraham Levine(pty:pla), Attorney Jordan D. Factor added to party Chana Levine(pty:pla), Attorney Jordan D. Factor added to party Haya Levine(pty:pla), Attorney Jordan D. Factor added to party Michal Levine(pty:pla), Attorney Jordan D. Factor added to party Moshe Levine(pty:pla), Attorney Jordan D. Factor added to party Shelley Levine(pty:pla), Attorney Jordan D. Factor added to party Stefanie Levine(pty:pla), Attorney Jordan D. Factor added to party Yerachmiel Levine(pty:pla), Attorney Jordan D. Factor added to party Yitzchok Meir Levine(pty:pla), Attorney Jordan D. Factor added to party Avraham Nefoussi(pty:pla), Attorney Jordan D. Factor added to party Bassheva Miriam Pelcovics(pty:pla), Attorney Jordan D. Factor added to party Akiva Pollack(pty:pla), Attorney Jordan D. Factor added to party Julia Saif(pty:pla), Attorney Jordan D. Factor added to party Nuhad Saif(pty:pla), Attorney Jordan D. Factor added to party Rinal Saif(pty:pla), Attorney Jordan D. Factor added to party Dana–Lee Salis(pty:pla), Attorney Jordan D. Factor added to party David Samuel Salis(pty:pla), Attorney Jordan D. Factor added to party Rivka (Goldberg) Sireling(pty:pla), Attorney Jordan D. Factor added to party Hadassa (Goldberg) Treuhaft(pty:pla), Attorney Jordan D. Factor added to party Avraham Twersky(pty:pla), Attorney Jordan D. Factor added to party Bashy Miriam Twersky(pty:pla), Attorney Jordan D. Factor added to party Meshulem Twersky(pty:pla), Attorney Jordan D. Factor added to party Refael Twersky(pty:pla), Attorney Jordan D. Factor added to party Rivka Walder(pty:pla), Attorney Jordan D. Factor added to party Joseph Werfel(pty:pla) (Factor, Jordan) (Entered: 11/12/2021) |
| 11/12/2021 | 4 | NOTICE of Entry of Appearance by Asher Perlin on behalf of All Plaintiffs Attorney Asher Perlin added to party A.D.G.(pty:pla), Attorney Asher Perlin added to party A.T.(pty:pla), Attorney Asher Perlin added to party B.G.(pty:pla), Attorney Asher Perlin added to party B.Y.G.(pty:pla), Attorney Asher Perlin added to party C.T.(pty:pla), Attorney Asher Perlin added to party Nechama Charlap(pty:pla), Attorney Asher Perlin added to party E.C.(pty:pla), Attorney Asher Perlin added to party E.G.(pty:pla), Attorney Asher Perlin added to party E.T.(1)(pty:pla), Attorney Asher Perlin added to party E.T.(2)(pty:pla), Attorney Asher Perlin added to party E.Y.S.(pty:pla), Attorney Asher Perlin added to party Estate of Rabbi Abraham Samuel (Avraham) Goldberg(pty:pla), Attorney Asher Perlin added to party Estate of Rabbi Aryeh Kupinsky(pty:pla), Attorney Asher Perlin added to party Estate of Rabbi Kalman (Cary) Levine(pty:pla), Attorney Asher Perlin added to party Estate of Rabbi Moshe Twersky(pty:pla), Attorney Asher Perlin added to party Estate of Zidan Saif(pty:pla), Attorney Asher Perlin added to party Adrian Goldberg(pty:pla), Attorney Asher Perlin added to party Briana Hazel Goldberg(pty:pla), Attorney Asher Perlin added to party Elisheva Goldberg(pty:pla), Attorney Asher Perlin added to party Libby Goldberg(pty:pla), Attorney Asher Perlin added to party Malka Goldstein(pty:pla), Attorney Asher Perlin added to party Miriam Goldstein(pty:pla), Attorney Asher Perlin added to party Mordechai Goldstein(pty:pla), Attorney Asher Perlin added to party Moshe Gedaliah Goldstein(pty:pla), Attorney Asher Perlin added to party Sarah Rivka Goldstein(pty:pla), Attorney Asher Perlin added to party Saul Goldstein(pty:pla), Attorney Asher Perlin added to party H.Y.A.(pty:pla), Attorney Asher Perlin added to party Deborah (Goldberg) Hammond(pty:pla), Attorney Asher Perlin added to party Norman Heching(pty:pla), Attorney Asher Perlin added to party I.C.(pty:pla), Attorney Asher Perlin added to party I.T.(pty:pla), Attorney Asher Perlin added to party I.W.(pty:pla), Attorney Asher Perlin added to party Devorah Kupinsky(pty:pla), Attorney Asher Perlin added to party Eliyahu Kupinsky(pty:pla), Attorney Asher Perlin added to party Yakova Kupinsky(pty:pla), Attorney Asher Perlin added to party Yitzchak Kupinsky(pty:pla), Attorney Asher Perlin added to party L.S.(pty:pla), Attorney Asher Perlin added to party L.Y.P.(pty:pla), Attorney Asher Perlin added to party Aharon Levine(pty:pla), Attorney Asher Perlin added to party Avraham Levine(pty:pla), Attorney Asher Perlin added to party Chana Levine(pty:pla), Attorney Asher Perlin added to party Haya Levine(pty:pla), Attorney Asher Perlin added to party Michal Levine(pty:pla), Attorney Asher Perlin added to party Moshe Levine(pty:pla), Attorney Asher Perlin added to party Shelley Levine(pty:pla), Attorney Asher Perlin added to party Stefanie Levine(pty:pla), Attorney Asher Perlin added to party Yerachmiel Levine(pty:pla), Attorney Asher Perlin added to party Yitzchok Meir Levine(pty:pla), Attorney Asher Perlin added to party M.K.(pty:pla), Attorney Asher Perlin added to party M.T.(pty:pla), Attorney Asher Perlin added to party N.B.P.(pty:pla), Attorney Asher Perlin added to party N.G.(pty:pla), Attorney Asher Perlin added to party Avraham Nefoussi(pty:pla), Attorney Asher Perlin added to party Bassheva Miriam Pelcovics(pty:pla), Attorney Asher Perlin added to party Akiva Pollack(pty:pla), Attorney Asher Perlin added to party R.T.(1)(pty:pla), Attorney Asher Perlin added to party R.T.(2)(pty:pla), Attorney Asher Perlin added to party S.T.(pty:pla), Attorney Asher Perlin added to party Julia Saif(pty:pla), Attorney Asher Perlin added to party Nuhad Saif(pty:pla), Attorney Asher Perlin added to party Rinal Saif(pty:pla), Attorney Asher Perlin added to party Dana–Lee Salis(pty:pla), Attorney |

