FILED
United States Court of Appeals
Tenth Circuit

November 8, 2023

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

| | |
|---|---|
| CHAYA WERFEL, et al.,<br><br>  Plaintiffs - Appellants,<br><br>v.<br><br>THE PALESTINE LIBERATION ORGANIZATION, et al.,<br><br>  Defendants - Appellees.<br><br>------------------------------<br><br>UNITED STATES OF AMERICA,<br><br>  Intervenor. | No. 23-1286<br>(D.C. No. 1:21-CV-03043-GPG-STV)<br>(D. Colo.) |

_____

| | |
|---|---|
| CHAYA WERFEL, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>THE PALESTINE LIBERATION ORGANIZATION, et al.,<br><br>  Defendants - Appellees.<br><br>------------------------------<br><br>UNITED STATES OF AMERICA,<br><br>  Intervenor - Appellant. | No. 23-1335<br>(D.C. No. 1:21-CV-03043-GPG-STV)<br>(D. Colo.) |

_____

**ORDER**

_____

These matters are before the court on the parties' *Joint Motion to Consolidate and to Enter Revised Briefing Schedule*. In Appeal No. 23-1286, the plaintiffs in the underlying district court action appeal the district court's order and judgment [ECF Nos. 111, 112] in which it held that the consent provision of the Promoting Security and Justice for Victims of Terrorism Act of 2019 is unconstitutional, dismissed plaintiffs' federal claims for lack of personal jurisdiction, and declined to exercise jurisdiction over plaintiffs' Israeli law claims. In Appeal No. 23-1335, Intervenor United States appeals the same order and judgment.

Upon consideration, the court grants the motion, in part, as modified below, and procedurally consolidates Appeal Nos. 23-1286 and 23-1335 for the procedural purposes of an appendix, submission to the court, and argument, if scheduled. The court partially consolidates the appeals for purposes of briefing.

Briefing will proceed in accordance with Fed. R. App. P. 31(a) and 10th Cir. R. 31.1(A)(1) as follows:

1. On or before January 17, 2024, appellants must file their respective opening briefs. Each opening brief shall comply with the type/volume limitations set forth in Fed. R. App. P. 32(a)(7).

2. The parties in both appeals shall confer regarding the preparation and filing of a consolidated joint appendix that contains all portions of the district court's records necessary for this court's disposition of both appeals.

      Appellants in 23-1286 shall file and serve the consolidated joint appendix at the same time they file their opening brief. *See* 10th Cir. R. 30.1.

3. Within 60 days after the court accepts the opening briefs and the appendix for filing, appellees shall file a single response brief that complies with the type/volume limitations for a single response brief. *See* Fed. R. App. P. 32(a)(7).

4. Within 42 days after the court accepts appellees' response brief for filing, appellants in each appeal shall file their respective reply briefs, limited to the type/volume requirements for a single reply. *Id.*

5. The court denies without prejudice to renewal any implicit request within the motion for a larger extension of time to file the principal briefs and likewise denies without prejudice to renewal appellees' request to exceed the word count for their consolidated response brief. Both extensions of time and of word limits are disfavored. *See* 10th Cir. R. 27.6(A) ("Extensions of time to file briefs are disfavored."); 10th Cir. R. 28.3(A) ("Motions to exceed word counts are disfavored."). If any party wishes to further extend the deadline for their brief, they must file a motion that complies with the requirements set forth in Tenth Circuit Rule 27.6. If any party wishes to exceed the applicable word count, they must file a motion that complies with the requirements set forth in Tenth Circuit Rule 28.3(A), including making a showing of "extraordinary and compelling circumstances."

6. Going forward all documents filed in these procedurally consolidated appeals—including all briefs and the joint appendix—shall be captioned for and filed in both appeals, unless good cause exists to file a document in only one of the appeals.

7. Upon completion of briefing, both cases will be submitted to the same panel of judges for decision and—to the extent the court directs the parties to present oral argument in both cases—both cases will be set for oral argument on the same day and before the same panel.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk