23-1286 and 23-1335

IN THE

# United States Court of Appeals

FOR THE TENTH CIRCUIT

◆◆

**CHAYA WERFEL, as personal representative of the Estate of Joseph Werfel, et al.**,

*Plaintiffs – Appellants*

— v. —

**PALESTINE LIBERATION ORGANIZATON, et al.,**

*Defendants – Appellees*

_____

**UNITED STATES OF AMERICA,**

*Intervenor-Appellant*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Case No: 1:21-cv-03043; The Honorable Gordon P. Gallagher

**APPELLEES' UNOPPOSED MOTION TO FILE OVERSIZED BRIEF AND FOR 12-DAY EXTENSION OF TIME TO FILE PRINCIPAL BRIEF**

| | |
|---|---|
| Joseph S. Alonzo<br>SQUIRE PATTON BOGGS (US) LLP<br>1211 Avenue of the Americas<br>26th Floor<br>New York, N.Y. 10036<br>Telephone: (212) 872-9831<br>joseph.alonzo@squirepb.com | Gassan A. Baloul<br>Mitchell R. Berger<br>Amy Brown Doolittle<br>SQUIRE PATTON BOGGS (US) LLP<br>2550 M Street, N.W.<br>Washington, D.C. 20037<br>Telephone: (202) 457-6000<br>gassan.baloul@squirepb.com<br>mitchell.berger@squirepb.com<br>amy.doolittle@squirepb.com<br><br>*Counsel for Defendants-Appellees* |

Defendants-Appellees the Palestinian Authority, the Palestine Liberation Organization, and Riyad Mansour, in accordance with Federal Rules of Appellate Procedure 26 and 27 and Tenth Circuit Rules 27.5, 27.6, and 28.3, respectfully request an enlargement of the word limit for their principal brief to 15,000 words and a 12-day extension of time, through and including April 10, 2024, to file their principal brief.  In support thereof, Defendants state, as follows:

1.     On November 8, 2023, the Court ordered these appeals procedurally consolidated for the purposes of submissions to the Court, argument (if scheduled), and partially consolidated for purposes of briefing.

2.     Extraordinary and compelling circumstances exist for the requested enlargement because Defendants are responding in consolidated fashion to briefs filed by Plaintiffs-Appellants and Intervenor-Appellant the United States ("the Government"), which total 16,988 words.  An enlargement of the word limit is necessary to allow Defendants to adequately address the various arguments raised by Plaintiffs and the Government.

3.     This is the first appeal in this Circuit addressing the constitutionality of the Promoting Security and Justice for Victims of Terrorism Act, Pub. L. No. 116-94, div. J, tit. IX, § 903 (codified at 18 U.S.C. § 2334(e)) ("PSJVTA")—a complex federal statute with important ramifications for both consent-based jurisdiction under the Due Process Clause and for personal jurisdiction over

foreign defendants more generally. Plaintiffs and the Government have each filed separate briefs addressing their unique views on the constitutionality of the PSJVTA.[1]

4.  Defendants also respectfully request a 12-day extension of time, through and including April 10, 2024, to file their principal brief. This is Defendants' first request for an extension. On January 16, 2024, the Court granted Plaintiffs' unopposed motion for a 12-day extension of time (through and including January 29, 2024) to file their principal brief, and granted the Government a commensurate extension to file its principal brief.

5.  Good cause exists for the requested extension. Defendants must respond in consolidated fashion to 16,988 words of briefing filed simultaneously by Plaintiffs and the Government. Those briefs focus on different aspects of the arguments for the constitutionality of the statute. Moreover, the complexity of the issues requires substantial time to prepare sufficient briefing and argument to the

---

[1] The Second Circuit granted Defendants leave to file a consolidated brief of up to 19,000 words in *Fuld v. PLO*, Nos. 22-76(L), 22-296 (Con), where (as here) the plaintiffs' and the Government's consolidated appeals addressed the constitutionality of the PSJVTA. *See* Order (9/28/22), Case No. 22-76 (2d Cir.). The Circuit's ultimate decision was 66 pages long. *See id.*, Opinion (9/8/23). The Second Circuit also granted Defendants leave to file a consolidated brief of up to 21,000 words in a related appeal, *Waldman v. PLO*, Nos. 15-3135(L), 15-3151 (XAP), 22-1060. *See* Order (12/19/22), Case No. 15-3135 (2d Cir.).

Court. In addition, the requested extension is also equitable and commensurate with the 12-day extension granted to Plaintiffs and the Government.

6. Defendants' counsel conferred with counsel for Plaintiffs and the Government, and neither opposes the relief requested.

## Conclusion

This Court should grant Defendants-Appellees' motion to file an oversized brief not to exceed 15,000 words. In addition, this Court should grant Defendants-Appellees a 12-day extension of time, through and including April 10, 2024, to file their principal brief.

Date: February 27, 2024

/s/ Gassan A. Baloul
Gassan A. Baloul
Mitchell R. Berger
Amy Brown Doolittle
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
gassan.baloul@squirepb.com
mitchell.berger@squirepb.com
amy.doolittle@squirepb.com

Joseph S. Alonzo
SQUIRE PATTON BOGGS (US) LLP
1211 Avenue of the Americas
26th Floor
New York, NY 10036
Telephone: (212) 872-9831
joseph.alonzo@squirepb.com

*Counsel for Defendants-Appellees*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 27, the undersigned counsel certifies that this document complies as follows:

1. This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 443 words, excluding the parts exempted by Rule 32(f).

2. This document complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 14-Point font.

*/s/ Gassan A. Baloul*
  Gassan A. Baloul
*Counsel for Defendants-Appellees*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 27, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date:  February 27, 2024

*/s/ Gassan A. Baloul*
Gassan A. Baloul