UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| CHAYA WERFEL, as personal representative of the Estate of Joseph Werfel, et al.,<br><br>Appellants<br><br>v.<br><br>PALESTINE LIBERATION ORGANIZATION, et al.,<br><br>Appellees. | Case Nos. 23-1286, 23-1335 |

**Defendants' Motion for Leave to File a Supplemental Brief**

Pursuant to Fed. R. App. P. 27, Defendants-Appellees the Palestinian Authority, the Palestine Liberation Organization, and Ambassador Mansour[1] (collectively, "Defendants") hereby move this Court to accept for filing the attached supplemental brief, which responds to new arguments and authority raised for the first time in Appellants' reply briefs. The attached supplemental brief is less than 2,600 words.

1.  On May 10, 2024—one month after Defendants filed their brief in this case—the Second Circuit denied petitions for rehearing *en banc* filed by the plaintiffs and the Government in *Fuld v. PLO*, No. 22-76 (L) (2d Cir. 2024) and

---

[1] As explained in their principal brief, Plaintiffs named Palestine's Ambassador to the United Nations, Riyad Mansour, as the "representative" of the PA and PLO for purposes of Fed. R. Civ. P. 23.2.

1

*Waldman v. PLO*, No. 15-3135 (L) (2d Cir. 2024), two parallel cases addressing the constitutionality of the PSJVTA. The order denying rehearing was accompanied by a concurrence, a statement in support, and a dissent. *See* Rule 28(j) Letter, Dkt No. 11092859 (May 24, 2024).

2. Plaintiffs' reply brief argues that this Court should treat the <u>dissent</u> to the denial of rehearing *en banc* in *Fuld* and *Waldman* as actually representing "the clear <u>majority</u>" position of the Second Circuit. Pls. Reply at 3-4 (emphasis in original). Plaintiffs rely on the dissent to make several new arguments regarding the PSJVTA, including a new claim that there is a "nexus" requirement under the Due Process Clause and that there is an "enhanced nexus" between the Defendants and the United States in this case. *See id*. at 3, 9-10, 15-16. Plaintiffs also rely on the dissent to argue for the first time that Defendants are not barred from conducting activities in the United States. *Id.* at 7-8, 11-12.

3. The Government similarly places heavy reliance on the dissent to the denial of rehearing *en banc* in its reply brief. *See* Gov't Reply 6, 8, 9, 11-12, 13. Collectively, Plaintiffs and the Government cite the dissent nearly a dozen times in their reply briefs.

4. Because Defendants have not yet had a chance to address Appellants' new arguments or the Second Circuit's order denying rehearing *en banc*, Defendants ask this Court to accept the attached supplemental brief.

5. This Court has previously held that supplemental and surreply briefs are justified where an appellant raises new issues in its reply brief. *See, e.g., Directv v. Crespin*, 224 F. App'x 741, 749 (10th Cir. 2007) (granting motion to file surreply where other party's "arguments are so different from one brief to the next"); *Wolf v. Chesapeake Operating, Inc.*, 1995 WL 723634, at *1 & n.2 (10th Cir. Dec. 7, 1995) (granting motion for leave to file surreply where appellant raised new issues in reply brief).

6. The "general rule" in this Circuit is that "a party waives issues and arguments raised for the first time in a reply brief." *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009). However, this Court has also recently warned that failure to "seek leave to file a surreply in response" to a new argument "may cut against waiver." *United States v. Leffler*, 942 F.3d 1192, 1199 (10th Cir. 2019) (cautioning that "seeking leave to file a surreply might be a prudent practice for appellees to follow when an appellant raises [a new argument] for the first time in a reply brief").

7. In this case, both Plaintiffs and the Government have relied heavily in their reply briefs on the new dissent from the denial of rehearing *en banc* in *Fuld* and *Waldman*. Defendants should be given an opportunity to respond to Appellants' new arguments based on the new dissent.

3

8. Defendants have limited their proposed supplemental brief to a reasonable 2,565 words, which is less than a *fourth* of the combined size of Appellants' reply briefs.

9. Pursuant to Local Rule 27.1, Defendants have informed Plaintiffs and the Government of their intent to file this motion. The Government has informed Defendants that it does not take a position on this motion. Plaintiffs oppose the relief requested and will file a response.

## **Conclusion**

For the reasons set forth above, Defendants respectfully request that the Court grant their motion to accept the attached supplemental brief in this appeal.

Date: June 14, 2024                    /s/ Gassan A. Baloul
                                       Gassan A. Baloul
                                       Mitchell R. Berger
                                       Amy Brown Doolittle
                                       SQUIRE PATTON BOGGS (US) LLP
                                       2550 M Street, N.W.
                                       Washington, D.C. 20037
                                       Telephone: (202) 457-6000
                                       gassan.baloul@squirepb.com
                                       mitchell.berger@squirepb.com
                                       amy.doolittle@squirepb.com

                                       Joseph S. Alonzo
                                       SQUIRE PATTON BOGGS (US) LLP
                                       1211 Avenue of the Americas
                                       26th Floor
                                       New York, N.Y. 10036
                                       Telephone: (212) 872-9831
                                       joseph.alonzo@squirepb.com

**Certificate of Compliance With Type-Volume Limit,
Typeface Requirements, and Type Style Requirements**

1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because:

[x ] this document contains 711 words, or

[ ] this brief uses a monospaced typeface and contains <state the number of> lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[ x] this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14 pt Times New Roman font, or

[ ] this document has been prepared in a monospaced typeface using <state name and version of word processing program> with <state number of characters per inch and name of type style>.

Date:  June 14, 2024

                                        /s/ Gassan A. Baloul
                                        Gassan A. Baloul

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 14, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: June 14, 2024

/s/ Gassan A. Baloul
Gassan A. Baloul

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing:

(1) all required privacy redactions have been made per 10th Cir. R. 25.5;

(2) if required to file additional hard copies, that the ECF submission is an exact copy of those documents;

(3) the digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, Carbon Black Cloud, version 4.0.0.1292, which is updated daily as a matter of course, and according to the program is free of viruses.

*/s/ Gassan A. Baloul*
Gassan A. Baloul
