Nos. 23-1286, 23-1335

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

CHAYA WERFEL, et al.,
Plaintiffs/Appellants
v.
THE PALESTINE LIBERATION ORGANIZATION, et al.,
Defendants/Appellees
---------------------
UNITED STATES OF AMERICA,
Intervenor.

CHAYA WERFEL, et al.,
Plaintiffs,
v.
THE PALESTINE LIBERATION ORGANIZATION, et al.,
Defendants/Appellees
---------------------
UNITED STATES OF AMERICA,
Intervenor/Appellant.

On Appeal from the United States District Court
for the District of Colorado
The Honorable Gordon P. Gallagher
D.C No. 21-cv-03043-GPG-STV

**APPELLANTS' COMBINED OPPOSITION TO APPELLEES' MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF, AND ALTERNATIVE CROSS-MOTION FOR LEAVE TO FILE REPLY TO APPELLEES' SUPPLEMENTAL BRIEF**

Daniel K. Calisher
Michael A. Rollin
Chip G. Schoneberger
FOSTER GRAHAM MILSTEIN
& CALISHER LLP
360 S. Garfield Street, 6th Floor
Denver, CO 80209
Telephone: (303) 333-9810
Emails: calisher@fostergraham.com

mrollin@fostergraham.com
cschoneberger@fostergraham.com
Asher Perlin
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
Telephone: (786) 687-0404
Email: asher@asherperlin.com

## Introduction

On June 14, 2024, Defendants-Appellees ("Defendants") filed a Motion for Leave to File a Supplemental Brief. The proposed Supplemental Brief was attached to Defendants' Motion. As putative grounds for their Motion, Defendants argue they should be permitted to respond to the four-judge dissenting opinion in *Fuld v. Palestine Liberation Org.*, 101 F.4th 190 (2d Cir. 2024), which the Plaintiffs-Appellants ("Plaintiffs") and the Government cite in their reply briefs.

But as shown below, Defendants utilize most of their proposed Supplemental Brief to raise entirely new arguments unrelated to *Fuld*. And the little Defendants do say about *Fuld* should have been included in the Rule 28(j) letter Defendants filed on May 24, 2024, <u>before</u> Plaintiffs and the Government filed their reply briefs.

Accordingly, Defendants' Motion should be denied; alternatively, Plaintiffs should be permitted to file the attached Brief in Reply to the Supplemental Brief. The Brief in Reply is 2,069 words, less than Defendants' Supplemental Brief.

## Argument

1.  On May 24, 2024, Defendants filed a Notice of Supplemental Authority under Rule 28(j), informing the Court of the decision in *Fuld*. Defendants knew Plaintiffs and the Government would be filing their reply briefs on June 3, 2024, and that those replies would cite the *Fuld* dissent, which supports Plaintiffs' position. But Defendants' Rule 28(j) Notice failed to even mention the *Fuld* dissent, despite

the fact that the Notice used less than half of the words permitted by Rule 28(j).

2.  Thus, Defendants forfeited their opportunity to present their arguments in response to the *Fuld* dissent <u>in advance</u> of the reply briefs filed by Plaintiffs and the Government, and now seek to leverage their own failure to unfairly get the last word regarding the *Fuld* dissent. Therefore, either Defendants' Motion should be denied, or Plaintiffs should be permitted to file the attached Brief in Reply to address Defendants' tardy arguments regarding the *Fuld* dissent.

3.  Defendants also seek to exploit their Supplemental Brief to improperly raise several entirely new arguments unrelated to *Fuld* which they failed to assert in the district court and/or in their Brief of Appellees.

4.  Thus, as detailed in Plaintiffs' proposed Brief in Reply, Defendants now seek to argue for the first time in their Supplemental Brief that: (a) the PA is the "successor" of the PLO within the meaning of 22 U.S.C. §§ 5201(b), 5202; (b) Plaintiffs' jurisdictional allegations are impermissibly conclusory; (c) the only U.S. activities by Defendants alleged by Plaintiffs are those of the PLO's UN Mission; (d) the PA has some official status at the UN; and (e) because the PA lacks capacity to conduct foreign relations, it perforce cannot have conducted any U.S. activities. Plaintiffs' attached Brief in Reply responds to all these new arguments.

5.  Defendants should not be permitted to raise untimely new arguments in the guise of responding to the *Fuld* dissent. For this reason, too, Defendants' Motion

should be denied, or Plaintiffs given leave to file their Brief in Reply.

6. Furthermore, Defendants improperly use their Supplemental Brief to try to persuade this Court that the argument in Plaintiffs' Reply that Defendants are not barred from operating in the U.S. was raised untimely. But as shown in the attached Brief in Reply, Plaintiffs had no burden to address this issue in their opening brief, and simply responded to Defendants invocation of this putative defense in their Brief of Appellees. If Defendants believed Plaintiffs' Reply impermissibly raised an argument for the first time, their remedy was to move for leave to file a surreply – not to slip this argument into a Supplemental Brief ostensibly aimed at addressing the *Fuld* dissent.

## Conclusion

Defendants' Motion should be denied; or, alternatively, Plaintiffs should be permitted to file the attached Brief in Reply.

By: *s/ Chip G. Schoneberger*
Chip G. Schoneberger
Daniel K. Calisher
Michael A. Rollin
FOSTER GRAHAM MILSTEIN &
CALISHER, LLP
360 South Garfield Street, 6th Floor
Denver, CO 80209
Telephone:  (303) 333-9810
cschoneberger@fostergraham.com
calisher@fostergraham.com
mrollin@fostergraham.com
*Counsel for Plaintiffs-Appellants*

By: *s/ Asher Perlin*
Asher Perlin, Esq.
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
Telephone: (786) 687-0404
asher@asherperlin.com
*Counsel for Plaintiffs-Appellants*

3

4879-3101-2042, v. 1

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

**Certificate of Compliance With Type-Volume Limit,
Typeface Requirements, and Type Style Requirements**

    1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 618 words.

    2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 MSO version 2304 in 14 pt. Times New Roman, or

Date: June 24, 2024

    *s/ Chip G. Schoneberger*
Chip G. Schoneberger
360 S. Garfield Street, 6th Floor
Denver, Colorado 80209
303-333-9810
cschoneberger@fostergraham.com

*Attorney for Appellants Chaya Werfel, et al.*

4

4879-3101-2042, v. 1

# CERTIFICATE OF SERVICE

    I, Chip G. Schoneberger, attorney for appellants, hereby certify that on June 24, 2024, I served a copy of the foregoing **APPELLANTS' COMBINED OPPOSITION TO APPELLEES' MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF, AND ALTERNATIVE CROSS-MOTION FOR LEAVE TO FILE REPLY TO APPELLEES' SUPPLEMENTAL BRIEF**, to counsel for appellees and counsel for Intervenor United States of America, via the court's electronic-filing CM/ECF system.

Date: June 24, 2024

                                          *s/ Chip G. Schoneberger*
                                          Chip G. Schoneberger
                                          360 S. Garfield Street, 6th Floor
                                          Denver, Colorado 80209
                                          303-333-9810
                                          cschoneberger@fostergraham.com

                                          *Attorney for Appellants Chaya Werfel, et al.*