| | | |
|---|---|---|
| | | Asher Perlin added to party David Samuel Salis(pty:pla), Attorney Asher Perlin added to party Rivka (Goldberg) Sireling(pty:pla), Attorney Asher Perlin added to party Hadassa (Goldberg) Treuhaft(pty:pla), Attorney Asher Perlin added to party Avraham Twersky(pty:pla), Attorney Asher Perlin added to party Bashy Miriam Twersky(pty:pla), Attorney Asher Perlin added to party Meshulem Twersky(pty:pla), Attorney Asher Perlin added to party Refael Twersky(pty:pla), Attorney Asher Perlin added to party Rivka Walder(pty:pla), Attorney Asher Perlin added to party Joseph Werfel(pty:pla), Attorney Asher Perlin added to party Y.A.W.(pty:pla), Attorney Asher Perlin added to party Y.C.P.(pty:pla), Attorney Asher Perlin added to party Y.K.(pty:pla), Attorney Asher Perlin added to party Y.M.P.(pty:pla), Attorney Asher Perlin added to party Y.T.(pty:pla), Attorney Asher Perlin added to party Y.W.(pty:pla), Attorney Asher Perlin added to party Y.Y.L(pty:pla) (Perlin, Asher) (Entered: 11/12/2021) |
| 11/11/2021 | 7 | Magistrate Judge consent form issued pursuant to 28 U.S.C. 636(c). Summons submitted has incomplete caption and not issued. Please file completed summons for issuance using the event Summons Request. (norlin, ) (Entered: 11/12/2021) |
| 11/11/2021 | 6 | Case assigned to Judge Raymond P. Moore and drawn to Magistrate Judge Scott T. Varholak. Text Only Entry (norlin, ) (Entered: 11/12/2021) |
| 11/11/2021 | 3 | SUMMONS REQUEST as to The Palestinian Authority by Plaintiffs A.D.G., A.T., B.G., B.Y.G., C.T., Nechama Charlap, E.C., E.G., E.T.(1), E.T.(2), E.Y.S., Estate of Rabbi Abraham Samuel (Avraham) Goldberg, Estate of Rabbi Aryeh Kupinsky, Estate of Rabbi Kalman (Cary) Levine, Estate of Rabbi Moshe Twersky, Estate of Zidan Saif, Adrian Goldberg, Briana Hazel Goldberg, Elisheva Goldberg, Libby Goldberg, Malka Goldstein, Miriam Goldstein, Mordechai Goldstein, Moshe Gedaliah Goldstein, Sarah Rivka Goldstein, Saul Goldstein, H.Y.A., Deborah (Goldberg) Hammond, Norman Heching, I.C., I.T., I.W., Devorah Kupinsky, Eliyahu Kupinsky, Yakova Kupinsky, Yitzchak Kupinsky, L.S., L.Y.P., Aharon Levine, Avraham Levine, Chana Levine, Haya Levine, Michal Levine, Moshe Levine, Shelley Levine, Stefanie Levine, Yerachmiel Levine, Yitzchok Meir Levine, M.K., M.T., N.B.P., N.G., Avraham Nefoussi, Bassheva Miriam Pelcovics, Akiva Pollack, R.T.(1), R.T.(2), S.T., Julia Saif, Nuhad Saif, Rinal Saif, Dana–Lee Salis, David Samuel Salis, Rivka (Goldberg) Sireling, Hadassa (Goldberg) Treuhaft, Avraham Twersky, Bashy Miriam Twersky, Meshulem Twersky, Refael Twersky, Rivka Walder, Joseph Werfel, Y.A.W., Y.C.P., Y.K., Y.M.P., Y.T., Y.W., Y.Y.L. (Calisher, Daniel) (Entered: 11/11/2021) |
| 11/11/2021 | 2 | SUMMONS REQUEST as to The Palestine Liberation Organization by Plaintiffs A.D.G., A.T., B.G., B.Y.G., C.T., Nechama Charlap, E.C., E.G., E.T.(1), E.T.(2), E.Y.S., Estate of Rabbi Abraham Samuel (Avraham) Goldberg, Estate of Rabbi Aryeh Kupinsky, Estate of Rabbi Kalman (Cary) Levine, Estate of Rabbi Moshe Twersky, Estate of Zidan Saif, Adrian Goldberg, Briana Hazel Goldberg, Elisheva Goldberg, Libby Goldberg, Malka Goldstein, Miriam Goldstein, Mordechai Goldstein, Moshe Gedaliah Goldstein, Sarah Rivka Goldstein, Saul Goldstein, H.Y.A., Deborah (Goldberg) Hammond, Norman Heching, I.C., I.T., I.W., Devorah Kupinsky, Eliyahu Kupinsky, Yakova Kupinsky, Yitzchak Kupinsky, L.S., L.Y.P., Aharon Levine, Avraham Levine, Chana Levine, Haya Levine, Michal Levine, Moshe Levine, Shelley Levine, Stefanie Levine, Yerachmiel Levine, Yitzchok Meir Levine, M.K., M.T., N.B.P., N.G., Avraham Nefoussi, Bassheva Miriam Pelcovics, Akiva Pollack, R.T.(1), R.T.(2), S.T., Julia Saif, Nuhad Saif, Rinal Saif, Dana–Lee Salis, David Samuel Salis, Rivka (Goldberg) Sireling, Hadassa (Goldberg) Treuhaft, Avraham Twersky, Bashy Miriam Twersky, Meshulem Twersky, Refael Twersky, Rivka Walder, Joseph Werfel, Y.A.W., Y.C.P., Y.K., Y.M.P., Y.T., Y.W., Y.Y.L. (Calisher, Daniel) (Entered: 11/11/2021) |
| 11/11/2021 | 1 | COMPLAINT *AND JURY DEMAND* against All Defendants (Filing fee $ 402,Receipt Number ACODC–8172345)Attorney Daniel Kennedy Calisher added to party A.D.G.(pty:pla), Attorney Daniel Kennedy Calisher added to party A.T.(pty:pla), Attorney Daniel Kennedy Calisher added to party B.G.(pty:pla), Attorney Daniel Kennedy Calisher added to party B.Y.G.(pty:pla), Attorney Daniel Kennedy Calisher added to party C.T.(pty:pla), Attorney Daniel Kennedy Calisher added to party Nechama Charlap(pty:pla), Attorney Daniel Kennedy Calisher added to party E.C.(pty:pla), Attorney Daniel Kennedy Calisher added to party E.G.(pty:pla), Attorney Daniel Kennedy Calisher added to party E.T.(1)(pty:pla), Attorney Daniel Kennedy Calisher added to party E.T.(2)(pty:pla), Attorney Daniel Kennedy Calisher added to party E.Y.S.(pty:pla), Attorney Daniel Kennedy Calisher added to party Estate of Rabbi Abraham Samuel (Avraham) Goldberg(pty:pla), Attorney Daniel Kennedy Calisher added to party Estate of Rabbi Aryeh Kupinsky(pty:pla), Attorney Daniel Kennedy Calisher added to party Estate of Rabbi Kalman (Cary) Levine(pty:pla), Attorney Daniel Kennedy Calisher added to party Estate of Rabbi Moshe Twersky(pty:pla), Attorney Daniel Kennedy Calisher added to party Estate of Zidan Saif(pty:pla), Attorney Daniel Kennedy Calisher added to party Adrian Goldberg(pty:pla), Attorney Daniel |

Kennedy Calisher added to party Briana Hazel Goldberg(pty:pla), Attorney Daniel Kennedy Calisher added to party Elisheva Goldberg(pty:pla), Attorney Daniel Kennedy Calisher added to party Libby Goldberg(pty:pla), Attorney Daniel Kennedy Calisher added to party Malka Goldstein(pty:pla), Attorney Daniel Kennedy Calisher added to party Miriam Goldstein(pty:pla), Attorney Daniel Kennedy Calisher added to party Mordechai Goldstein(pty:pla), Attorney Daniel Kennedy Calisher added to party Moshe Gedaliah Goldstein(pty:pla), Attorney Daniel Kennedy Calisher added to party Sarah Rivka Goldstein(pty:pla), Attorney Daniel Kennedy Calisher added to party Saul Goldstein(pty:pla), Attorney Daniel Kennedy Calisher added to party H.Y.A.(pty:pla), Attorney Daniel Kennedy Calisher added to party Deborah (Goldberg) Hammond(pty:pla), Attorney Daniel Kennedy Calisher added to party Norman Heching(pty:pla), Attorney Daniel Kennedy Calisher added to party I.C.(pty:pla), Attorney Daniel Kennedy Calisher added to party I.T.(pty:pla), Attorney Daniel Kennedy Calisher added to party I.W.(pty:pla), Attorney Daniel Kennedy Calisher added to party Devorah Kupinsky(pty:pla), Attorney Daniel Kennedy Calisher added to party Eliyahu Kupinsky(pty:pla), Attorney Daniel Kennedy Calisher added to party Yakova Kupinsky(pty:pla), Attorney Daniel Kennedy Calisher added to party Yitzchak Kupinsky(pty:pla), Attorney Daniel Kennedy Calisher added to party L.S.(pty:pla), Attorney Daniel Kennedy Calisher added to party L.Y.P.(pty:pla), Attorney Daniel Kennedy Calisher added to party Aharon Levine(pty:pla), Attorney Daniel Kennedy Calisher added to party Avraham Levine(pty:pla), Attorney Daniel Kennedy Calisher added to party Chana Levine(pty:pla), Attorney Daniel Kennedy Calisher added to party Haya Levine(pty:pla), Attorney Daniel Kennedy Calisher added to party Michal Levine(pty:pla), Attorney Daniel Kennedy Calisher added to party Moshe Levine(pty:pla), Attorney Daniel Kennedy Calisher added to party Shelley Levine(pty:pla), Attorney Daniel Kennedy Calisher added to party Stefanie Levine(pty:pla), Attorney Daniel Kennedy Calisher added to party Yerachmiel Levine(pty:pla), Attorney Daniel Kennedy Calisher added to party Yitzchok Meir Levine(pty:pla), Attorney Daniel Kennedy Calisher added to party M.K.(pty:pla), Attorney Daniel Kennedy Calisher added to party M.T.(pty:pla), Attorney Daniel Kennedy Calisher added to party N.B.P.(pty:pla), Attorney Daniel Kennedy Calisher added to party N.G.(pty:pla), Attorney Daniel Kennedy Calisher added to party Avraham Nefoussi(pty:pla), Attorney Daniel Kennedy Calisher added to party Bassheva Miriam Pelcovics(pty:pla), Attorney Daniel Kennedy Calisher added to party Akiva Pollack(pty:pla), Attorney Daniel Kennedy Calisher added to party R.T.(1)(pty:pla), Attorney Daniel Kennedy Calisher added to party R.T.(2)(pty:pla), Attorney Daniel Kennedy Calisher added to party S.T.(pty:pla), Attorney Daniel Kennedy Calisher added to party Julia Saif(pty:pla), Attorney Daniel Kennedy Calisher added to party Nuhad Saif(pty:pla), Attorney Daniel Kennedy Calisher added to party Rinal Saif(pty:pla), Attorney Daniel Kennedy Calisher added to party Dana−Lee Salis(pty:pla), Attorney Daniel Kennedy Calisher added to party David Samuel Salis(pty:pla), Attorney Daniel Kennedy Calisher added to party Rivka (Goldberg) Sireling(pty:pla), Attorney Daniel Kennedy Calisher added to party Hadassa (Goldberg) Treuhaft(pty:pla), Attorney Daniel Kennedy Calisher added to party Avraham Twersky(pty:pla), Attorney Daniel Kennedy Calisher added to party Bashy Miriam Twersky(pty:pla), Attorney Daniel Kennedy Calisher added to party Meshulem Twersky(pty:pla), Attorney Daniel Kennedy Calisher added to party Refael Twersky(pty:pla), Attorney Daniel Kennedy Calisher added to party Rivka Walder(pty:pla), Attorney Daniel Kennedy Calisher added to party Joseph Werfel(pty:pla), Attorney Daniel Kennedy Calisher added to party Y.A.W.(pty:pla), Attorney Daniel Kennedy Calisher added to party Y.C.P.(pty:pla), Attorney Daniel Kennedy Calisher added to party Y.K.(pty:pla), Attorney Daniel Kennedy Calisher added to party Y.M.P.(pty:pla), Attorney Daniel Kennedy Calisher added to party Y.T.(pty:pla), Attorney Daniel Kennedy Calisher added to party Y.W.(pty:pla), Attorney Daniel Kennedy Calisher added to party Y.Y.L(pty:pla), filed by N.G., A.D.G., Avraham Nefoussi, I.C., Briana Hazel Goldberg, Y.Y.L, Saul Goldstein, Avraham Levine, Estate of Rabbi Abraham Samuel (Avraham) Goldberg, Yerachmiel Levine, Bashy Miriam Twersky, A.T., Miriam Goldstein, Libby Goldberg, R.T.(2), Y.W., Joseph Werfel, Bassheva Miriam Pelcovics, E.G., Malka Goldstein, L.Y.P., Elisheva Goldberg, E.T.(1), Adrian Goldberg, Avraham Twersky, Mordechai Goldstein, M.T., Yitzchak Kupinsky, E.C., Y.M.P., Rivka Walder, M.K., Yitzchok Meir Levine, S.T., I.W., I.T., Meshulem Twersky, Rinal Saif, Deborah (Goldberg) Hammond, Hadassa (Goldberg) Treuhaft, Norman Heching, Nechama Charlap, Refael Twersky, Estate of Zidan Saif, Julia Saif, L.S., Moshe Levine, Stefanie Levine, Shelley Levine, B.Y.G., Akiva Pollack, Sarah Rivka Goldstein, Devorah Kupinsky, Rivka (Goldberg) Sireling, Y.C.P., Y.A.W., Nuhad Saif, Y.T., E.Y.S., Estate of Rabbi Moshe Twersky, Y.K., David Samuel Salis, R.T.(1), N.B.P., Dana−Lee Salis, Chana Levine, Moshe Gedaliah Goldstein, Haya Levine, H.Y.A., E.T.(2), C.T., Estate of Rabbi Aryeh Kupinsky, Michal Levine, Estate of Rabbi Kalman (Cary) Levine, B.G., Yakova Kupinsky, Eliyahu Kupinsky, Aharon Levine. (Attachments: # 1 Civil Cover Sheet)(Calisher, Daniel) (Entered: 11/11/2021)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:21-cv-03043-GPG-STV

SHELLEY LEVINE, *et al.*,

                     Plaintiffs,

v.

THE PALESTINE LIBERATION ORGANIZATION, *et al.*,

                     Defendants.

---

**NOTICE OF APPEAL**

---

Notice is hereby given that all the plaintiffs in the above-captioned action appeal to the United States Court of Appeals for the Tenth Circuit from the Order of the United States District Court for the District of Colorado (Gallagher, *J.*), filed on August 23, 2023 (Dkt. No. 111), which dismissed this action, and from the Final Judgment entered by the aforementioned district court on August 23, 2023 (Dkt. No. 112), which entered final judgment dismissing this action.

All the plaintiffs herein hereby appeal from each and every part of the aforementioned Order and Final Judgment, and from any and all other orders entered in this action that merged into the aforementioned Order and Final Judgment.

DATED this 13th day of September, 2023.

Respectfully Submitted,

*s/ Daniel K. Calisher*
Daniel K. Calisher
Foster Graham Milstein & Calisher, LLP
360 South Garfield Street, 6th Floor
Denver, Colorado 80209
Telephone: 303-333-9810
Email: calisher@fostergraham.com
*Attorneys for Plaintiffs*

*s/ Jordan Factor*
Jordan Factor
Allen Vellon Wolf Helfrich & Factor, P.C.
1600 Stout Street, Suite 1900
Denver, Colorado 80202
Telephone: 303-534-4499
Email: jfactor@allen-vellone.com
*Attorneys for Plaintiffs*

*s/ Asher Perlin*
Asher Perlin, Esq.
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
Telephone: 786-687-0404
Email: asher@asherperlin.com
*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of September, 2023, a true and correct copy of the foregoing **Notice of Appeal**, was electronically served upon all counsel of record via *ECF*.


<u>      s/ Asher Perlin      </u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 21-cv-03043-GPG-STV

SHELLEY LEVINE, et al.,

     Plaintiffs,

v.

THE PALESTINE LIBERATION ORGANIZATION;
THE PALESTINIAN AUTHORITY (a/k/a "The Palestinian Interim Self-Government
Authority" and/or "The Palestinian National Authority"); and
RIYAD MANSOUR, as the representative of The Palestine Liberation Organization
and The Palestinian Authority,

     Defendants.

---

## ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint

under Rule 12(b)(2) and Rule 12(b)(6) (D. 58).  The Court GRANTS the motion for the following

reasons.

### I.  FACTS

This civil action arises from a terrorist attack in a synagogue in the Israeli Har Nof

neighborhood of Jerusalem on November 18, 2014 (D. 50 at 38).[1]  Plaintiffs allege that two

operatives of the Popular Front for the Liberation of Palestine (PFLP), Uday Abu Jamal and

Ghassan Abu Jamal, carried out a terrorist attack and killed several worshippers at the synagogue

(some of whom were also American citizens).  The victims included Rabbi Aryeh Kupinsky, Rabbi

---

[1] The Court draws the operative facts as set forth in Plaintiffs' First Amended Complaint (D. 50).

Moshe Twersky, Rabbi Abraham Goldberg, Rabbi Kalman (Cary) Levine, and Police Sergeant Zidan Saif.  The suspects also seriously injured Dr. Norman Heching and Rabbi Saul Goldstein (*id.* at 38-39).  This civil action is brought by the personal representatives of the estates of U.S. citizens Rabbi Kalman (Cary) Levine, Rabbi Aryeh Kupinsky, and Rabbi Moshe Twersky as well as of non-U.S. citizens Zidan Saif and Rabbi Abraham Goldberg (*id.* at 4).

Rather than bringing this civil action against the estate of Uday Abu Jamal and Ghassan Abu Jamal or the PFLP, Plaintiffs are suing the Palestine Liberation Organization (PLO) (claiming that it is a front for the PFLP), the Palestinian Authority (PA), and Riyad Mansour (as representative of the PLO and PA) pursuant to the Promoting Security and Justice for Victims of Terrorism Act of 2019 (PSJVTA), under 18 U.S.C. §§ 2333, 2334, and the Antiterrorism Act (ATA), under 18 U.S.C. § 2331.  Plaintiffs assert that this Court has original subject matter jurisdiction over Plaintiffs' ATA claims under 18 U.S.C. §§ 2331, 2333, 2334, and 2338 along with 28 U.S.C. § 1331, as well as supplemental subject matter jurisdiction over their Israeli-law claims under 28 U.S.C. § 1367.

Plaintiffs raise six claims:  (1) direct liability for international terrorism under 18 U.S.C. § 2333(a); (2) respondeat superior liability for international terrorism under 18 U.S.C. § 2333(a); (3) aiding and abetting under 18 U.S.C. § 2333(d); (4) conspiracy under 18 U.S.C. § 2333(d); (5) negligence under Israeli law, Civil Wrongs Ordinance (CWO) § 35; and (6) vicarious liability under CWO § 12 (*id.* at 42-54).  Defendants argue, inter alia, that exercising jurisdiction over them would violate due process and that the PSJVTA does not establish valid personal jurisdiction via the Due Process Clause of the Fifth Amendment (D. 58).

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(2), if a court is without personal jurisdiction over a party, the court cannot render a valid judgment.  Fed. R. Civ. P. 12; *see J.L. v. Best W. Int'l, Inc.*, 521 F. Supp. 3d 1048, 1058 (D. Colo. 2021).  The plaintiff bears the burden of establishing that the federal court has jurisdiction over the defendant.  *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988).  To avoid dismissal, the plaintiff must make a prima facie showing of personal jurisdiction and must point to well-pleaded factual allegations, both in the complaint and in any supporting affidavits, that would support jurisdiction over each defendant.  *Gould v. Wyse*, No. 22-2075, 2023 WL 4994511, at *2 (10th Cir. Aug. 4, 2023).  When deciding personal jurisdiction without an evidentiary hearing the court does not need to accept inferences drawn by plaintiffs if such inferences are unsupported by the facts.  *See Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 459 (10th Cir. 1996); *Livnat v. Palestinian Auth.*, 851 F.3d 45, 57 (D.C. Cir. 2017).

Plaintiffs allege that the Court has personal jurisdiction over Defendants under Federal Rule of Civil Procedure 4(k)(1)(C) and 4(k)(2).[2]  In a civil action based on a federal question, the

---

[2] Plaintiffs also argue that the Court has specific personal jurisdiction over the PLO and PA and general personal jurisdiction over Defendant Mansour (D. 69 at 19-34).  These claims typically arise under the Fourteenth Amendment and the state's long-arm statute, however, these claims may be analyzed under the Fifth Amendment as the standard is the same in civil cases (this issue will be addressed infra).  Ultimately, this Court finds that the PSJVTA's consent provision does not comport with due process.  Thus, to the extent that Plaintiffs would attempt to assert personal jurisdiction under Colorado's long-arm statute, this argument would fail too.  The plaintiff must show (1) the laws of the forum state potentially confer jurisdiction by authorizing service upon the defendant, and (2) the exercise of such jurisdiction comports with the principles of due process.  *Niemi v. Lasshofer*, 770 F.3d 1331, 1348 (10th Cir. 2014) (citation omitted).  Because Colorado's Long-Arm Statute "confers the maximum jurisdiction permissible, consistent with the Due Process clause," the statutory and constitutional analysis is the same.  *Id.*  Thus, the court merely needs to examine whether the exercise of personal jurisdiction comports with due process.  The due process analysis examines whether:  (1) the defendant has such minimum contacts with the forum state that he should reasonably anticipate being haled into court (either by showing general or specific personal jurisdiction) and (2) the exercise of personal jurisdiction in the circumstances presented offends traditional notions of fair play and substantial justice.  *Id.* (quotations and citations omitted).  This Court finds that Defendants do not have any minimum contacts with the state

court must determine "(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006).  Under Rule 4(k)(1)(C), "[s]erving a summons or filing of a waiver of service establishes personal jurisdiction over a defendant . . . when authorized by a federal statute." *Archangel Diamond Corp. Liquidating Tr. v. OAO Lukoil*, 75 F. Supp. 3d 1343, 1360 (D. Colo. 2014) (internal quotations and citation omitted).  "While service of process and personal jurisdiction both must be satisfied before a suit can proceed, they are [nonetheless] distinct concepts that require separate inquiries." *Id.*  "When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction . . . provided that due process is satisfied." *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1210 (10th Cir. 2000).

Rule 4(k)(2) provides for federal long-arm jurisdiction if the plaintiff can show:  (1) the defendant is not subject to the jurisdiction of any state's court of general jurisdiction, and (2) that the exercise of jurisdiction comports with due process, the United States Constitution, and laws. *Zvelo, Inc. v. Check Point Software Techs., Ltd.*, 418 F. Supp. 3d 664, 671 (D. Colo. 2019); *see also Pandaw Am., Inc. v. Pandaw Cruises India Pvt. Ltd.*, 842 F. Supp. 2d 1303, 1310 (D. Colo. 2012).  "This Rule serves as a federal long-arm statute, which allows a district court to exercise personal jurisdiction over a foreign defendant whose contacts with the United States, but not with the forum state, satisfy due process." *Archangel Diamond Corp. Liquidating Tr.*, 75 F. Supp. 3d

---

of Colorado and would not expect to be haled into court here, thus the exercise of personal jurisdiction over Defendants would not comport with the Due Process Clause of the Fourteenth Amendment.

at 1360 (internal quotations and citation omitted).  In order to preclude the use of Rule 4(k)(2) under the first prong of the test, courts require the defendant

> to name some other state in which the suit could proceed. Naming a more appropriate state would amount to a consent to personal jurisdiction there . . . If, however, the defendant contends that he cannot be sued in the forum state and refuses to identify any other state where suit is possible, then the federal court is entitled to use Rule 4(k)(2). This procedure makes it unnecessary to traipse through the 50 states, asking whether each could entertain the suit.

*Pandaw Am., Inc.*, 842 F. Supp. 2d at 1311.

### III.  ANALYSIS

In the instant motion to dismiss, Defendants argue that:  (1) they have not consented to personal jurisdiction under the PSJVTA; (2) the PA and PLO are persons under the Due Process Clause of the Fifth Amendment, and (3) Federal Rule of Civil Procedure 23.2 does not convey personal jurisdiction over them (D. 58, D. 76).  Plaintiffs contend that (1) Defendants have submitted to jurisdiction under the PSJVTA by making payments to terrorists or family members after the enactment of the PSJVTA; (2) the PLO and PA are not persons under the due process clause; (3) this Court has specific jurisdiction over the PLO and PA; and (4) this Court has personal jurisdiction over Defendants under Federal Rule of Civil Procedure 23.2 (D. 69).  The parties also submitted briefing on the U.S. Supreme Court's decision, *Mallory v. Norfolk S. Ry. Co.*, 143 S. Ct. 2028 (2023), which held that Pennsylvania's consent statute requiring an out-of-state corporation to consent to personal jurisdiction in order to register to do business within the state did not violate the Due Process Clause of the Fourteenth Amendment.  There is no dispute Defendants PLO and PA waived service of process in this action (D. 15) and Defendant Mansour was served at his home address in Florida (D. 55).  The question before the Court is whether the PSJVTA consent

provision for personal jurisdiction in federal courts comports with due process.  The Court finds

that it does not.

### A.  PSJVTA

The scope of personal jurisdiction "flows not from Art. III, but from the Due Process

Clause."  *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)

("The personal jurisdiction requirement recognizes and protects an individual liberty interest. It

represents a restriction on judicial power not as a matter of sovereignty, but as a matter of

individual liberty.").  The Court conveys its condolences to the victims and their families.  While

the events described in Plaintiffs' First Amended Complaint are undoubtedly tragic, the Court is

mandated to examine whether it can exercise jurisdiction and to ensure that it is within the limits

prescribed by the Due Process Clause.[3]

To understand this case, it is necessary to understand the catalyst for the PSJVTA.  In 2016,

the Second Circuit vacated a jury verdict against the PLO and PA due to a lack of jurisdiction.

*Waldman v. Palestine Liberation Org.*, 835 F.3d 317 (2d Cir. 2016).   The Second Circuit

determined that the PLO and PA were not recognized as sovereign states by the United States and

were not corporations; rather, the PA was designated a non-sovereign government and the PLO as

a foreign agent (both of which the Second Circuit defined as unincorporated associations).  *Id.* at

332.  Ultimately, the Second Circuit held that the defendants' activities in the United States (e.g.,

maintaining an office in Washington, D.C., promoting the Palestinian cause in speeches and media

---

[3] It is irrelevant for this Court to distinguish between the Fifth Amendment and Fourteenth Amendment in its analysis in this case because the minimum contacts and fairness analyses are the same under the Fifth Amendment and the Fourteenth Amendment in civil cases.  *See Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 331 (2d Cir. 2016) (citing *Chew v. Dietrich*, 143 F.3d 24, 28 n.4 (2d Cir. 1998)); *see also Archangel Diamond Corp. Liquidating Tr. v. OAO Lukoil*, 75 F. Supp. 3d 1343, 1359 (D. Colo. 2014).

appearances, and retaining a lobbying firm) did not render the defendants essentially at home in the United States to such an extent that a federal court would have personal jurisdiction over civil claims regarding terrorist attacks in Israel. *Id.* at 333; *see also Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) ("A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State.") (internal quotations and citation omitted). The Second Circuit ultimately ruled that there was no general personal jurisdiction, specific personal jurisdiction, or waiver of personal jurisdiction because the attacks occurred outside of the United States, the attacks in Israel were not expressly aimed at the United States (although Americans did die or suffer injuries), and lobbying activities by the defendants to change American policy were insufficiently related conduct under the ATA. *Waldman*, 835 F.3d at 343–44.

In light of this case and other rulings[4] that victims of terrorist attacks in Israel or family members of said victims could not bring a civil action against the PLO or PA under the ATA in federal courts, Congress enacted the PSJVTA. 18 U.S.C. § 2333; *see also* Further Consolidated Appropriations Act of 2020, Pub. L. No. 116-94, 133 Stat. 2534; *Fuld v. Palestine Liberation Org.*, 578 F. Supp. 3d 577, 578 (S.D.N.Y. 2022). The PSJVTA provides that any national of the United States who is injured "in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs," may sue the PLO or PA "to recover threefold

---

[4] *See, e.g., Shatsky v. Palestine Liberation Org.*, 955 F.3d 1016 (D.C. Cir. 2020); *Livnat v. Palestinian Auth.*, 851 F.3d 45, 54 (D.C. Cir. 2017).

the damages he or she sustains and the cost of the suit, including attorney's fees."  18 U.S.C.
§ 2333(a).

Specifically, the PSJVTA declares that the PLO and PA "shall be deemed to have
consented to personal jurisdiction in such civil action if, regardless of the date of the occurrence
of the act of international terrorism upon which such civil action was filed" if either (1) after 120
days post-enactment of the PSJVTA, the defendant makes a direct or indirect payment to a party
who has committed an act of terrorism or to any family member of an individual who died
committing an act of terrorism that killed or injured a United States national; or (2) after 15 days
post-enactment of the PSJVTA, the defendant continues to maintain or establishes an office,
headquarters, premises, or other facilities or establishments in the United States or "conducts any
activity while physically present in the United States on behalf of the Palestine Liberation
Organization or the Palestinian Authority."  18 U.S.C. § 2334(e)(1)(A)-(B).  The PSJVTA notes
that "no court may consider," inter alia, that any premise or activity undertaken was exclusively
for the purpose of conducting official business of the United Nations (UN) when determining
consent to personal jurisdiction.  18 U.S.C. § 2334(e)(3).  Like the U.S. District Court for the
Southern District of New York, this Court finds that Congress cannot simply legislate that "any
conduct, without regard for its connections to the United States generally or to litigation in the
United States specifically, signals a party's intent to submit to the jurisdiction of a United States
court." *Fuld*, 578 F. Supp. 3d at 580.  Ultimately, the Court finds that it cannot exercise jurisdiction
in this case because the consent provision of the PSJVTA does not comport with due process.

### 1. *Persons under the Due Process Clause*

First, Plaintiffs argue that the PLO and PA are not persons under the Due Process Clause and that the Due Process Clause only applies to natural persons and private corporations but not a political body or a sovereign (D. 69 at 6-7). This argument is unavailing. Plaintiffs clearly allege in the Amended Complaint that Defendants PLO and PA are each "a person as defined in 18 U.S.C. § 2331." Per 18 U.S.C. § 2331(3), "the term 'person' means any individual or entity capable of holding a legal or beneficial interest in property."

The Tenth Circuit has clarified that courts may consider context when determining the meaning of a word in a statute. Context means "the text of the Act of Congress surrounding the word at issue, or the text of other related congressional Acts." *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1130 (10th Cir. 2013); *see also Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 199 (1993) ("The relevant portion of the Dictionary Act, 1 U.S.C. § 1, provides (as it did in 1959) that [i]n determining the meaning of any Act of Congress, unless the context indicates otherwise . . . the wor[d] 'person' . . . include[s] corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals.") (internal quotations omitted).[5]

The PLO and the PA are not foreign sovereigns because they are not recognized by the United States as a sovereign state and such determination by the Executive is binding. *Waldman*,

---

[5] The U.S. Court of Appeals for the District of Columbia Circuit seemed to suggest that the PLO and PA were foreign corporations that were not subject to personal jurisdiction under *Daimler AG v. Bauman*, 571 U.S. 117 (2014) (holding that Plaintiffs could not invoke retroactive consent to personal jurisdiction because Defendants had not yet made a payment to trigger the PSJVTA). The U.S. Court of Appeals for the Second Circuit also invoked *Daimler* but held that the PA is a non-sovereign government and the PLO is a foreign agent, both of which are unincorporated associations. *Waldman*, 835 F.3d at 332. Either decision, in the eyes of this Court, renders the PLO and PA to be persons that are entitled to due process protection.

835 F.3d at 329 (citing *Zivotofsky ex rel. Zivotofsky v. Kerry*, 576 U.S. 1, 18 (2015)); *see also Knox v. Palestine Liberation Org.*, 306 F. Supp. 2d 424, 431 (S.D.N.Y. 2004) (detailing the history of the PLO and PA).  While Plaintiffs rely on the dicta in *Shatsky v. Palestine Liberation Org.*, No. 18-CV-12355 (MKV), 2022 WL 826409, at *5 (S.D.N.Y. Mar. 18, 2022), for the proposition that the PLO and PA are not persons for purposes of constitutional due process, this Court respectfully disagrees.  The definition of personhood within the PSJVTA includes the PLO and PA because they are entities capable of holding a legal or beneficial interest in property, and Plaintiffs relied upon such a definition when pleading that the PLO and PA were persons in the Amended Complaint.  Accordingly, this Court finds that the PLO and PA are persons under the PSJVTA and, therefore, entitled to due process protection.  *See Waldman*, 835 F.3d at 330 ("Indeed, this Court has already applied Fourteenth Amendment principles to Fifth Amendment civil terrorism cases."); *see also* U.S. Amicus Br., *Sokolow v. Palestine Liberation Organization*, 138 S.Ct. 1438 (2018), 2018 WL 1251857 at *8 ("This Court has not recognized any other class of entities - whether natural or artificial - as outside the category of 'persons' for purposes of due process. It has treated as 'persons' domestic and foreign entities of various types, such as corporations.").

### 2. *Mallory and Consent to the PSJVTA*

The next issue before this Court is to determine whether the PSJVTA's consent provision comports with due process.  The United States intervened in this case to defend the constitutionality of the consent provision of the PSJVTA, arguing that the U.S. Supreme Court affirmed in *Mallory v. Norfolk S. Ry. Co.*, 143 S. Ct. 2028 (2023) that deemed consent was consistent with due process (D. 107).  The holding in *Mallory*, however, is not as broad-sweeping as Plaintiffs and the United States purport it to be.  The *Mallory* Court did not break new ground

10

in its holding but rather reaffirmed that *Pennsylvania Fire Ins. Co. of Philadelphia v. Gold Issue Min. & Mill. Co.*, 243 U.S. 93 (1917) controlled the analysis.  Accordingly, the U.S. Supreme Court held that Pennsylvania's consent statute, which required out-of-state corporations to consent to personal jurisdiction in Pennsylvania courts as a condition of registering to do business within the state, did not violate the Fourteenth Amendment's Due Process Clause.  *Mallory*, 143 S. Ct. at 2037-38.

The PSJVTA is substantially different from the Pennsylvania statute.  *Compare* 18 U.S.C. § 2334 with 42 Pa. Stat. and Cons. Stat. § 5301(a)(2)(i), (b).  In both *Pennsylvania Fire* and *Mallory*, the out-of-state corporation had registered with the respective department of state in order to conduct business and maintained an office within that jurisdiction.  That is not the case here.  Rather, the trigger for establishing personal jurisdiction over the PLO and PA is if one of the entities (1) makes an international payment, directly or indirectly, to an individual convicted of terrorism that injured or killed a national of the United States or to *any family member* of the convicted person; (2) maintains a premise within the United States; or (3) conducts *any activity* while physically present in the United States on behalf of the PLO or PA, regardless of whether that activity is UN-related.  18 U.S.C. § 2334(e)(1)(A)-(B) (emphasis added).[6]  With the PSJVTA, "Congress simply took conduct in which the PLO and PA had previously engaged—conduct that the Second and D.C. Circuits had held was insufficient to support personal jurisdiction . . . and declared that such conduct 'shall be deemed' to be consent."  *Fuld*, 578 F. Supp. 3d at 587.  As the U.S. Supreme Court noted in 1945:

---

[6] Because the Court finds that the PSJVTA violates the Due Process Clause, it will refrain from delving into an analysis regarding whether it is also vague and ambiguous or facially unconstitutional.

> Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. That clause does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations.

*Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 319 (1945).

As previously discussed, and as Plaintiffs have alleged, Defendants are persons and not out-of-state corporations that have registered to do business within Colorado. Defendants' work at the UN and in Washington, D.C., or payments made in Palestine also do not trigger jurisdiction in the U.S. District Court for the District of Colorado. *See Sokolow*, 607 F. Supp. 3d at 326 ("Even accepting Plaintiffs' argument that Defendants' United States activities fall within the ambit of the PSJVTA's U.S. activities prong . . . these types of conduct do not infer any intention on the part of Defendants to legally submit to suit in the United States."); *Fuld*, 578 F. Supp. at 587 ("Put simply, for waiver of personal jurisdiction through consent to satisfy the requirements of due process, it must be willful, thoughtful, and fair. Extorted actual consent and equally unwilling implied consent are not the stuff of due process." (internal quotations and citation omitted)). Plaintiffs' allegations neither support the conclusion that Defendants have consented to the jurisdiction of every federal court in the United States nor can be extrapolated to establish jurisdiction in the U.S. District Court for the District of Colorado. Ultimately, this Court finds that the holding in *Mallory* is not applicable to the PSJVTA, the consent provision of the PSJVTA does not comport with due process, and Defendants have not consented to jurisdiction in this Court.

### 3.   General and Specific Personal Jurisdiction

Under the Due Process Clauses of the Fifth and Fourteenth Amendments, which are analyzed similarly in civil cases, the Court examines two parts to the due process test for personal jurisdiction as established by *International Shoe* and its progeny: (1) "the minimum contacts inquiry" (i.e., "whether a defendant has sufficient minimum contacts with the forum to justify the court's exercise of personal jurisdiction over the defendant"); and (2) "the reasonableness inquiry" (i.e., "whether the assertion of personal jurisdiction over the defendant comports with traditional notions of fair play and substantial justice under the circumstances of the particular case"). *Waldman*, 835 F.3d at 331 (internal quotations and citations omitted).   A court can exercise personal jurisdiction in two ways: general jurisdiction and specific jurisdiction.   *See Int'l Shoe Co*., 326 U.S. at 316.

Plaintiffs do not allege that there is general personal jurisdiction over the PLO and PA but do allege that the Court has general personal jurisdiction over Riyad Mansour, who is the named representative for the PLO and PA, as he is a domiciliary of the United States and service was effected at Mansour's home address in Florida (D. 69 at 27).   Plaintiffs fail to identify activities sufficient to establish general personal jurisdiction, which "requires that the defendant have continuous and systematic contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts." *Medinfo, Inc. v. MedTool LLC*, No. 15-CV-00260-MEH, 2015 WL 3542712, at *2 (D. Colo. June 5, 2015) (internal quotations and citation omitted).

Plaintiffs also argue that the Court has specific personal jurisdiction over the PLO and PA (D. 69 at 19-27).   "Specific jurisdiction, on the other hand, depends on an affiliatio[n] between the

forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotations omitted). "Because a state's sovereignty is territorial in nature, a defendant's contacts with the forum state must be sufficient such that, notwithstanding its lack of physical presence in the state, the state's exercise of sovereignty over it can be described as fair and just." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). "But the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Here, the only tie this case has to the U.S. District Court for the District of Colorado is the fact that Plaintiff Shelley Levine is domiciled and resides in Boulder, Colorado (D. 50 at 5). The actions by Defendants (especially actions taken in Israel) are not sufficiently connected to the United States or even the state of Colorado. Thus, there is no basis to conclude that Defendants may haled into a federal court in the United States, let alone this Court. "The overwhelming evidence shows that the defendants are 'at home' in [the Palestinian Territories]."[7] *Waldman*, 835 F.3d at 332. Accordingly, the Court finds that Plaintiffs have failed to establish that this Court has either specific or general personal jurisdiction over any of the Defendants due to lack of activity in the forum.

---

[7] See *Palestinian Territories*, U.S. Dep't of State, https://www.state.gov/countries-areas/palestinian-territories/ (last visited Aug. 22, 2023).

### 4.   Federal Rule of Civil Procedure 23.2

Finally, Plaintiffs argue that Rule 23.2 permits class actions against unincorporated associations.[8]  Rule 23.2 states:

> This rule applies to an action brought by or against the members of an unincorporated association as a class by naming certain members as representative parties. *The action may be maintained only if it appears that those parties will fairly and adequately protect the interests of the association and its members.* In conducting the action, the court may issue any appropriate orders corresponding with those in Rule 23(d), and the procedure for settlement, voluntary dismissal, or compromise must correspond with the procedure in Rule 23(e).

Fed. R. Civ. P. 23.2 (emphasis added).   This rule does not create personal jurisdiction over Defendants when there is a lack of consent, general personal jurisdiction, or specific personal jurisdiction.   Furthermore, Plaintiffs are not suing Defendants as a class action under Rule 23. Accordingly, this argument is unavailing, and the Court will not spend further time analyzing it.

### B.  Remaining Claims

The Court has disposed of all of Plaintiffs' federal law claims.  All the remaining claims are brought under Israeli law, which Plaintiffs argue implicates this Court's supplemental subject-matter jurisdiction under 28 U.S.C. § 1367.   Under 28 U.S.C. § 1367(c)(3), when all the federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining claims not brought under federal law.  *See Smith v. City of Enid*, 149 F.3d 1151,

---

[8] The Tenth Circuit has previously held that unincorporated associations may not be sued under certain federal laws. *See Colorado Montana Wyoming State Area Conf. of NAACP v. United States Election Integrity Plan*, No. 1:22-CV-00581-CNS, 2023 WL 1338676, at *6 (D. Colo. Jan. 31, 2023) (holding that an unincorporated association could not be sued under  42 U.S.C. § 1985(3)) (collecting cases); *see also Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 868 F.3d 1199, 1206 n.5 (10th Cir. 2017); *Lippoldt v. Cole*, 468 F.3d 1204, 1211 (10th Cir. 2006) (holding that an unincorporated association was not a person under 42 U.S.C. § 1983).  However, because this Court has agreed with the Second Circuit that, the PA is a non-sovereign government and the PLO is a foreign agent, which makes them persons under the Due Process Clause, the Court does not need to reach the issue of whether Defendants are unincorporated associations and whether they can even be sued in the Tenth Circuit.  *See Waldman*, 835 F.3d at 332.

1156 (10th Cir. 1998).  Accordingly, the Court dismisses the remaining claims without prejudice

for lack of subject-matter jurisdiction.

### IV.  CONCLUSION

Accordingly, Defendants' motion to dismiss is GRANTED (D. 58).  It is FURTHER

ORDERED that the Clerk of the Court shall close this case.


DATED August 23, 2023.

BY THE COURT:

Gordon P. Gallagher
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher**

Civil Action No. **1:21-cv-03043-GPG-STV**

SHELLEY LEVINE, et al.,

      Plaintiffs,

v.

THE PALESTINE LIBERATION ORGANIZATION;
THE PALESTINIAN AUTHORITY (a/k/a "The Palestinian Interim Self-Government
Authority" and/or "The Palestinian National Authority"); and
RIYAD MANSOUR, as the representative of The Palestine Liberation Organization
and The Palestinian Authority,

      Defendants.

---

## FINAL JUDGMENT

In accordance with the orders filed during the pendency of this case, and pursuant to Fed.

R. Civ. P. 58(a), the following Final Judgment is hereby entered.

Pursuant to the order entered by Judge Gordon P. Gallagher on August 23, 2023, [D. 111]

it is

**ORDERED** that Defendants' Motion to Dismiss [D. 58] is **GRANTED**, It is

**FURTHER ORDERED** that Plaintiffs' First Amended Complaint and all remaining

claims are dismissed without prejudice, it is

**FURTHER ORDERED:** that judgment is entered in favor of the Defendants, and

against the Plaintiffs, it is

**FURTHER ORDERED** that the Defendants are awarded their costs to be taxed by the

Clerk of the Court in the time and manner prescribed in Fed. R. Civ. P. 54(d)(1)

and D.C.COLO.LCivR 54.1

This case will be closed.

DATED at Grand Junction, Colorado this 23rd day of August 2023.

FOR THE COURT:

JEFFREY P. COLWELL, CLERK


By:     <u>s/ D. Clement</u>
        D. Clement
        Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher**

Civil Action No. **1:21-cv-03043-GPG-STV**

SHELLEY LEVINE, et al.,

      Plaintiffs,

v.

THE PALESTINE LIBERATION ORGANIZATION;
THE PALESTINIAN AUTHORITY (a/k/a "The Palestinian Interim Self-Government
Authority" and/or "The Palestinian National Authority"); and
RIYAD MANSOUR, as the representative of The Palestine Liberation Organization
and The Palestinian Authority,

      Defendants.

---

## FINAL JUDGMENT

---

      In accordance with the orders filed during the pendency of this case, and pursuant to Fed.

R. Civ. P. 58(a), the following Final Judgment is hereby entered.

      Pursuant to the order entered by Judge Gordon P. Gallagher on August 23, 2023, [D. 111]

it is

      **ORDERED** that Defendants' Motion to Dismiss [D. 58] is **GRANTED**, It is

      **FURTHER ORDERED** that Plaintiffs' First Amended Complaint and all remaining

          claims are dismissed without prejudice, it is

      **FURTHER ORDERED:** that judgment is entered in favor of the Defendants, and

          against the Plaintiffs, it is

      **FURTHER ORDERED** that the Defendants are awarded their costs to be taxed by the

          Clerk of the Court in the time and manner prescribed in Fed. R. Civ. P. 54(d)(1)

          and D.C.COLO.LCivR 54.1

This case will be closed.

DATED at Grand Junction, Colorado this 23rd day of August 2023.

FOR THE COURT:

JEFFREY P. COLWELL, CLERK

By:     s/ D. Clement
        D. Clement
        Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 21-cv-03043-GPG-STV

SHELLEY LEVINE, et al.,

 Plaintiffs,

v.

THE PALESTINE LIBERATION ORGANIZATION;
THE PALESTINIAN AUTHORITY (a/k/a "The Palestinian Interim Self-Government
Authority" and/or "The Palestinian National Authority"); and
RIYAD MANSOUR, as the representative of The Palestine Liberation Organization
and The Palestinian Authority,

 Defendants.

---

## ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint

under Rule 12(b)(2) and Rule 12(b)(6) (D. 58).  The Court GRANTS the motion for the following

reasons.

### I.  FACTS

This civil action arises from a terrorist attack in a synagogue in the Israeli Har Nof

neighborhood of Jerusalem on November 18, 2014 (D. 50 at 38).[1]  Plaintiffs allege that two

operatives of the Popular Front for the Liberation of Palestine (PFLP), Uday Abu Jamal and

Ghassan Abu Jamal, carried out a terrorist attack and killed several worshippers at the synagogue

(some of whom were also American citizens).  The victims included Rabbi Aryeh Kupinsky, Rabbi

---

[1] The Court draws the operative facts as set forth in Plaintiffs' First Amended Complaint (D. 50).

1

Moshe Twersky, Rabbi Abraham Goldberg, Rabbi Kalman (Cary) Levine, and Police Sergeant Zidan Saif.  The suspects also seriously injured Dr. Norman Heching and Rabbi Saul Goldstein (*id.* at 38-39).  This civil action is brought by the personal representatives of the estates of U.S. citizens Rabbi Kalman (Cary) Levine, Rabbi Aryeh Kupinsky, and Rabbi Moshe Twersky as well as of non-U.S. citizens Zidan Saif and Rabbi Abraham Goldberg (*id.* at 4).

Rather than bringing this civil action against the estate of Uday Abu Jamal and Ghassan Abu Jamal or the PFLP, Plaintiffs are suing the Palestine Liberation Organization (PLO) (claiming that it is a front for the PFLP), the Palestinian Authority (PA), and Riyad Mansour (as representative of the PLO and PA) pursuant to the Promoting Security and Justice for Victims of Terrorism Act of 2019 (PSJVTA), under 18 U.S.C. §§ 2333, 2334, and the Antiterrorism Act (ATA), under 18 U.S.C. § 2331.  Plaintiffs assert that this Court has original subject matter jurisdiction over Plaintiffs' ATA claims under 18 U.S.C. §§ 2331, 2333, 2334, and 2338 along with 28 U.S.C. § 1331, as well as supplemental subject matter jurisdiction over their Israeli-law claims under 28 U.S.C. § 1367.

Plaintiffs raise six claims:  (1) direct liability for international terrorism under 18 U.S.C. § 2333(a); (2) respondeat superior liability for international terrorism under 18 U.S.C. § 2333(a); (3) aiding and abetting under 18 U.S.C. § 2333(d); (4) conspiracy under 18 U.S.C. § 2333(d); (5) negligence under Israeli law, Civil Wrongs Ordinance (CWO) § 35; and (6) vicarious liability under CWO § 12 (*id.* at 42-54).  Defendants argue, inter alia, that exercising jurisdiction over them would violate due process and that the PSJVTA does not establish valid personal jurisdiction via the Due Process Clause of the Fifth Amendment (D. 58).

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(2), if a court is without personal jurisdiction over a party, the court cannot render a valid judgment.  Fed. R. Civ. P. 12; *see J.L. v. Best W. Int'l, Inc.*, 521 F. Supp. 3d 1048, 1058 (D. Colo. 2021).  The plaintiff bears the burden of establishing that the federal court has jurisdiction over the defendant.  *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988).  To avoid dismissal, the plaintiff must make a prima facie showing of personal jurisdiction and must point to well-pleaded factual allegations, both in the complaint and in any supporting affidavits, that would support jurisdiction over each defendant.  *Gould v. Wyse*, No. 22-2075, 2023 WL 4994511, at *2 (10th Cir. Aug. 4, 2023).  When deciding personal jurisdiction without an evidentiary hearing the court does not need to accept inferences drawn by plaintiffs if such inferences are unsupported by the facts.  *See Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 459 (10th Cir. 1996); *Livnat v. Palestinian Auth.*, 851 F.3d 45, 57 (D.C. Cir. 2017).

Plaintiffs allege that the Court has personal jurisdiction over Defendants under Federal Rule of Civil Procedure 4(k)(1)(C) and 4(k)(2).[2]  In a civil action based on a federal question, the

---

[2] Plaintiffs also argue that the Court has specific personal jurisdiction over the PLO and PA and general personal jurisdiction over Defendant Mansour (D. 69 at 19-34).  These claims typically arise under the Fourteenth Amendment and the state's long-arm statute, however, these claims may be analyzed under the Fifth Amendment as the standard is the same in civil cases (this issue will be addressed infra).  Ultimately, this Court finds that the PSJVTA's consent provision does not comport with due process.  Thus, to the extent that Plaintiffs would attempt to assert personal jurisdiction under Colorado's long-arm statute, this argument would fail too.  The plaintiff must show (1) the laws of the forum state potentially confer jurisdiction by authorizing service upon the defendant, and (2) the exercise of such jurisdiction comports with the principles of due process.  *Niemi v. Lasshofer*, 770 F.3d 1331, 1348 (10th Cir. 2014) (citation omitted).  Because Colorado's Long-Arm Statute "confers the maximum jurisdiction permissible, consistent with the Due Process clause," the statutory and constitutional analysis is the same.  *Id.*  Thus, the court merely needs to examine whether the exercise of personal jurisdiction comports with due process.  The due process analysis examines whether:  (1) the defendant has such minimum contacts with the forum state that he should reasonably anticipate being haled into court (either by showing general or specific personal jurisdiction) and (2) the exercise of personal jurisdiction in the circumstances presented offends traditional notions of fair play and substantial justice.  *Id.* (quotations and citations omitted).  This Court finds that Defendants do not have any minimum contacts with the state

court must determine "(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). Under Rule 4(k)(1)(C), "[s]erving a summons or filing of a waiver of service establishes personal jurisdiction over a defendant . . . when authorized by a federal statute." *Archangel Diamond Corp. Liquidating Tr. v. OAO Lukoil*, 75 F. Supp. 3d 1343, 1360 (D. Colo. 2014) (internal quotations and citation omitted). "While service of process and personal jurisdiction both must be satisfied before a suit can proceed, they are [nonetheless] distinct concepts that require separate inquiries." *Id.* "When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction . . . provided that due process is satisfied." *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1210 (10th Cir. 2000).

Rule 4(k)(2) provides for federal long-arm jurisdiction if the plaintiff can show: (1) the defendant is not subject to the jurisdiction of any state's court of general jurisdiction, and (2) that the exercise of jurisdiction comports with due process, the United States Constitution, and laws. *Zvelo, Inc. v. Check Point Software Techs., Ltd.*, 418 F. Supp. 3d 664, 671 (D. Colo. 2019); *see also Pandaw Am., Inc. v. Pandaw Cruises India Pvt. Ltd.*, 842 F. Supp. 2d 1303, 1310 (D. Colo. 2012). "This Rule serves as a federal long-arm statute, which allows a district court to exercise personal jurisdiction over a foreign defendant whose contacts with the United States, but not with the forum state, satisfy due process." *Archangel Diamond Corp. Liquidating Tr.*, 75 F. Supp. 3d

---

of Colorado and would not expect to be haled into court here, thus the exercise of personal jurisdiction over Defendants would not comport with the Due Process Clause of the Fourteenth Amendment.

at 1360 (internal quotations and citation omitted). In order to preclude the use of Rule 4(k)(2) under the first prong of the test, courts require the defendant

> to name some other state in which the suit could proceed. Naming a more appropriate state would amount to a consent to personal jurisdiction there . . . If, however, the defendant contends that he cannot be sued in the forum state and refuses to identify any other state where suit is possible, then the federal court is entitled to use Rule 4(k)(2). This procedure makes it unnecessary to traipse through the 50 states, asking whether each could entertain the suit.

*Pandaw Am., Inc.*, 842 F. Supp. 2d at 1311.

## III. ANALYSIS

In the instant motion to dismiss, Defendants argue that: (1) they have not consented to personal jurisdiction under the PSJVTA; (2) the PA and PLO are persons under the Due Process Clause of the Fifth Amendment, and (3) Federal Rule of Civil Procedure 23.2 does not convey personal jurisdiction over them (D. 58, D. 76). Plaintiffs contend that (1) Defendants have submitted to jurisdiction under the PSJVTA by making payments to terrorists or family members after the enactment of the PSJVTA; (2) the PLO and PA are not persons under the due process clause; (3) this Court has specific jurisdiction over the PLO and PA; and (4) this Court has personal jurisdiction over Defendants under Federal Rule of Civil Procedure 23.2 (D. 69). The parties also submitted briefing on the U.S. Supreme Court's decision, *Mallory v. Norfolk S. Ry. Co.*, 143 S. Ct. 2028 (2023), which held that Pennsylvania's consent statute requiring an out-of-state corporation to consent to personal jurisdiction in order to register to do business within the state did not violate the Due Process Clause of the Fourteenth Amendment. There is no dispute Defendants PLO and PA waived service of process in this action (D. 15) and Defendant Mansour was served at his home address in Florida (D. 55). The question before the Court is whether the PSJVTA consent

provision for personal jurisdiction in federal courts comports with due process. The Court finds that it does not.

## A. PSJVTA

The scope of personal jurisdiction "flows not from Art. III, but from the Due Process Clause." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("The personal jurisdiction requirement recognizes and protects an individual liberty interest. It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty."). The Court conveys its condolences to the victims and their families. While the events described in Plaintiffs' First Amended Complaint are undoubtedly tragic, the Court is mandated to examine whether it can exercise jurisdiction and to ensure that it is within the limits prescribed by the Due Process Clause.[3]

To understand this case, it is necessary to understand the catalyst for the PSJVTA. In 2016, the Second Circuit vacated a jury verdict against the PLO and PA due to a lack of jurisdiction. *Waldman v. Palestine Liberation Org.*, 835 F.3d 317 (2d Cir. 2016). The Second Circuit determined that the PLO and PA were not recognized as sovereign states by the United States and were not corporations; rather, the PA was designated a non-sovereign government and the PLO as a foreign agent (both of which the Second Circuit defined as unincorporated associations). *Id.* at 332. Ultimately, the Second Circuit held that the defendants' activities in the United States (e.g., maintaining an office in Washington, D.C., promoting the Palestinian cause in speeches and media

---

[3] It is irrelevant for this Court to distinguish between the Fifth Amendment and Fourteenth Amendment in its analysis in this case because the minimum contacts and fairness analyses are the same under the Fifth Amendment and the Fourteenth Amendment in civil cases. *See Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 331 (2d Cir. 2016) (citing *Chew v. Dietrich*, 143 F.3d 24, 28 n.4 (2d Cir. 1998)); *see also Archangel Diamond Corp. Liquidating Tr. v. OAO Lukoil*, 75 F. Supp. 3d 1343, 1359 (D. Colo. 2014).

appearances, and retaining a lobbying firm) did not render the defendants essentially at home in

the United States to such an extent that a federal court would have personal jurisdiction over civil

claims regarding terrorist attacks in Israel. *Id.* at 333; *see also Daimler AG v. Bauman*, 571 U.S.

117, 127 (2014) ("A court may assert general jurisdiction over foreign (sister-state or foreign-

country) corporations to hear any and all claims against them when their affiliations with the State

are so continuous and systematic as to render them essentially at home in the forum State.")

(internal quotations and citation omitted). The Second Circuit ultimately ruled that there was no

general personal jurisdiction, specific personal jurisdiction, or waiver of personal jurisdiction

because the attacks occurred outside of the United States, the attacks in Israel were not expressly

aimed at the United States (although Americans did die or suffer injuries), and lobbying activities

by the defendants to change American policy were insufficiently related conduct under the ATA.

*Waldman*, 835 F.3d at 343–44.

In light of this case and other rulings[4] that victims of terrorist attacks in Israel or family

members of said victims could not bring a civil action against the PLO or PA under the ATA in

federal courts, Congress enacted the PSJVTA. 18 U.S.C. § 2333; *see also* Further Consolidated

Appropriations Act of 2020, Pub. L. No. 116-94, 133 Stat. 2534; *Fuld v. Palestine Liberation Org.*,

578 F. Supp. 3d 577, 578 (S.D.N.Y. 2022). The PSJVTA provides that any national of the United

States who is injured "in his or her person, property, or business by reason of an act of international

terrorism, or his or her estate, survivors, or heirs," may sue the PLO or PA "to recover threefold

---

[4] *See, e.g., Shatsky v. Palestine Liberation Org.*, 955 F.3d 1016 (D.C. Cir. 2020); *Livnat v. Palestinian Auth.*, 851 F.3d 45, 54 (D.C. Cir. 2017).

the damages he or she sustains and the cost of the suit, including attorney's fees."  18 U.S.C. § 2333(a).

Specifically, the PSJVTA declares that the PLO and PA "shall be deemed to have consented to personal jurisdiction in such civil action if, regardless of the date of the occurrence of the act of international terrorism upon which such civil action was filed" if either (1) after 120 days post-enactment of the PSJVTA, the defendant makes a direct or indirect payment to a party who has committed an act of terrorism or to any family member of an individual who died committing an act of terrorism that killed or injured a United States national; or (2) after 15 days post-enactment of the PSJVTA, the defendant continues to maintain or establishes an office, headquarters, premises, or other facilities or establishments in the United States or "conducts any activity while physically present in the United States on behalf of the Palestine Liberation Organization or the Palestinian Authority."  18 U.S.C. § 2334(e)(1)(A)-(B).  The PSJVTA notes that "no court may consider," inter alia, that any premise or activity undertaken was exclusively for the purpose of conducting official business of the United Nations (UN) when determining consent to personal jurisdiction.  18 U.S.C. § 2334(e)(3).  Like the U.S. District Court for the Southern District of New York, this Court finds that Congress cannot simply legislate that "any conduct, without regard for its connections to the United States generally or to litigation in the United States specifically, signals a party's intent to submit to the jurisdiction of a United States court." *Fuld*, 578 F. Supp. 3d at 580.  Ultimately, the Court finds that it cannot exercise jurisdiction in this case because the consent provision of the PSJVTA does not comport with due process.

8

### 1. *Persons under the Due Process Clause*

First, Plaintiffs argue that the PLO and PA are not persons under the Due Process Clause and that the Due Process Clause only applies to natural persons and private corporations but not a political body or a sovereign (D. 69 at 6-7). This argument is unavailing. Plaintiffs clearly allege in the Amended Complaint that Defendants PLO and PA are each "a person as defined in 18 U.S.C. § 2331." Per 18 U.S.C. § 2331(3), "the term 'person' means any individual or entity capable of holding a legal or beneficial interest in property."

The Tenth Circuit has clarified that courts may consider context when determining the meaning of a word in a statute. Context means "the text of the Act of Congress surrounding the word at issue, or the text of other related congressional Acts." *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1130 (10th Cir. 2013); *see also Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 199 (1993) ("The relevant portion of the Dictionary Act, 1 U.S.C. § 1, provides (as it did in 1959) that [i]n determining the meaning of any Act of Congress, unless the context indicates otherwise . . . the wor[d] 'person' . . . include[s] corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals.") (internal quotations omitted).[5]

The PLO and the PA are not foreign sovereigns because they are not recognized by the United States as a sovereign state and such determination by the Executive is binding. *Waldman*,

---

[5] The U.S. Court of Appeals for the District of Columbia Circuit seemed to suggest that the PLO and PA were foreign corporations that were not subject to personal jurisdiction under *Daimler AG v. Bauman*, 571 U.S. 117 (2014) (holding that Plaintiffs could not invoke retroactive consent to personal jurisdiction because Defendants had not yet made a payment to trigger the PSJVTA). The U.S. Court of Appeals for the Second Circuit also invoked *Daimler* but held that the PA is a non-sovereign government and the PLO is a foreign agent, both of which are unincorporated associations. *Waldman*, 835 F.3d at 332. Either decision, in the eyes of this Court, renders the PLO and PA to be persons that are entitled to due process protection.

9

835 F.3d at 329 (citing *Zivotofsky ex rel. Zivotofsky v. Kerry*, 576 U.S. 1, 18 (2015)); *see also Knox v. Palestine Liberation Org.*, 306 F. Supp. 2d 424, 431 (S.D.N.Y. 2004) (detailing the history of the PLO and PA). While Plaintiffs rely on the dicta in *Shatsky v. Palestine Liberation Org.*, No. 18-CV-12355 (MKV), 2022 WL 826409, at *5 (S.D.N.Y. Mar. 18, 2022), for the proposition that the PLO and PA are not persons for purposes of constitutional due process, this Court respectfully disagrees. The definition of personhood within the PSJVTA includes the PLO and PA because they are entities capable of holding a legal or beneficial interest in property, and Plaintiffs relied upon such a definition when pleading that the PLO and PA were persons in the Amended Complaint. Accordingly, this Court finds that the PLO and PA are persons under the PSJVTA and, therefore, entitled to due process protection. *See Waldman*, 835 F.3d at 330 ("Indeed, this Court has already applied Fourteenth Amendment principles to Fifth Amendment civil terrorism cases."); *see also* U.S. Amicus Br., *Sokolow v. Palestine Liberation Organization*, 138 S.Ct. 1438 (2018), 2018 WL 1251857 at *8 ("This Court has not recognized any other class of entities - whether natural or artificial - as outside the category of 'persons' for purposes of due process. It has treated as 'persons' domestic and foreign entities of various types, such as corporations.").

### 2. *Mallory and Consent to the PSJVTA*

The next issue before this Court is to determine whether the PSJVTA's consent provision comports with due process. The United States intervened in this case to defend the constitutionality of the consent provision of the PSJVTA, arguing that the U.S. Supreme Court affirmed in *Mallory v. Norfolk S. Ry. Co.*, 143 S. Ct. 2028 (2023) that deemed consent was consistent with due process (D. 107). The holding in *Mallory*, however, is not as broad-sweeping as Plaintiffs and the United States purport it to be. The *Mallory* Court did not break new ground

10

in its holding but rather reaffirmed that *Pennsylvania Fire Ins. Co. of Philadelphia v. Gold Issue Min. & Mill. Co.*, 243 U.S. 93 (1917) controlled the analysis. Accordingly, the U.S. Supreme Court held that Pennsylvania's consent statute, which required out-of-state corporations to consent to personal jurisdiction in Pennsylvania courts as a condition of registering to do business within the state, did not violate the Fourteenth Amendment's Due Process Clause. *Mallory*, 143 S. Ct. at 2037-38.

The PSJVTA is substantially different from the Pennsylvania statute. *Compare* 18 U.S.C. § 2334 with 42 Pa. Stat. and Cons. Stat. § 5301(a)(2)(i), (b). In both *Pennsylvania Fire* and *Mallory*, the out-of-state corporation had registered with the respective department of state in order to conduct business and maintained an office within that jurisdiction. That is not the case here. Rather, the trigger for establishing personal jurisdiction over the PLO and PA is if one of the entities (1) makes an international payment, directly or indirectly, to an individual convicted of terrorism that injured or killed a national of the United States or to *any family member* of the convicted person; (2) maintains a premise within the United States; or (3) conducts *any activity* while physically present in the United States on behalf of the PLO or PA, regardless of whether that activity is UN-related. 18 U.S.C. § 2334(e)(1)(A)-(B) (emphasis added).[6] With the PSJVTA, "Congress simply took conduct in which the PLO and PA had previously engaged—conduct that the Second and D.C. Circuits had held was insufficient to support personal jurisdiction . . . and declared that such conduct 'shall be deemed' to be consent." *Fuld*, 578 F. Supp. 3d at 587. As the U.S. Supreme Court noted in 1945:

---

[6] Because the Court finds that the PSJVTA violates the Due Process Clause, it will refrain from delving into an analysis regarding whether it is also vague and ambiguous or facially unconstitutional.

> Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. That clause does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations.

*Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 319 (1945).

As previously discussed, and as Plaintiffs have alleged, Defendants are persons and not out-of-state corporations that have registered to do business within Colorado. Defendants' work at the UN and in Washington, D.C., or payments made in Palestine also do not trigger jurisdiction in the U.S. District Court for the District of Colorado. *See Sokolow*, 607 F. Supp. 3d at 326 ("Even accepting Plaintiffs' argument that Defendants' United States activities fall within the ambit of the PSJVTA's U.S. activities prong . . . these types of conduct do not infer any intention on the part of Defendants to legally submit to suit in the United States."); *Fuld*, 578 F. Supp. at 587 ("Put simply, for waiver of personal jurisdiction through consent to satisfy the requirements of due process, it must be willful, thoughtful, and fair. Extorted actual consent and equally unwilling implied consent are not the stuff of due process." (internal quotations and citation omitted)). Plaintiffs' allegations neither support the conclusion that Defendants have consented to the jurisdiction of every federal court in the United States nor can be extrapolated to establish jurisdiction in the U.S. District Court for the District of Colorado. Ultimately, this Court finds that the holding in *Mallory* is not applicable to the PSJVTA, the consent provision of the PSJVTA does not comport with due process, and Defendants have not consented to jurisdiction in this Court.

### 3.  General and Specific Personal Jurisdiction

Under the Due Process Clauses of the Fifth and Fourteenth Amendments, which are analyzed similarly in civil cases, the Court examines two parts to the due process test for personal jurisdiction as established by *International Shoe* and its progeny: (1) "the minimum contacts inquiry" (i.e., "whether a defendant has sufficient minimum contacts with the forum to justify the court's exercise of personal jurisdiction over the defendant"); and (2) "the reasonableness inquiry" (i.e., "whether the assertion of personal jurisdiction over the defendant comports with traditional notions of fair play and substantial justice under the circumstances of the particular case"). *Waldman*, 835 F.3d at 331 (internal quotations and citations omitted).  A court can exercise personal jurisdiction in two ways: general jurisdiction and specific jurisdiction. *See Int'l Shoe Co.*, 326 U.S. at 316.

Plaintiffs do not allege that there is general personal jurisdiction over the PLO and PA but do allege that the Court has general personal jurisdiction over Riyad Mansour, who is the named representative for the PLO and PA, as he is a domiciliary of the United States and service was effected at Mansour's home address in Florida (D. 69 at 27).  Plaintiffs fail to identify activities sufficient to establish general personal jurisdiction, which "requires that the defendant have continuous and systematic contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts." *Medinfo, Inc. v. MedTool LLC*, No. 15-CV-00260-MEH, 2015 WL 3542712, at *2 (D. Colo. June 5, 2015) (internal quotations and citation omitted).

Plaintiffs also argue that the Court has specific personal jurisdiction over the PLO and PA (D. 69 at 19-27).  "Specific jurisdiction, on the other hand, depends on an affiliatio[n] between the

forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotations omitted). "Because a state's sovereignty is territorial in nature, a defendant's contacts with the forum state must be sufficient such that, notwithstanding its lack of physical presence in the state, the state's exercise of sovereignty over it can be described as fair and just." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). "But the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Here, the only tie this case has to the U.S. District Court for the District of Colorado is the fact that Plaintiff Shelley Levine is domiciled and resides in Boulder, Colorado (D. 50 at 5). The actions by Defendants (especially actions taken in Israel) are not sufficiently connected to the United States or even the state of Colorado. Thus, there is no basis to conclude that Defendants may haled into a federal court in the United States, let alone this Court. "The overwhelming evidence shows that the defendants are 'at home' in [the Palestinian Territories]."[7] *Waldman*, 835 F.3d at 332. Accordingly, the Court finds that Plaintiffs have failed to establish that this Court has either specific or general personal jurisdiction over any of the Defendants due to lack of activity in the forum.

---

[7] See *Palestinian Territories*, U.S. Dep't of State, https://www.state.gov/countries-areas/palestinian-territories/ (last visited Aug. 22, 2023).

### 4. Federal Rule of Civil Procedure 23.2

Finally, Plaintiffs argue that Rule 23.2 permits class actions against unincorporated associations.[8]  Rule 23.2 states:

> This rule applies to an action brought by or against the members of an unincorporated association as a class by naming certain members as representative parties. *The action may be maintained only if it appears that those parties will fairly and adequately protect the interests of the association and its members.* In conducting the action, the court may issue any appropriate orders corresponding with those in Rule 23(d), and the procedure for settlement, voluntary dismissal, or compromise must correspond with the procedure in Rule 23(e).

Fed. R. Civ. P. 23.2 (emphasis added).  This rule does not create personal jurisdiction over Defendants when there is a lack of consent, general personal jurisdiction, or specific personal jurisdiction.  Furthermore, Plaintiffs are not suing Defendants as a class action under Rule 23. Accordingly, this argument is unavailing, and the Court will not spend further time analyzing it.

### B. Remaining Claims

The Court has disposed of all of Plaintiffs' federal law claims.  All the remaining claims are brought under Israeli law, which Plaintiffs argue implicates this Court's supplemental subject-matter jurisdiction under 28 U.S.C. § 1367.  Under 28 U.S.C. § 1367(c)(3), when all the federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining claims not brought under federal law.  *See Smith v. City of Enid*, 149 F.3d 1151,

---

[8] The Tenth Circuit has previously held that unincorporated associations may not be sued under certain federal laws. *See Colorado Montana Wyoming State Area Conf. of NAACP v. United States Election Integrity Plan*, No. 1:22-CV-00581-CNS, 2023 WL 1338676, at *6 (D. Colo. Jan. 31, 2023) (holding that an unincorporated association could not be sued under  42 U.S.C. § 1985(3)) (collecting cases); *see also Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 868 F.3d 1199, 1206 n.5 (10th Cir. 2017); *Lippoldt v. Cole*, 468 F.3d 1204, 1211 (10th Cir. 2006) (holding that an unincorporated association was not a person under 42 U.S.C. § 1983).  However, because this Court has agreed with the Second Circuit that, the PA is a non-sovereign government and the PLO is a foreign agent, which makes them persons under the Due Process Clause, the Court does not need to reach the issue of whether Defendants are unincorporated associations and whether they can even be sued in the Tenth Circuit.  *See Waldman*, 835 F.3d at 332.

1156 (10th Cir. 1998).  Accordingly, the Court dismisses the remaining claims without prejudice for lack of subject-matter jurisdiction.

### IV.  CONCLUSION

Accordingly, Defendants' motion to dismiss is GRANTED (D. 58).  It is FURTHER ORDERED that the Clerk of the Court shall close this case.

DATED August 23, 2023.

BY THE COURT:

_____

Gordon P. Gallagher
United States District Judge